1   PAUL B. SALVATY (State Bar No. 171507)
    PSalvaty@winston.com
2   WINSTON & STRAWN LLP
    333 S. Grand Ave., 38th Fl.
3   Los Angeles, CA 90071-1543
    Telephone:  (213) 615-1700
4   Facsimile:  (213) 615-1750

5   ABBE DAVID LOWELL (*pro hac vice* forthcoming)
    AbbeLowellPublicOutreach@winston.com
6   WINSTON & STRAWN LLP
    1901 L St., N.W.
7   Washington, DC 20036-3508
    Telephone:  (202) 282-5000
8   Facsimile:  (202) 282-5100

9   BRYAN M. SULLIVAN (State Bar No. 209743)
    bsullivan@earlysullivan.com
10  ZACHARY C. HANSEN (State Bar No. 325128)
    zhansen@earlysullivan.com
11  EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
    6420 Wilshire Boulevard, 17th Fl.
12  Los Angeles, California 90048
    Telephone: (323) 301-4660
13  Facsimile: (323) 301-4676

14  Attorneys for Plaintiff
    ROBERT HUNTER BIDEN

15

16                    **UNITED STATES DISTRICT COURT**

17                    **CENTRAL DISTRICT OF CALIFORNIA**

18  ROBERT HUNTER BIDEN, an            **Case No.**   2:23-cv-07593
    individual,
19                                     **COMPLAINT FOR DAMAGES,**
                                       **INJUNCTIVE AND EQUITABLE**
20          Plaintiff,                 **RELIEF:**

21          vs.                        1. **VIOLATION OF THE**
                                          **COMPUTER FRAUD AND**
22  GARRETT ZIEGLER, an individual,       **ABUSE ACT (18 U.S.C. § 1030)**
    ICU, LLC, a Wyoming Limited Liability
23  Company d/b/a Marco Polo, and DOES  2. **VIOLATION OF THE**
    1 through 10, inclusive;               **CALIFORNIA COMPUTER**
24                                         **DATA ACCESS AND FRAUD**
                                           **ACT (CAL. PENAL CODE**
25          Defendants.                    **§ 502)**

26                                     3. **BUS. & PROF. CODE**
                                          **SECTIONS 17200 *et seq.***
27
                                       **DEMAND FOR JURY TRIAL**
28

COMPLAINT AND DEMAND FOR JURY TRIAL

1   Plaintiff Robert Hunter Biden ("Plaintiff"), for his claims against Defendant
2   Garrett Ziegler ("Ziegler") and Defendant ICU LLC ("ICU") (collectively,
3   "Defendants") alleges upon knowledge with respect to his own acts and upon
4   information and belief as to all other matters, as follows:

5                              **INTRODUCTION**

6         1.    Garrett Ziegler is a zealot who has waged a sustained, unhinged and
7   obsessed campaign against Plaintiff and the entire Biden family for more than two
8   years.  While Defendant Ziegler is entitled to his extremist and counterfactual opinions,
9   he has no right to engage in illegal activities to advance his right-wing agenda.  Yet that
10  is precisely what Defendant Ziegler and his so-called "nonprofit research group,"
11  Defendant ICU, d/b/a/ Marco Polo, have done and have asserted they will continue to
12  do in the future.

13        2.    Since approximately December 2020, Defendant Ziegler, Defendant ICU
14  and their "team" of volunteers and independent contractors have spent countless hours
15  accessing, tampering with, manipulating, altering, copying and damaging computer
16  data that they do not own and that they claim to have obtained from hacking into
17  Plaintiff's iPhone data and from scouring a copy of the hard drive of what they claim
18  to be Plaintiff's "laptop" computer.

19        3.    Defendants' actions are unlawful under the Computer Fraud and Abuse
20  Act (18 U.S.C. § 1030), California's Computer Data Access and Fraud Act (Cal. Penal
21  Code § 502) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§
22  17200 *et seq.*).

