PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
**WINSTON & STRAWN LLP**
1901 L St., N.W.
Washington, DC 20036-3508
Telephone:   (202) 282-5875
Facsimile:   (202) 282-5100

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
**EARLY SULLIVAN WRIGHT GIZER & McRAE LLP**
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, CA 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming Limited Liability Company d/b/a Marco Polo; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.: 2:23-cv-07593-HDV-KS**<br><br>*Honorable Hernan D. Vera*<br>*Magistrate Judge Karen L. Stevenson*<br><br>**OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(2), 12(b)(3), AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>Date:   March 21, 2024<br>Time:   10:00 a.m.<br>Place:  5B |

Plaintiff Robert Hunter Biden opposes Defendants' request for judicial notice as to Exhibits 1-19.[1]  Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Defendants are seeking judicial notice of 19 exhibits, most of which are presented by Defendants in an improper attempt to use out of court statements to argue the merits of this case.  (Dkt. No. 24.)  Defendants' request for judicial notice is inappropriate, and the documents for which they seek judicial notice are irrelevant.  Accordingly, Defendants' request for judicial notice should be denied.

**I.   DEFENDANTS IMPROPERLY SEEK JUDICIAL NOTICE OF IRRELEVANT EXHIBITS**

Under Federal Rules of Evidence 401(b), evidence is relevant if "the fact is of consequence in determining the action."  District courts will decline to take judicial notice of facts that are not of consequence to resolving motions to dismiss.  *See, e.g.*, *Laatz v. Zazzle*, -- F. Supp. 3d --, 2023 WL 4600432, at *5 (N.D. Cal. 2023) (citing *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 968 (N.D. Cal. 2021)) (declining to take judicial notice of documents that were not relevant to determining the sufficiency of plaintiff's complaint).  Here, Defendants' exhibits are not of consequence to resolving any aspect of Defendants' Motion to Dismiss, which challenges the sufficiency of Plaintiff's allegations under Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) and pursuant to California's anti-SLAPP statute.  Rather, the exhibits are designed to distract from Plaintiffs' allegations with inadmissible hearsay concerning the circumstances by which *other* parties may *also* have improperly misappropriated Plaintiff's data and by pointing to other unrelated actions involving Plaintiff.  (Mot. at 1–4 (citing RJN Exs. 1, 3–4, 6–8, 14–17).)  Defendants also cite various definitions of the term "backup," based on incorrect interpretations of the CFAA and CDAFA.  (*See* Opp'n at 17–18, 20–21.)  Notably, Defendants do not explain the relevance of any of the exhibits for which they seek judicial notice.

---

[1] For the convenience of the Court, Appendix A to this opposition is a summary table of Plaintiff's objections to each of Defendants' exhibits.

Defendants even seek judicial notice of exhibits that are not referenced in their Motion to Dismiss: Exhibits 5, 9, 11–13, and 19. (Dkt. No. 23.)  Apparently, they hope Plaintiff or perhaps the Court will comb through the mass of materials in search of information that might have some bearing on issues raised in their Motion.  Exhibits that are not discussed in the Motion are necessarily irrelevant and, therefore, are not "adjudicative" facts properly subject to judicial notice under Federal Rule of Evidence 201(a).  The Court should deny Defendants' request for judicial notice as to Exhibits 1–19.

## II. DEFENDANTS IMPROPERLY SEEK JUDICIAL NOTICE OF FACTS THAT ARE IN DISPUTE

### A. Court Filings and Transcripts

Defendants improperly seek judicial notice of facts that are in dispute, including allegations contained in complaints, exhibits, and a congressional interview transcript in related proceedings.  Specifically, Defendants repeatedly cite Exhibits 1–4 and 17 for the *truth* of the allegations contained therein.  (*See* Mot. at 2–4, 6, 18, 21.)

The allegations contained within other case filings and in the witness interview transcript cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Rather, by their very nature, they are disputed facts.  *See Wilkins v. VanDiver*, 2022 WL 18229997, at *7 (C.D. Cal. Oct. 25, 2022) ("However, the Court will not take judicial notice of facts which are subject to reasonable dispute.").  Accordingly, courts have repeatedly noted that while they may "take judicial notice of the *existence* of another court's opinion or of the filing of pleadings in related proceedings," they "may not, however, accept as true the facts found or alleged in such documents." *GemCap Lending, LLC v. Quarles & Bradley, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017) (italics in original, underlining added) (internal quotations and citation omitted); *see also, e.g.*, *F.D.I.C. v. O'Flahaven*, 857 F. Supp. 154, 157 (D.N.H. 1994) (taking judicial notice only of the filing of affidavits and not the truth of their averments, citing multiple authorities).  Thus, although the existence of Exhibits 1–4, 6, and 17 are judicially noticeable, the Court cannot take judicial notice of the allegations contained within the documents for their truth, particularly where, as here, Defendants repeatedly seek judicial notice of pleadings and filings in an

1  ongoing lawsuit between Plaintiff and third-party John Paul Mac Isaac.  (RJN Exs. 1–3, 17.)  *See*
2  *Day v. GEICO Casualty Co.*, 2024 WL 251408, at *2 (C.D. Cal. Jan. 23, 2024) (even where no
3  objection made to court filings in parallel cases, the Court "does not take judicial notice of the facts
4  within them").

