TYLER LAW, LLP
Robert H. Tyler (SBN 306268)
rtyler@tylerlawllp.com
Nathan R. Klein (SBN 306268)
nklein@tylerlawllp.com
Mariah R. Gondeiro (SBN 323683)
mgondeiro@faith-freedom.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:   (951) 600.2733
Facsimile:    (951) 600.4996

Attorneys for Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN<br><br>Plaintiff(s)<br><br>v.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming limited liability company,<br><br>Defendant(s) | Case No.: 2:23-cv-07593-HVD-KS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:    March 21, 2024<br>Time:   10:00 a.m.<br>Crtrm.:  5B |

Defendants Garrett Ziegler, and ICU LLC, hereby respond to Plaintiff Robert Hunter Biden's opposition to their request for judicial notice made in support of their motion to dismiss.

Defendants' requests for judicial notice are both highly relevant to their motion to dismiss and the proper subject of judicial notice. A motion to dismiss can look at the complaint and also matters that are properly the subject matter of judicial notice pursuant to Federal Rule of Evidence 201. *Skilstaf, Inc. v. CVS Caremark Corp.,* 669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012). Plaintiff asserts the requests are irrelevant because the fact that numerous other parties had and/or distributed the data in question is not relevant to the Defendants' defense. Plaintiff flippantly presumes a key legal issue is already resolved in his favor to justify his claim that Defendants' supporting evidence

is irrelevant. Plaintiff is putting the cart before the horse. If this Court rules in favor of Defendants' position that prior conduct of other parties is a bar to Plaintiff's claims against them, then these documents, which unequivocally demonstrate the Biden Laptop and its contents had been widely circulated in the public sphere before any alleged action by the Defendants, are highly relevant.

Facts that are common knowledge or capable of certain verification are not subject to reasonable dispute. "In reaching their decisions, neither courts nor administrative bodies should ignore the realities of life and disregarding common knowledge even though such knowledge may not have achieved a place within the purview of judicial notice." *Contintental Can Company v. United States* (2d. Cir. 1959) 272 F. 2d 312, 315. Plaintiff contends the contents of the filings made in the other Biden Laptop cases, and the *sworn* congressional testimony are subject to reasonable dispute. This is where the thousands of news articles published on this topic, only a handful of which were included with Defendants' motion come into play. Plaintiff might argue the facts are disputed, but that is only his own mind. Hundreds, if not thousands of sources have credibly investigated and reported on the exposure of the Biden Laptop and its contents. *See* Ex.'s 6-16, 18. As pointed out by the Plaintiff in his opposition, news articles are relevant to determine what was in the "public realm" or "publicly known". Opp. to RJN at 3:9-14. The articles, testimony, and court filings, establish that at the time of any alleged action by the Defendants, the Biden Laptop and its contents were already in the public sphere.

Accordingly, Defendants respectfully assert their RJN and exhibits should be granted and admitted as part of the court's consideration on their motion to dismiss.

DATED:  March 7, 2024                           TYLER LAW, LLP

By: /s/ Robert H. Tyler
    Robert H. Tyler, Esq.
    Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**

2
DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO RJN