TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
Nathan R. Klein (SBN 306268)
nklein@tylerlawllp.com
Mariah R. Gondeiro (SBN 323683)
mgondeiro@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:     (951) 600.2733
Facsimile:      (951) 600.4996

Attorneys for Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN<br><br>Plaintiff(s)<br><br>v.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming limited liability company,<br><br>Defendant(s) | Case No.: 2:23-cv-07593-HDV-KS<br><br>*Honorable Hernan D. Vera*<br>*Magistrate Judge Karen L. Stevenson*<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR RECUSAL**<br><br>Date:     April 25, 2024<br>Time:    10:00 a.m.<br>Ctrm:    5B |

Pursuant to Federal Rules of Evidence, Rule 201, Defendants request that this Court take judicial notice of the documents that follow. District courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rules of Evidence 201(b).

1
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

1. **Exhibit 1:** A true and correct copy of an excerpt of the Report on the Biden Laptop, a 644-page report (the "Biden Laptop Report") regarding the contents of files that originated from a laptop once owned by Plaintiff, Hunter Biden, accessible on https://www.marcopolo501c3.org/ at the following URL: https://www.marcopolo501c3.org/p/report-on-the-biden-laptop.

2. Judicial notice of information obtained from a website is proper when neither party questions the authenticity of the site. *Pollstar v. Gigmania, Ltd.*, 170 F. Supp.2d. 974, 978 (E.D. Cal. 2000). Further, courts have taken judicial notice of private companies' websites, taking "as true that the website exists and makes certain representations about the company to the public." *Genasys, Inc. v. Vector Acoustics, LLC*, 638 F.Supp. 3d 1135, 1147 (S.D. Cal. 2022).

3. Defendants request judicial notice of the fact that the Biden Laptop Report may be accessed through the existing MarcoPolo501c3.org website. Defendants also request that this Court take judicial notice of the fact that the Biden Laptop Report was prepared by nonprofit organization, Defendant ICU, LLC dba Marco Polo ("Marco Polo") and its founder, Defendant Garrett Ziegler ("Ziegler").

4. The Biden Laptop Report is relevant to the case because the contents of the Biden Laptop are directly at issue in Plaintiff's Complaint, as Plaintiff's Complaint alleges that Defendants altered, manipulated, and tampered with the data linked to the Biden Laptop and Plaintiff seeks to enjoin Defendants from "accessing, tampering with, manipulating, or copying Plaintiff's data." Complaint ("Compl."), Prayer for Relief (F)(1)-(2), ECF No. 1.

5. **Exhibit 2:** A true and correct copy of a web page entitled "In the News" from the following URL at www.MarcoPolo501c3.org : https://www.marcopolo501c3.org/p/inthenews .

6. For this Court's convenience, Defendants incorporate by reference the legal authorities and corresponding legal arguments set forth above pertaining to the Request for Judicial Notice of Exhibit 1 in support of Defendants' Request for Judicial Notice of Exhibit 2.

7. Defendants request judicial notice of the fact that citations to Marco Polo's work concerning the Biden Laptop Report are referenced on Marco Polo's website.

8. This web page is relevant to the case because it references citations to Marco Polo's work surrounding the Biden Laptop Report, which is directly at issue in Plaintiff's Complaint, as

Plaintiff's Complaint alleges that Defendants altered, manipulated, and tampered with the data linked to the Biden Laptop and Plaintiff seeks to enjoin Defendants from "accessing, tampering with, manipulating, or copying Plaintiff's data." Complaint ("Compl."), Prayer for Relief (F)(1)-(2), ECF No. 1. As set forth by Defendants' Motion for Recusal and the Declaration of Garrett Ziegler in support thereof, there have been at least 441 citations to Marco Polo's websites by other media outlets as a source of reliable information. The web page in Exhibit 2 is relevant to Defendants' Motion for Recusal because, if Judge Vera grants Plaintiff's requested relief and shuts down Defendants' website, concealing the Biden Laptop Report from the media, Congress, and the public, Judge Vera's impartiality might reasonably be questioned when taken into consideration with his political contributions to President Biden's 2020 presidential election campaign and his appointment to the federal court by President Biden just three months before this case was assigned to him.

