PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
**WINSTON & STRAWN LLP**
1901 L St., N.W.
Washington, DC 20036-3508
Telephone:   (202) 282-5875
Facsimile:   (202) 282-5100

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
**EARLY SULLIVAN WRIGHT GIZER & McRAE LLP**
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, CA 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming Limited Liability Company d/b/a Marco Polo; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.: 2:23-cv-07593-HDV-KS**<br><br>*To Be Heard By The Honorable Monica Ramirez Almadani*<br><br>**OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO RECUSE**<br><br>Date:   April 25, 2024<br>Time:   1:30 p.m.<br>Place:  10B |

1    Plaintiff Robert Hunter Biden opposes Defendants' request for judicial notice in support of Defendants' motion to recuse ("Request") as to Exhibits 1-6 and 11, as well as the purported facts set forth in Paragraphs 23, 28 and 29.[1]  Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, the objected-to facts and exhibits are irrelevant; represent an improper attempt to use out of court statements to argue the merits of this case; and at least one purported "fact" is incorrect.   Accordingly, the Court should decline to take judicial notice of Exhibits 1-6 and 11, as well as the purported facts set forth in Paragraphs 28 and 29.

## I.   DEFENDANTS IMPROPERLY SEEK JUDICIAL NOTICE OF IRRELEVANT AND PREJUDICIAL MATERIAL

Under Federal Rules of Evidence 401(b), evidence is relevant if "the fact is of consequence in determining the action."  District courts will decline to take judicial notice of facts that are not of consequence to resolving motions to dismiss.  *See, e.g.*, *Laatz v. Zazzle*, -- F. Supp. 3d --, 2023 WL 4600432, at *5 (N.D. Cal. 2023) (citing *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 968 (N.D. Cal. 2021)) (declining to take judicial notice of documents that were not relevant to determining the sufficiency of plaintiff's complaint).  Here, many of Defendants' "facts" and exhibits are of no consequence to resolving any aspect of Defendants' Motion to Recuse, which is limited to determining whether, under 28 U.S.C. § 455(a), "a reasonable person with knowledge of all the facts would conclude that [Judge Vera]'s impartiality might reasonably be questioned." *United States v. Holland,* 519 F.3d 909, 912 (9th Cir. 2008).  First, Exhibits 3-6 and 11 are interview transcripts and a hearing video from the pending impeachment inquiry of President Biden.  As explained in the

---

[1] For the convenience of the Court, Appendix A to this opposition is a summary table of Plaintiff's objections to Defendants' challenged "facts" and exhibits.

1  Opposition, Defendants never explain how the present case will have any effect on the
2  impeachment investigation, nor does the existence of the investigation indicate that
3  Judge Vera's partiality in this case could reasonably be questioned.  Second, Exhibit 2
4  is a webpage from Defendants' website identifying news stories that mention
5  Defendants' activities.  Defendants apparently include this to support their argument
6  that a finding of liability in this case could inhibit the public from accessing relevant
7  data.  But that possibility does not bear upon whether Judge Vera's partiality could
8  reasonably be questioned, and in any event, an *actual* ruling in a case – let alone a
9  potential future one – cannot serve as a basis for recusal.  *See, e.g., Holland*, 519 F.3d
10  at 913-14 ("extrajudicial source" rule "generally requires as the basis for recusal
11  something *other than* rulings, opinions formed or statements made by the judge during
12  the course of trial.") (emphasis added).
13        Third, paragraph 29 in the Request addresses facts relating to the Senate
14  committee and floor votes on Judge Vera's nomination.  Defendants apparently
15  believe these facts support their argument that Judge Vera must be disqualified
16  because he was nominated by President Biden.  But "[t]here is no support whatsoever
17  for the contention that a judge can be disqualified simply on the identity of the
18  President who appointed him."  *Straw v. United States*, 4 F.4th 1358, 1363 (Fed. Cir.
19  2021) (citing multiple authorities).  That remains true even where, as here, the
20  appointing President is related to a party in a "politically charged" case.  *See Trump v.*
21  *Clinton*, 599 F. Supp. 3d 1247, 1250 (S.D. Fla. 2022).  Just as the identity of the
22  appointing President is irrelevant to the recusal analysis, so too are the votes taken on
23  a judge's nomination.
24        Finally, Exhibit 1 of the Request consists of excerpts of Defendants' "Report"
25  developed from the data they purloined from Plaintiff.  Although the "Report" is
26  relevant to the case in general – in that it evidences Defendants' wrongful access to
27  Plaintiff's private data – Defendants do not show how the "Report" bears upon Judge
28  Vera's partiality.  Moreover, the excerpts are replete with intimate photographs of third

parties, as well as unredacted correspondence and contact information (such as email addresses and phone numbers) of multiple third parties. Under the circumstances of this motion, any probative value of the "Report" excerpts is outweighed by their unfair prejudice, and should be disregarded pursuant to Fed. R. Evid. 403.

## II. DEFENDANTS IMPROPERLY SEEK JUDICIAL NOTICE OF FACTS THAT ARE IN DISPUTE.

### A. Congressional Hearing Transcripts

Defendants improperly seek judicial notice of facts that are in dispute, including assertions contained in transcripts and videos of Congressional proceedings. Specifically, Defendants cite Exhibits 3–6 and 11, not simply for the fact that their "Report" was mentioned, but also to imply that Defendants' assertions in the "Report" are *true*. (*See, e.g.,* Mot. at 3–4 (citing Ex. 11 for proposition that the "Report" would "be something good to read" in connection with the impeachment investigation.)