23        4.    Plaintiff has demanded Defendants cease their unlawful activities with
24  respect to Plaintiff's data and return any data in their possession belonging to Plaintiff,
25  but they have flatly and publicly refused to do so.  Rather than comply, Defendants
26  have doubled down on their illegal actions and have vowed to continue violating the
27  law with impunity, thereby necessitating this action.

28

1

COMPLAINT AND DEMAND FOR JURY TRIAL

1

**JURISDICTION AND VENUE**

2      5.      This Court has jurisdiction over the subject matter of this action pursuant

3   to 28 U.S.C. §§ 1331 and 1332. This Court also has supplemental jurisdiction over

4   Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5      6.      The dispute arises as a federal question because it involves the violation

6   of a federal statute, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

7      7.      The parties are of diverse citizenship.  Plaintiff is a citizen of the State of

8   California and resides in Los Angeles, California.  Defendant Ziegler is a citizen of and

9   is residing in the State of Illinois.  Defendant ICU is a corporation organized under the

10  laws of the State of Wyoming.  Plaintiff is informed and believes and thereon alleges

11  that the members of Defendant ICU are not citizens of California.

12     8.      The amount in controversy exceeds $75,000, exclusive of interest and

13  costs.  Damages that Plaintiff has suffered and will continue to suffer as a result of the

14  violations of the federal statute referenced above and the other claims asserted herein

15  exceed $75,000.

16     9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)

17  and (b)(3), as it is where a substantial part of the events giving rise to the claim alleged

18  in this complaint occurred and because Defendants are subject to the court's personal

19  jurisdiction with respect to this action.

20

**PARTIES**

21     10.     Plaintiff is a citizen of the State of California and resides in Los Angeles,

22  California.

23     11.     Plaintiff is informed and believes that Defendant Ziegler is a citizen of and

24  is residing in Illinois.  Further, Plaintiff is informed and believes that Defendant Ziegler

25  intentionally directed illegal conduct to occur in California and has therefore subjected

26  himself to jurisdiction in California.

27     12.     Plaintiff is informed and believes that Defendant ICU is an LLC whose

28  members include Defendant Ziegler, with its principal place of business located at 30

COMPLAINT AND DEMAND FOR JURY TRIAL

1    N. Gould Street, Ste 12323, Sheridan, WY 82801.  Plaintiff is further informed and

2    believes that Defendant Ziegler serves as an officer, manager or director of Defendant

3    ICU and is primarily responsible for the management of Defendant ICU.  Plaintiff is

4    further informed and believes that Defendant ICU engages in regular activities in

5    California and the County of Los Angeles, including, among other actions, operating a

6    website which includes specific disclosures incorporating California consumer

7    protection and privacy laws and purporting to exercise rights under those laws,

8    demonstrating that Defendants directed their actions to California and purposely

9    availed themselves of California law.

10       13.    Defendants sued herein as Does 1 through 10, inclusive, are sued in their

11   fictitious names and capacities as their identities have not yet been determined.

12   Plaintiff is informed and believes and thereon alleges that each of such Defendants is

13   responsible in some way for the acts alleged herein.  Plaintiff will seek leave to amend

14   this complaint to allege such Defendants' true names and capacities when they have

15   been ascertained.

16       14.    Upon information and belief, at all times herein mentioned, each

17   Defendant acted individually and/or as the agent, co-conspirator, aider, abettor, joint

18   venturer, alter ego, third-party beneficiary, employee, officer, director or representative

19   of the other Defendants and, in doing the things hereinafter averred, acted within the

20   course and scope of such agency, employment or conspiracy and with the consent,

21   permission and authorization of each of the remaining Defendants.  Upon information

22   and belief, all actions of each Defendant as averred in the claims for relief stated herein

23   were ratified and approved by every other Defendant or their officers, directors or

24   managing agents.