### B. News Articles

6  Defendants also seek judicial notice of the content of online news articles.  Specifically,
7  Defendants cite Exhibits 6–8 and 18 for their truth throughout the Motion.  (Mot. at 4, 14.)  Again,
8  Defendants improperly seek to use judicial notice to establish the *truth* of a document instead of its
9  *existence*.  "[T]o the extent the court *can* take judicial notice of press releases and news articles, it
10 can do so only to 'indicate what was in the public realm at the time, not whether the contents of
11 those articles were in fact true.'" *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029
12 (C.D. Cal. 2015) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960
13 (9th Cir. 2010)).  Thus, the Court may take judicial notice of the online news articles, but only "for
14 the limited purpose of establishing what was publicly known or reported at the time." *Limcaco v.*
15 *Wynn*, 2021 WL 5040368, at *8 (C.D. Cal. Oct. 29, 2021); *see also El Roblar Inv. Prop. LLC v. Roe*,
16 2021 WL 9958640, at *2 (C.D. Cal. Aug. 25, 2021) (declining to take judicial notice of facts
17 contained within a news article where "[d]efendants appear to rely on the article to establish the truth
18 of facts set forth therein").[2]

### III. CONCLUSION

20 Defendants' request for judicial notice is inappropriate and premature at this early stage of
21 the proceedings.  None of the documents attached to the request has any bearing on any of the

---

[2] Defendants cite *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000), for the proposition that judicial notice of the *content* of a website is proper "when neither party questions the authenticity of the site."  (RJN at 5.)  *Pollstar* is readily distinguishable: the website at issue was the plaintiff's own website, and because neither party objected to taking judicial notice of the website, the court expressly declined to address the standards for taking judicial notice under Federal Rule of Evidence 201(b).  170 F. Supp. 2d at 978.  Here, in stark contrast, (1) Plaintiffs *do* object to Defendants' attempt to judicially notice the content of websites for their truth; (2) the websites at issue are not those of any of the parties; and (3) those cases that *do* apply Rule 201's standards to websites and news articles reach the results set forth above.

jurisdictional and pleading issues raised by Defendants' Motion.  Defendants' request for judicial notice should be denied.

| | |
|---|---|
| Dated: February 29, 2024 | Respectfully submitted,<br><br>WINSTON & STRAWN LLP<br><br>By: */s/ Paul B. Salvaty*<br>    Paul Salvaty<br>    Abbe David Lowell<br>    Attorneys for Plaintiff<br><br>EARLY SULLIVAN WRIGHT GIZER & McRAE LLP<br><br>By: */s/ Bryan M. Sullivan*<br>    Bryan M. Sullivan<br>    Zachary C. Hansen<br>    Attorneys for Plaintiff |

# APPENDIX A

**Bases for Opposition to Defendants' Exhibits**

| Exhibit Number | Bases for Opposition |
| --- | --- |
| 1 | Court filing improperly cited for its truth instead of its existence; irrelevant |
| 2 | Court filing improperly cited for its truth instead of its existence; irrelevant |
| 3 | Court filing improperly cited for its truth instead of its existence; irrelevant |
| 4 | Transcript improperly cited for its truth instead of its existence; irrelevant |
| 5 | Irrelevant – not cited in Motion |
| 6 | News article improperly cited for truth of its contents; irrelevant |
| 7 | News article improperly cited for truth of its contents; irrelevant |
| 8 | News article improperly cited for truth of its contents; irrelevant |
| 9 | Irrelevant – not cited in Motion |
| 10 | Irrelevant |
| 11 | Irrelevant – not cited in Motion |
| 12 | Irrelevant – not cited in Motion |
| 13 | Irrelevant – not cited in Motion |
| 14 | Irrelevant |
| 15 | Irrelevant |
| 16 | Irrelevant |
| 17 | Court filing improperly cited for its truth instead of its existence; irrelevant |
| 18 | News article improperly cited for truth of its contents; irrelevant |
| 19 | Irrelevant – not cited in Motion |