9. **Exhibit 3**: A true and correct copy of an excerpt of the deposition transcript of the deposition of Robert Hunter Biden, taken by the United States House of Representatives Committee on Oversight and Accountability and Committee on the Judiciary on February 28, 2024. A copy of the relevant portions of the transcript were last accessed on or about March 5, 2024, from the following URL: https://oversight.house.gov/wp-content/uploads/2024/02/Hunter-Biden-Transcript_Redacted.pdf . This URL is provided on the press release from the official website of the United States House of Representatives Committee on Oversight and Accountability, titled "Oversight and Judiciary Committees Release Hunter Biden Transcript" and published on February 29, 2024, at the following URL: https://oversight.house.gov/release/oversight-and-judiciary-committees-release-hunter-biden-transcript%ef%bf%bc/ .

10. This Court may take judicial notice "of court filings and other matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Courts "routinely take judicial notice of information contained on state and federal government websites." *United States v. Garcia*, 855 F. 3d 615, 621 (4th Cir. 2017). "In general, courts may take judicial notice of publicly available congressional records, including transcripts of congressional hearings." *Lopez v. Bank of America*, *N.A.*, 505 F.Supp.3d 961, 970 (N.D. Cal. 2020). Moreover, courts "may

1 take judicial notice of affidavits, properly proved agreements, depositions, sworn testimony, and
2 similar material of public record . . ." *U.S. v. Webber*, 396 F.2d 381, 386 (3d. Cir. 1968).

3       11.     Plaintiff's deposition transcripts and sworn testimony as part of the congressional
4 impeachment inquiry are proper subjects for judicial notice. The subject matter of this case concerns
5 content from a laptop Plaintiff abandoned ("Biden Laptop"). Thereafter, Defendant investigated,
6 published, and reported on the laptop contents. Information from the laptop is directly relevant to
7 the congressional impeachment inquiry of President Biden, as some of those facts may be used to
8 impeach President Biden. The Deposition of Hunter Biden (Exhibit 3) was conducted pursuant to
9 the impeachment inquiry and reveals that Defendants' actions and the relief requested by Plaintiff,
10 President Biden's son, are intertwined with the impeachment inquiry. This fact is directly relevant
11 to Defendants' Motion for Recusal because the outcome of the litigation could make impeachment
12 less likely, causing a reasonable observer to question Judge Vera's impartiality under 28 U.S.C. §
13 455(a), given Judge Vera's vested interest in President Biden.

14       12.     **Exhibit 4:** A true and correct copy of an excerpt of the transcripts of the interview
15 of Mervyn Yan, taken by the United States House of Representatives Committee on Oversight and
16 Accountability and Committee on the Judiciary on January 25, 2024. A copy of the relevant portions
17 of the transcript were last accessed on or about March 5, 2024, from the following URL:
18 https://oversight.house.gov/wp-content/uploads/2024/02/Mervyn-Yan-Transcript.pdf . This URL
19 is provided on the press release from the official website of the United States House of
20 Representatives Committee on Oversight and Accountability, titled "Oversight and Judiciary
21 Committees Release Mervyn Yan Transcript" and published on February 8, 2024, at the following
22 URL: https://oversight.house.gov/release/oversight-and-judiciary-committees-release-mervyn-yan-
23 transcript%ef%bf%bc/ .

24       13.     For this Court's convenience, Defendants incorporate by reference the legal
25 arguments and corresponding legal authorities set forth above pertaining to the Request for Judicial
26 Notice of Exhibit 3 in support of Defendants' Request for Judicial Notice of Exhibit 4. The excerpts
27 of the interview transcripts of Mervyn Yan, and the interview statements therein, are judicially
28 noticeable as matters of the public record related to the congressional impeachment inquiry. They

reference Defendant GARRETT ZIEGLER ("Ziegler") and emails from Ziegler's website, Bidenlaptopemails.com. The references to Defendants and the emails from the Biden Laptop are relevant to this case because the contents of the Biden Laptop are directly at issue in Plaintiff's Complaint, and Plaintiff seeks to enjoin Defendants from "accessing, tampering with, manipulating, or copying Plaintiff's data." Complaint ("Compl."), Prayer for Relief (F)(1)-(2), ECF No. 1. As described in more detail above, any decision rendered by Judge Vera favoring the Plaintiff will make impeachment less likely, as the public, media, and Congress will be barred from accessing Defendants' investigative reporting and contents on the Biden Laptop. Thus, a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a), given Judge Vera's vested interest in President Biden.