The allegations contained within these transcripts cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rather, by their very nature, they are disputed facts. *See Wilkins v. VanDiver*, 2022 WL 18229997, at *7 (C.D. Cal. Oct. 25, 2022) ("However, the Court will not take judicial notice of facts which are subject to reasonable dispute."). Accordingly, courts have repeatedly noted that while they may take judicial notice of the *existence* of public records, they may not accept as true the facts asserted in those documents. *See, e.g., F.D.I.C. v. O'Flahaven*, 857 F. Supp. 154, 157 (D.N.H. 1994) (taking judicial notice only of the filing of affidavits and not the truth of their averments, citing multiple authorities). Thus, although the *existence* of Exhibits 3–6 and 11 are judicially noticeable, the Court cannot take judicial notice of the assertions contained within the documents for their truth.

### B. Defendants' Website Discussing News Articles

Next, Defendants seek judicial notice of a page on their own website, which purports to list hundreds of news articles citing the "Report," for the claimed *fact* that

1  "there have been at least 441 citations to Marco Polo's work by media outlets."  (Mot.
2  at 3, RJN Ex. 2 & ¶ 8.)  Again, Defendants improperly seek to use judicial notice to
3  establish the *truth* of a document instead of its *existence*.  "[T]o the extent the court
4  *can* take judicial notice of press releases and news articles, it can do so only to
5  'indicate what was in the public realm at the time, not whether the contents of those
6  articles were in fact true.'"  *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011,
7  1029 (C.D. Cal. 2015) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*,
8  592 F.3d 954, 960 (9th Cir. 2010)).
9        Defendants cite *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal.
10  2000), for the proposition that judicial notice of the *content* of a website is proper
11  "when neither party questions the authenticity of the site."  (RJN ¶ 2.)  *Pollstar* is
12  readily distinguishable: because neither party objected to taking judicial notice of the
13  website, the court expressly declined to address the standards for taking judicial notice
14  under Federal Rule of Evidence 201(b).  *See* 170 F. Supp. 2d at 978.  Here, in stark
15  contrast, (1) Plaintiff *does* object to Defendants' attempt to judicially notice the
16  content of their own websites for their truth; and (2) those cases that *do* apply Rule
17  201's standards to websites reach the results set forth in *Gerritsen* and *Von Saher*.

**III.   DEFENDANTS' "FACTS" RELATING TO THE TIMING OF JUDGE VERA'S APPOINTMENT ARE INCORRECT.**

20        In Paragraphs 23 and 28 of their Request, Defendants seek judicial notice of the
21  purported fact that Judge Vera was "appointed" by President Biden on June 13, 2023.
22  Not only is this purported fact "not subject to reasonable dispute" as required for
23  judicial notice under Rule 201, it is *wrong*.  As a quick review of Judge Vera's
24  biographical information shows, he was confirmed by the Senate on June 13, but he
25  was nominated on January 3, 2023, and did not take the bench until receiving his
26  commission, on June 15, 2023.  *See* Ellis Decl. Ex. A.  Because Paragraphs 23 and 28
27  are incorrect, the Court cannot take judicial notice of the factual assertions contained
28  therein.  Although Defendants' factual error is not central to the motion, it further

demonstrates that the motion springs from Defendants' suspicion toward Judge Vera and their desire to stimulate support in right-wing media.

### IV. CONCLUSION

Because the purported facts documents identified above are irrelevant, incorrect, or cited for purposes beyond which are allowed under Rule 201, the Court must deny Defendants' request for judicial notice as to Exhibits 1-6, 11, and Paragraphs 23, 28, and 29.

Dated: April 4, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: /s/ Paul B. Salvaty
   Paul Salvaty
   Abbe David Lowell
   Attorneys for Plaintiff

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

By: /s/ Bryan M. Sullivan
   Bryan M. Sullivan
   Zachary C. Hansen
   Attorneys for Plaintiff

# APPENDIX A

## Bases for Opposition to Defendants' Purported Facts and Exhibits

| Exhibit Number | Bases for Opposition |
|---|---|
| **Ex. 1** | Document improperly cited for its truth instead of its existence; FRE 403 |
| **Ex. 2** | Website improperly cited for its truth instead of its existence; irrelevant |
| **Ex. 3** | Transcript improperly cited for its truth instead of its existence; irrelevant |
| **Ex. 4** | Transcript improperly cited for its truth instead of its existence; irrelevant |
| **Ex. 5** | Transcript improperly cited for its truth instead of its existence; irrelevant |
| **Ex. 6** | Transcript improperly cited for its truth instead of its existence; irrelevant |
| **Ex. 11** | Hearing video improperly cited for its truth instead of its existence; irrelevant |
| **Paragraphs 23** (purported "fact" of "the appointment of Judge Vera to the federal bench by President Biden on June 13, 2023") and **28** (purported "fact" that Judge Vera "was appointed to the federal bench on June 13, 2023, by President Biden") | Purported "fact" is incorrect – Judge Vera was nominated on January 3, 2023, confirmed by the Senate on June 13, 2023, and received his commission on June 15, 2023 (Ellis Decl. Ex. A.) |
| **Paragraph 29** (facts relating to Senate votes on Judge Vera's nomination) | Irrelevant |