25                         **FACTUAL ALLEGATIONS**

26       15.    Defendant Ziegler is a former Trump White House aide who worked, from

27   February 2019 until January 2021, as a Policy Analyst and, later, as an Associate

28   Director of the Office of Trade and Manufacturing Policy under the supervision of Dr.

1    Peter Navarro.

2      16.   Plaintiff is informed and believes and thereon alleges that, since having

3 his White House credentials revoked by former White House Chief of Staff Mark

4 Meadows in or around January 2021, Defendant Ziegler has devoted most of his waking

5 time and energy to accessing, tampering with, manipulating, altering, copying and

6 otherwise using data contained on a copy of a hard drive that Defendants claim to be

7 of Plaintiff's "laptop" computer and data that Defendants admit to have obtained by

8 hacking into Plaintiff's data, specifically an encrypted iPhone backup.

9      17.   Although the precise manner by which Defendant Ziegler obtained

10 Plaintiff's data remains unclear, there is no dispute that Defendants have, to at least

11 some extent, accessed, tampered with, manipulated, altered, copied and damaged

12 Plaintiff's data, and that their actions are illegal, unauthorized, and without Plaintiff's

13 consent.

14      18.   According to published reports, Defendant Ziegler claims to have obtained

15 one copy of a hard drive from what he claims was Plaintiff's "laptop" computer in

16 December 2020 from Jack Maxey, a former co-host on Steve Bannon's *War Room*

17 podcast who has described himself publicly as "Hunter's Laptop King."  In or around

18 early 2021, Defendant Ziegler claims to have obtained another copy of a hard drive

19 from what he claims to be Plaintiff's "laptop" computer from an associate of Rudy

20 Giuliani, the former New York mayor who previously represented former President

21 Trump.  Plaintiff is informed and believes and thereon alleges that Defendant Ziegler

22 also illegally accessed, tampered with, manipulated and copied data belonging to

23 Plaintiff by means of a "cloud" storage and file hosting service offered by MEGA NZ.

24      19.   Plaintiff's data appears to have been tampered with, manipulated, altered

25 and damaged both before Defendants received it and after it was obtained by

26 Defendants and they began illegally accessing and tampering with it themselves.

27 Plaintiff is informed and believes and thereon alleges that Defendants intentionally

28 altered at least some of Plaintiff's data and that they severely damaged Plaintiff's data

COMPLAINT AND DEMAND FOR JURY TRIAL

1 | through sloppy and inept handling of the data, by disregarding forensically sound
2 | methods for data preservation and analysis, and by engaging generally in reckless,
3 | incompetent and malicious activities with respect to the data that have impaired the
4 | ability of Plaintiff and others to verify all of the data's authenticity and to determine the
5 | precise extent of tampering, alteration and damage.

6 |       20.    On or about July 8, 2021, Defendant Ziegler organized Defendant ICU and
7 | caused Defendant ICU to begin doing business under the name *Marco Polo.* According
8 | to Defendant Ziegler's own public statements, a chief focus of Defendant ICU has been
9 | accessing and analyzing Plaintiff's data.  In addition to illegally accessing and
10 | analyzing the data, Defendants also have tampered with, manipulated and copied the
11 | data so that others could unlawfully access, tamper with and manipulate Plaintiff's data
12 | as well.

13 |       21.    Plaintiff is unaware of the precise dates on which Defendants have
14 | accessed, altered, tampered with, manipulated, damaged and/or copied Plaintiff's data.
15 | According to Defendant Ziegler himself, Defendants spent at least 13 months – from
16 | September 2021 through October 2022 – "analyzing the voluminous material from the
17 | Biden Laptop."  On information and belief, Defendants' unlawful access, tampering
18 | with, manipulation, damage and copying of Plaintiff's data has continued beyond
19 | October 2022 and is ongoing to this day.