14. **Exhibit 5:** A true and correct copy of an excerpt of the transcripts of the interview of John Robinson Walker, taken by the United States House of Representatives Committee on Oversight and Accountability and Committee on the Judiciary on January 26, 2024. A copy of the relevant portions of the transcript were last accessed on or about March 5, 2024, from the following URL: https://oversight.house.gov/wp-content/uploads/2024/02/Walker-Transcript.pdf This URL is provided on the press release from the official website of the United States House of Representatives Committee on Oversight and Accountability, titled "Oversight and Judiciary Committees Release Rob Walker Transcript" and published on February 13, 2024, at the following URL: https://oversight.house.gov/release/oversight-and-judiciary-committees-release-rob-walker-transcript%ef%bf%bc/

15. For this Court's convenience, Defendants incorporate by reference the legal arguments and corresponding legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibits 3 and 4 in support of Defendants' Request for Judicial Notice of Exhibit 5. The excerpts of the interview transcripts of John Robinson Walker and interview statements therein are proper subjects for judicial notice because they are materials in the public record related to the congressional impeachment inquiry. They are relevant to this case because they reference Defendant Ziegler and emails from Ziegler's website, Bidenlaptopemails.com. The contents of the Biden Laptop, including emails, are at issue in the Complaint. As described in more detail above, any

decisions rendered by Judge Vera favoring the Plaintiff will make impeachment less likely, as the public, media, and Congress will be barred from accessing Defendants' investigative reporting and contents on the Biden Laptop, including emails. Thus, a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a), given Judge Vera's vested interest in President Biden.

16. **Exhibit 6:** A true and correct copy of an excerpt of the transcripts of the interview of James Biden, taken by the United States House of Representatives Committee on Oversight and Accountability and Committee on the Judiciary on February 21, 2024. A copy of the relevant portions of the transcript were last accessed on or about March 5, 2024 from the following URL: https://oversight.house.gov/wp-content/uploads/2024/03/James-Biden-Transcript.pdf This URL is provided on the press release from the official website of the United States House of Representatives Committee on Oversight and Accountability, titled "Oversight and Judiciary Committees Release James Biden Transcript" and published on March 1, 2024, at the following URL: https://oversight.house.gov/release/oversight-and-judiciary-committees-release-james-biden-transcript%ef%bf%bc/

17. For this Court's convenience, Defendants incorporate by reference the legal arguments and corresponding legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibits 3, 4, and 5 in support of Defendants' Request for Judicial Notice of Exhibit 6. The excerpts of the interview transcripts of James Brian Biden and the interview statements therein are matters of public record relevant to this case because they reference "emails from a laptop website" belonging to Ziegler. The contents of the Biden Laptop, including emails, are at issue in the Complaint. As described in more detail above, any decisions rendered by Judge Vera favoring the Plaintiff will make impeachment less likely, as the public, media, and Congress will be barred from accessing Defendants' investigative reporting and contents on the Biden Laptop, including emails. Thus, a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a), given Judge Vera's vested interest in President Biden.

18. **Exhibit 7:** A true and correct copy of excerpts of the Federal Election Commission web page showing "Individual Contributions" for Hernan D. Vera, were last accessed on March 6, 2024, from the following URL: https://www.fec.gov/data/receipts/individual-

contributions/?contributor_name=hernan+vera&contributor_city=los+angeles&two_year_transaction_period=2020&min_date=01%2F01%2F2019&max_date=12%2F31%2F2020.