20 |       22.    Defendant Ziegler has stated publicly that Defendants used Plaintiff's data
21 | from what he calls Plaintiff's "laptop" computer to create a voluminous report entitled
22 | *Report on the Biden Laptop*, which Defendants first published on or about October 19,
23 | 2022.  In addition, in or around May 2022, Defendants used Plaintiff's data from the
24 | claimed Plaintiff's "laptop" computer to create what Defendant Ziegler has described
25 | as "an online searchable database of 128,000 emails found on the Biden Laptop."
26 | Plaintiff has never authorized or consented to any access of his data by any Defendant
27 | (or anyone working with any Defendant) at any time or for any purpose.  To the
28 | contrary, Plaintiff has notified Defendants that Defendants are not authorized to access

COMPLAINT AND DEMAND FOR JURY TRIAL

1  any of his data, that they should cease doing so, and that they should return any of
2  Plaintiff's data in their possession to Plaintiff immediately.
3      23.    Defendants not only admit to accessing, tampering with, manipulating and
4  copying Plaintiff's data from their claimed Plaintiff's "laptop" computer without
5  Plaintiff's authorization or consent, they regularly brag about their illegal activities in
6  interviews with members of the media, on social media, and on right-wing podcasts.
7      24.    For example, in December 2022, Defendant Ziegler described the
8  activities of his team, which he said includes "digital forensics folks," as follows: "[I]t
9  took us a year to go through [the data] . . . Usually, when you have this much data to
10 go through, it's as if it's after a presidential library has been opened, right?"  In another
11 interview published in or around June 2023, Defendant Ziegler discussed his and his
12 team's efforts to create a website to house "almost 10,000 photos" that he claims to
13 have extracted from Plaintiff's data.
14     25.    According to Defendant Ziegler, Defendants spent "a couple of months"
15 going through photos stored in Plaintiff's data, organizing and modifying the photos
16 (through what he characterizes as "redactions"), and subjecting the data to a "photo
17 viewing app" to allow Defendants and others to "view the metadata in the photos."
18 Defendant Ziegler claims that Defendants' activities are designed to allow members of
19 the public who log onto Defendants' website and access Defendants' servers "to be
20 able to see where the photo was taken, what time it was taken, if it has latitude and
21 longitude coordinates attached to it. . . They're going to be able to see if it has metadata
22 like aperture, lighting."
23     26.    Defendant Ziegler further has stated that Defendants' efforts to upload
24 videos from Plaintiff's data to Defendants' website required more time and effort than
25 uploading photos from Plaintiff's data because Defendants needed "to use AI tools" on
26 the data as part of their purported efforts to "censor" portions of videos that Defendants
27 consider to be "pornographic."
28     27.    Plaintiff is informed and believes and thereon alleges that the data

COMPLAINT AND DEMAND FOR JURY TRIAL

1   Defendants have accessed, tampered with, manipulated, damaged and copied includes

2   tens of thousands of emails, thousands of photos, and dozens of videos and recordings.

3   Plaintiff is informed and believes and thereon alleges that the data Defendants have

4   accessed, tampered with, manipulated and copied also includes Plaintiff's credit card

5   details, Plaintiff's financial and bank records, and information of the type contained in

6   a file of a consumer reporting agency.

7          28.     Plaintiff further is informed and believes and thereon alleges that at least

8   some of the data that Defendants have accessed, tampered with, manipulated, damaged

9   and copied without Plaintiff's authorization or consent originally was stored on

10  Plaintiff's iPhone and backed-up to Plaintiff's iCloud storage.  On information and

11  belief, Defendants gained their unlawful access to Plaintiff's iPhone data by

12  circumventing technical or code-based barriers that were specifically designed and

13  intended to prevent such access.

14         29.     In an interview that occurred in or around December 2022, Defendant

15  Ziegler bragged that Defendants had hacked their way into data purportedly stored on

16  or originating from Plaintiff's iPhone: "And we actually got into [Plaintiff's] iPhone

17  backup, we were the first group to do it in June of 2022, we cracked the encrypted code

18  that was stored on his laptop."  After "cracking the encrypted code that was stored on

19  [Plaintiff's] laptop," Defendants illegally accessed the data from the iPhone backup,

20  and then uploaded Plaintiff's encrypted iPhone data to their website, where it remains

21  accessible to this day.  It appears that data that Defendants have uploaded to their

22  website from Plaintiff's encrypted "iPhone backup," like data that Defendants have