19. For this Court's convenience, Defendants incorporate by reference the legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibits 3 in support of Defendants' Request for Judicial Notice of Exhibit 7. Further, courts in other jurisdictions have taken judicial notice of "cited political and statistical facts that the Federal Election Commission has posted on the web." *Johnson v. Commission on Presidential Debates*, 202 F.Supp. 3d 159, 167 (D.D.C. 2016).

20. Defendants request that this Court take judicial notice of the official web page of the Federal Election Commission because it contains information from a federal government website. *United States v. Garcia*, 855 F. 3d at 621. Defendants also request that this Court take judicial notice of the contribution amounts reflected in the excerpts to President Biden's campaign, as "cited political and statistical facts that the Federal Election Commission has posted on the web." *Johnson v. Commission on Presidential Debates*, 202 F.Supp. 3d at 167. These Federal Election Commission records and contribution amounts are relevant to the present case because Judge Vera's political contributions to President Biden might cause a reasonable observer to question Judge Vera's impartiality under 28 U.S.C. § 455(a) in connection with any ruling rendered by Judge Vera to grant Plaintiff's injunction and halt the Congressional Impeachment Inquiry to keep President Biden in office.

21. **Exhibit 8:** A true and correct copy of a press release titled, "Senate Confirms Superior Court Judge Hernán D. Vera as United States District Judge for the Central District of California" and dated June 13, 2023, that was last accessed on or about March 6, 2024, from the following URL:https://www.cacd.uscourts.gov/sites/default/files/documents/2023-06-13%20Press%20Release%20-%20Judge%20Vera.pdf . This URL is provided on a web page from the official website of the United States District Court for the Central District of California: https://www.cacd.uscourts.gov/news/senate-confirms-superior-court-judge-hern%C3%A1n-d-vera-united-states-district-judge-central

22. For this Court's convenience, Defendants incorporate by reference the legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibit 3 in support of Defendants' Request for Judicial Notice of Exhibit 8. Additionally, "Courts in the Ninth Circuit routinely take judicial notice of press releases." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012). Accordingly, the press release on the official government website of the United States District Court for the Central District of California is a proper subject for judicial notice.

23. Defendants also request that this Court judicially notice the appointment of Judge Vera to the federal bench by President Biden on June 13, 2023. *See, e.g., Brown v. Piper*, 91 U.S. 37, 42 (1875) [finding that "The coincidences of the days of the week with those of the month" and "the appointment of members of the cabinet, the election and resignations of senators, and of the appointment of marshals and sheriffs . . . " are proper subjects for judicial notice.] See also *Lefkovits v. State Bd. Of Elections*, 400 F.Supp. 1005 n. 1 (N.D. Ill. 1975) [taking judicial notice of the appointment of a state court judge].

24. These facts are relevant to Defendants' Motion for Recusal because a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a) if Judge Vera rules in Plaintiff's favor, making impeachment less likely, in consideration with his assignment to this case just three months after his appointment to the bench by President Biden.

25. **Exhibit 9:** A true and correct copy of an internet news article published on June 13, 2023, by BloombergLaw.com, and titled, "Vera Confirmed as US Trial Judge in California After Long Wait," were last accessed on or about March 6, 2024, at the following URL: https://news.bloomberglaw.com/us-law-week/vera-confirmed-as-us-trial-judge-in-california-after-long-wait

26. "[T]he fact that various newspapers, magazines, and books have published information. * * * Courts may take judicial notice to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.' " *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F. 3d 1016, 1022 (9th Cir. 2009) (citations omitted). See *Castaneda v. Saxon Mortg. Servs. Inc.*, 687 F.Supp.2d 1191, 1196 (E.D.Cal.2009) (denying a request for

8
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

judicial notice of an unpublished article "which expresse[d] opinions of the author that may reasonably be questioned").

27.　For this Court's convenience, Defendants incorporate by reference the legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibit 8 in support of Defendants' Request for Judicial Notice of Exhibit 9. All facts requested by Defendants to be judicially noticed pursuant to Exhibit 7 (explained below) were generally known to the public at the time the article was published. This article does not contain questionable opinions expressed by the author, as was the case in *Castaneda*.