23  uploaded from their copy of the hard drive of the "Biden laptop," has been manipulated,

24  tampered with, altered and/or damaged by Defendants.  The precise nature and extent

25  of Defendants' manipulation, tampering, alteration, damage and copying of Plaintiff's

26  data, either from their copy of the hard drive of the claimed "Biden laptop" or from

27  Plaintiff's encrypted "iPhone backup" (or from some other source), is unknown to

28  Plaintiff due to Defendants' continuing refusal to return the data to Plaintiff so that it

COMPLAINT AND DEMAND FOR JURY TRIAL

1 | can be analyzed or inspected.

2 |     30.    Plaintiff has demanded that Defendants cease and desist from their

3 | unlawful accessing of Plaintiff's data and that they return any data in their possession

4 | that was sent to them or that they obtained from any account, device/hard drive, back

5 | up files, "cloud" files or copies of the same belonging to Plaintiff.  Rather than comply,

6 | Defendants have derided Plaintiff and Plaintiff's counsel for making the demands, and

7 | they have vowed to continue violating the law with impunity.

8 |     31.    Within the last two weeks, Defendant Ziegler went so far as to declare on

9 | social media that efforts by Plaintiff to serve him with legal process in the future would

10 | met with violence: "If the US pResident's son sends a proxy [*i.e.*, a process server] to

11 | illegally trespass on my property I will blow their f---ing brains out."

12 |     32.    In light of the foregoing illegal activities by Defendants, their repeated

13 | refusals to cease and desist in their unlawful behavior, and their stated intention to

14 | continue violating the law in the future, Plaintiff has no alternative but to commence

15 | this lawsuit and to seek all available and appropriate legal and equitable relief.

16 | **FIRST CLAIM FOR RELIEF**

17 | **(Violation of the Computer Fraud and Abuse Act)**

18 | **(18 U.S.C. § 1030)**

19 | **(Against all Defendants)**

20 |     33.    Plaintiff incorporates herein by this reference the allegations in paragraphs

21 | 1 through 32 above.

22 |     34.    Upon information and belief Plaintiff alleges that Defendants have

23 | violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), specifically

24 | section 1030(a)(2)(A) of the CFAA, by intentionally accessing a computer without

25 | authorization or exceeding authorized access, and thereby obtaining information

26 | contained in financial records of one or more financial institutions or of one or more

27 | card issuers as defined in section 1602(n) of title 15, or contained in one or more files

28 | of a consumer reporting agency on a consumer, as such terms are defined in the Fair

1 Credit Reporting Act (15 U.S.C. 1681, *et seq.*).

2     35.    Upon information and belief, Plaintiff further alleges that Defendants have

3 violated the CFAA, specifically section 1030(a)(2)(C) of the CFAA, by intentionally

4 accessing a computer without authorization or exceeding authorized access, and

5 thereby obtaining information from any protected computer which, pursuant to the

6 CFAA, is a computer used in or affecting interstate commerce or communication.

7     36.    Upon information and belief, Plaintiff further alleges that Defendants have

8 violated the CFAA, specifically section 1030(a)(4) of the CFAA, by knowingly and

9 with intent to defraud, accessing a protected computer without authorization or

10 exceeding authorized access, and by means of such conduct furthering the intended

11 fraud and obtaining one or more things of value.

12     37.    Plaintiff has suffered damages or losses as a result of Defendants'

13 violations of the CFAA far in excess of $5,000.  These damages and losses to Plaintiff

14 include but are not limited to direct costs, incurred during any one-year period, of

15 investigating and responding to Defendants' violations of the CFAA in excess of

16 $5,000 in value.

17 **SECOND CLAIM FOR RELIEF**

18 **(Violation of the California Computer Data Access and Fraud Act)**

19 **(Cal. Penal Code § 520)**

20 **(Against all Defendants)**

21     38.    Plaintiff incorporates herein by this reference the allegations in paragraphs

22 1 through 32 above.