28.　Defendants request that this Court take judicial notice of the fact that Judge Vera was appointed to the federal bench on June 13, 2023, by President Biden, cited within the above-referenced article. The date of the nomination and the fact that President Biden appointed Judge Vera specifically are confirmed for their accuracy by the information in the press release referenced in Exhibit 6.

29.　Defendants also request judicial notice of the facts that: (1) Judge Vera's nomination was deadlocked twice in Congress; and (2) Judge Vera's nomination was confirmed by a 51-48 Democratic majority.

30.　This information is relevant to Defendants' Motion for Recusal because a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a), considering the connection between the Impeachment Inquiry and the outcome of this litigation as well as the fact that Judge Vera was assigned to this case a mere three months after he was appointed to the federal bench by President Biden (and deadlocked twice in Congress).

31.　**Exhibit 10:** A true and correct copy of H.Res. 918, a Resolution of the United States House of Representatives adopted on December 13, 2023, that was last accessed on or about March 6, 2024, from the following URL: BILLS-118hres918eh.pdf (congress.gov) . This URL is provided on a web page from Congress.gov, the official website of Congress: https://www.congress.gov/bill/118th-congress/houseresolution/918/text?s=2&r=15&q=%7B%22search%22%3A%22impeachment%22%7D .

32. For this Court's convenience, Defendants incorporate by reference the legal arguments and corresponding legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibit 3 in support of Defendants' Request for Judicial Notice of Exhibit 10. Judicial notice is proper, given that the Resolution is from an official government website, consisting of matters in the public record.

33. The United States House of Representatives' adopted Resolution to formally impeach President Biden is relevant to the outcome of the litigation in that a ruling granting Plaintiff's injunctive relief to prevent Defendants from "accessing, tampering with, manipulating, or copying Plaintiff's data" or maintaining their websites, impeachment will be less likely, as Congress, the media, and the public will no longer have access to Defendants' website. This fact is relevant to Defendants' Motion for Recusal because, if Judge Vera rules in Plaintiff's favor, a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a), when considering Judge Vera's political contributions to President Biden's 2020 presidential election campaign and his appointment to the federal court by President Biden just three months before this case was assigned to him.

34. **Exhibit 11:** A true and correct copy of a video from C-SPAN regarding a congressional hearing of the House Oversight & Accountability Committee related to Plaintiff's refusal to attend a congressional deposition, dated January 10, 2024, available at the following URL: https://www.c-span.org/video/?532775-2/oversight-committee-debates-resolution-hold-hunter-biden-contempt-congress-part-2 .

35. For this Court's convenience, Defendants incorporate by reference the legal arguments and corresponding legal authorities set forth above pertaining to the Request for Judicial Notice of Exhibit 3 in support of Defendants' Request for Judicial Notice of Exhibit 11. Further, this video is a proper subject for judicial notice because its contents form the basis of Plaintiff's Complaint. *See Battle v. A&E Television Networks, LLC*, 837 F. Supp. 2d 767, 772 n.2 (M.D. Tenn. 2011) (taking judicial notice of the contents of a television program that formed the basis of a defamation/false light suit).

36. The video referenced above pertains to a hearing related to Plaintiff's refusal to attend a congressional deposition pertaining to his father's impeachment inquiry. The statements and exhibits referenced within the video are relevant to this case because they reference Defendant Marco Polo and the Biden Laptop Report. (See minutes 21:00-24:27; 23:17–24:03; and 23:58-24:27.) As previously discussed, the subject matter of this case concerns content from a laptop Plaintiff abandoned ("Biden Laptop"). Thereafter, Defendant investigated, published, and reported on the laptop contents. Information from the laptop is directly relevant to the congressional impeachment inquiry of President Biden, as some of those facts and may be used to impeach President Biden. The subject of this litigation and its impact on the impeachment inquiry relate to Defendants' Motion for Recusal because the outcome of the litigation could make impeachment less likely, causing a reasonable observer to question Judge Vera's impartiality under 28 U.S.C. § 455(a), given Judge Vera's vested interest in President Biden.

DATED: March 7, 2024

TYLER LAW, LLP

By: /s/ Robert H. Tyler
Robert H. Tyler, Esq.
Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**