23     39.    Plaintiff owns data that is stored on a copy of a hard drive or other

24 device(s) that Defendants own and operate and claim to have obtained of Plaintiff's

25 computer and that Defendants claim to have obtained by hacking into Plaintiff's

26 encrypted iPhone backup.

27     40.    Defendants have violated California Penal Code § 502(c)(1) by knowingly

28 accessing and without permission taking and using data from Plaintiff's devices or

"cloud" storage, including but not limited to, Plaintiff's encrypted iPhone backup to devise or execute a scheme to defraud or deceive, or to wrongfully obtain money, property, or data.

41.     Defendants also have violated California Penal Code § 502(c)(2) by knowingly and without permission accessing, taking, copying, and making use of programs, data, and files from Plaintiff's devices or "cloud" storage, including but not limited to, Plaintiff's encrypted iPhone backup.

42.     Defendants also have violated California Penal Code § 502(c)(3) by knowingly and without permission using or causing to be used computer services as that term is defined in the statute.

43.     Defendants also have violated California Penal Code§ 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, data and files from Plaintiff's devices or "cloud" storage, including but not limited to, Plaintiff's encrypted iPhone backup.

44.     As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Defendants have caused damage to Plaintiff in an amount to be proven at trial.

45.     The aforementioned acts of Defendants were willful and malicious in that they were done with the deliberate intent to injure Plaintiff.  Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

46.     Plaintiff has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Plaintiff to injunctive and other equitable relief.

47.     Plaintiff is also entitled to recover his reasonable attorneys' fees pursuant to California Penal Code § 502(e).

COMPLAINT AND DEMAND FOR JURY TRIAL

## THIRD CLAIM FOR RELIEF

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

### (Against All Defendants)

48.     Plaintiff incorporates herein by this reference the allegations in paragraphs 1 through 32 above.

49.     California Business & Professions Code sections 17200 *et seq.* state that no business may engage in unfair competition.  According to section 17200, "unfair shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

50.     By engaging in the conduct alleged herein, Defendants have engaged in unfair and unlawful activities in violation of the CFAA and California Penal Code section 502

51.     Plaintiff is informed and believes and thereon alleges that the Defendants will continue to do these acts unless the Court orders Defendants to cease and desist, and, therefore, Plaintiff requests injunctive relief pursuant to California Business and Professions Code section 17203.

52.     Based on the above allegations, including the alleged violations of the CFAA and California Penal Code section 502, Plaintiff is entitled to injunctive and equitable relief to stop Defendants from continuing to engage in their unlawful and unfair conduct with respect to Plaintiff and as necessary to restore to Plaintiff any money or property which Defendants have acquired by means of such unlawful and unfair conduct; restitution in an amount to be determined at trial; attorneys' fees and costs as may be permitted by law; and any other relief as may be proper.

### JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action for all causes of action for which a jury trial is available.

COMPLAINT AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For general damages to be proven at trial;

B. For punitive damages to be proven at trial for Defendants' willful and deliberate actions including their unauthorized access, tampering with, manipulation and copying of, and damage to Plaintiff's data;

C. For disgorgement of all money obtained by Defendants as a result of their unlawful and otherwise wrongful conduct;

D. For prejudgment interest;

E. For an order awarding Plaintiff his reasonable attorneys' fees and costs;

F. For a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and attorneys, and those in active concert or participation with any of them, from:

    (1) Accessing, tampering with, manipulating or copying Plaintiff's data; and

    (2) Restoring to Plaintiff any money or property which Defendants have acquired by means of such unlawful and unfair conduct including but not limited to any data in their possession that was sent to them or that they obtained from any account, device/hard drive, back up files, "cloud" files or copies of the same belonging to Plaintiff;

G. For such other and further relief as this Court may deem to be just and proper.

Dated: September 13, 2023

Respectfully submitted,

WINSTON & STRAWN LLP

By: _____
Paul B. Salvaty
Abbe David Lowell
Attorneys for Plaintiff

12

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

3

4

By:

Bryan M. Sullivan
Zachary C. Hansen
Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL