TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
Nathan R. Klein (SBN 306268)
nklein@tylerlawllp.com
Mariah R. Gondeiro (SBN 323683)
mgondeiro@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:   (951) 600.2733
Facsimile:   (951) 600.4996

Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN<br><br>    Plaintiff(s)<br><br>    v.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming limited liability company,<br><br>    Defendant(s) | Case No.: 2:23-cv-07593-HVD-KS<br><br>*To Be Heard By The Honorable Monica Ramirez Almadani*<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECUSAL**<br><br>Date:   April 25, 2024<br>Time:   1:30 p.m.<br>Dept.:   10B |

## I. INTRODUCTION

Defendants seek recusal of the Honorable Hernan D. Vera pursuant to 28 U.S.C. § 455(a) because the subject matter of the litigation, the relief sought, and the surrounding facts and circumstances would cause a reasonable observer to question whether Judge Vera's decisions in this case will be impartial. Plaintiff is well aware of Defendants' grounds for recusal and nevertheless filed an Opposition rife with factual and legal inaccuracies.[1] First, Plaintiff incorrectly argues that Defendant seeks recusal based on appointment and political contributions alone. Second, Plaintiff ignores the substantial factual evidence Defendants provide in establishing how the unique facts and circumstances of this case warrant recusal and why any ruling granting Plaintiff's requested relief would impede the impeachment inquiry. Finally, Plaintiff mischaracterizes the legal standard set forth under 28 U.S.C. § 455(a) and falsely contends that Defendants bring the present Motion for Recusal ("Motion") for strategic political purposes to conceal the fact that Plaintiff's lawsuit is a SLAPP action. On the grounds set forth in Defendants' Motion, Defendants respectfully request that the Honorable Hernan D. Vera be recused.

## II. ARGUMENT

**A.    Plaintiff's Opposition Misrepresents Defendants' Grounds For Recusal Based On Appointment And Political Contributions Alone**

Plaintiff's Opposition to Defendants' Motion for Recusal inaccurately describes the basis for Defendants' motion. (Plaintiff's Opposition to Defendants' Motion for Recusal ("Opp.") at p. 1.) (Internal quotation marks omitted.) Defendants' "Motion is brought because the subject matter of the litigation, the relief sought, and the surrounding facts and circumstances would cause a reasonable observer to

---

[1] For example, Plaintiff spends a great deal of space reframing the unsubstantiated facts of this case. (Plaintiff's Opposition to Defendants' Motion for Recusal ("Opp.") at pp. 2-6.) Defendants' Motion for Recusal does not seek a ruling on the merits. Rather, the issue of whether Plaintiff's Complaint fails to state claims upon which relief can be granted is to be determined when the Court rules upon Defendants' Motion to Dismiss.

question whether Judge Vera's decisions in this case will be impartial." (Defendants' Motion for Recusal ("Mot.") at p. 5.) Plaintiff asks this Court to consider Defendants' grounds for recusal in a vacuum when they should be considered as a coherent whole. *See, e.g., Abramski v. U.S.*, 573 U.S. 169, 179 (2014) (finding that the "relevant words" of a statute must be interpreted "not in a vacuum, but with reference to the statutory context, structure, history, and purpose") (Internal citations omitted); *Jeff D. v. Andrus*, 899 F.2d 753, 760 (9th Cir. 1989) (explaining that, "When interpreting a stipulation, the district court should construe the language of a particular section in the context of the entire agreement and not read individual sections out of context to achieve a result not originally contemplated by the parties").

"Defendants do <u>not</u> bring this Motion on the mere fact that Judge Vera made a political contribution to the sitting President, because he contributed to a political party, or because Judge Vera was merely appointed by President Biden." (Mot. at p. 5, emphasis added.) Defendants' Motion explains that a reasonable observer might question Judge Vera's impartiality if Judge Vera enjoins Defendants from maintaining their websites including the Biden Laptop Report and supporting data (the subject of this litigation), thereby impeding the Congressional impeachment inquiry in which the Laptop Report and Defendants' websites are referenced. (*Id.* at pp. 4-5.) Defendants' reference to Judge Vera's political contribution and Judge Vera's judicial appointment and assignment to the case just three months after he was appointed are part of the cumulative facts and circumstances, not necessarily independent grounds alone, supporting recusal. (*Id.* at p. 8.)

Plaintiff acknowledges that, "Defendants themselves concede that the identity of the appointing president is an insufficient basis to disqualify Judge Vera." (Opp. at p. 10.) Accordingly, Plaintiff's reliance on *Straw* and related authorities providing that the "identity of the President who appointed [the sitting judge]" is an inadequate ground for disqualification is irrelevant to Defendants' Motion. (*Id.* at p. 9.) Moreover, Plaintiff's reliance on *Klayman* is sorely misplaced, as Defendants do not

2

state anywhere in their Motion that they seek recusal because they are staunch political opponents of President Biden or because Plaintiff is a "strong and controversial advocate" of President Biden. (*Id.*, *citing Klayman v. Judicial Watch*, 628 F.Supp. 2d 98, 110 (S.D. Cal. 2009).)

Likewise, Plaintiff attempts to refute an argument that Defendants do not even make by arguing that "political contributions to a party to the case (or a party's political opponent) are insufficient to warrant recusal." (Opp. at pp. 11-12.) In doing so, Plaintiff cites the distinguishable cases of *Arkansas State Conference NAACP*, *Burton*, and *Matter of Mason*.[2] These cases pertain to political contributions <u>alone</u> as independent grounds for recusal and contain markedly different factual schemes. *See Arkansas State Conference NAACP v. Arkansas Board of Appointment*, 578 F.Supp. 3d 1011, 1017 (E.D. Ark. 2022) (providing that, as to Governor Hutchinson, a Defendant in the case, "that's the entire basis of [Plaintiffs'] recusal request: one political contribution made approximately four years ago . . . That is insufficient to trigger recusal under the objective reasonable-person standard"); *Burton v. Arkansas Sec'y of State*, 2015 WL 11090414, at *1 (E.D. Ark. 2015) (finding that the presiding judge's prior financial support of the sitting Secretary of State's opponent alone was insufficient to warrant recusal when the plaintiff sought to admit evidence regarding actions which occurred after the sitting Secretary of State took office in a case involving the plaintiff's employment termination by the prior Secretary of State); *Matter of Mason*, 916 F.3d 384, 385 (7th Cir. 1990) (finding that a reasonable observer would not question the presiding judge's impartiality under 28 U.S.C. § 455(a) when Plaintiffs sought recusal on the sole ground that the presiding judge donated campaign contributions to two Defendants.) Conversely, Defendants' Motion relates to the impact of Judge Vera's $1,600 political contribution to President Biden

---

[2] Plaintiff explains that Defendants rely on *Matter of Mason*, 916 F. 2d at 385 in their Motion (Opp. at p. 10.) While Defendants do cite this case in setting forth the standard for recusal, Defendants' Motion does not cite this case in connection with their discussion of Judge Vera's political contributions to President Biden.

3

DEFENDANTS' REPLY                                Case No. 2:23-cv-07593-HVD-KS

on a reasonable observer when the observer also considers any favorable ruling Judge Vera renders toward Plaintiff to censor the laptop data, which forms the subject matter of this litigation, and has been foundational in the impeachment inquiry. (Mot. at p. 8.)

Plaintiff also contends that the $1,600 contribution represents a "drop in the bucket" compared to the total amount of funds raised in support of President Biden's election campaign. (Opp. at p. 12.) However, Plaintiff cites no case law explaining that the Court must look to the total amount of political contributions raised in comparison to the judge's contributions to warrant recusal, nor are contributions by supporters other than Judge Vera relevant to the question of whether Judge Vera's impartiality may reasonably be questioned under 28 U.S.C. § 455(a), warranting recusal. Plaintiff's argument related to Judge Vera's political contributions is immaterial.

**B.  Defendants' Motion Provides Substantial Evidence That The Unique Facts And Circumstances Of This Case Would Cause A Reasonable Person To Question Judge Vera's Impartiality, Warranting Recusal**

   **1.  Defendants' request for judicial notice and supporting declarations provide ample evidence of the impact a favorable ruling by Judge Vera would have on the impeachment inquiry**

Plaintiff falsely claims that Defendants never explain how "a ruling in Plaintiff's favor 'might substantially impede the impeachment inquiry.'" (*Id*. at p. 13.) To the contrary, Defendants explained how Defendant Ziegler's investigative reporting has already impacted the impeachment inquiry and will continue to have an impact. To reiterate this evidence, Marco Polo, its websites, and its investigative reports were expressly named and referenced as a source of evidence by congressional committee members at a congressional hearing of the House Oversight & Accountability Committee. (Mot. at p. 3; Declaration of Garrett Ziegler in Support of Motion for Recusal ("Ziegler Decl."), ¶ 10.) Congresswoman Marjorie Taylor Greene

4

presented demonstrative exhibits of evidence taken directly from pages of the Biden Laptop Report that she and her staff received directly from Defendants. (*Id.*) Congressman, James Comer referred to the Biden Laptop Report as "public record," and Congresswoman Anna Paulina Luna explained that "Marco Polo has the actual entire publication," requesting that copies of the Biden Laptop Report be provided to Democrats on the Committee. (Mot. at pp. 3-4; Ziegler Decl. ¶ 10; Request for Judicial Notice in Support of Motion for Recusal ("RJN Mot. to Recuse"), Ex. 11.) Defendant Ziegler and his websites have also been referenced in interviews pertaining to the impeachment inquiry. (Mot. at p. 4; RJN Mot. to Recuse, Exs. 4-6.) Finally, Plaintiff himself indirectly referenced the contents of the Biden Laptop Report in his private deposition related to the Impeachment Inquiry on February 28, 2024, by testifying that specific texts, emails, financial records, and other communications obtained by the House Oversight, Judiciary, and Ways and Means Committees have been taken "out of context," "altered," and "cherry-picked" by Republicans as part of "baseless and MAGA-motivated conspiracies about [Plaintiff's] father." (Mot. at p. 4; RJN Mot. to Recuse, Ex. 3 at pp. 13-15.)

It logically follows that an injunction granted by Judge Vera preventing Defendants from accessing Defendant's websites and the Biden Laptop Report will prevent Congress from accessing relevant data and critical evidence in the future to determine whether President Biden engaged in foreign compromise and should be impeached. Plaintiff erroneously questions whether "there is even an impeachment inquiry still remaining to impede." (Opp. at p. 13.) The question is frivolous. The ongoing impeachment inquiry is widely reported and within the public record. (RJN Mot. to Recuse, Ex. 10.) However, concurrent with this reply, Defendants submit a declaration from Congresswoman, Anna Paulina Luna. As a committee member of the House Oversight & Accountability Committee, she states that the Biden Laptop Report continues to be used by staff members to identify relevant factual materials

and as a reference manual of transactions involving the Biden family to determine the validity of suspected violations (Declaration of Anna Paulina Luna at ¶¶ 4-6).

### 2. Plaintiff misconstrues Defendants' basis for recusal in relation to Plaintiff's requested injunctive relief and misapplies the extrajudicial source rule

Relatedly, Plaintiff alleges that "while Defendants may well be enjoined from continuing to engage in their unlawful data-related activities, there would be no injunction against the public or the media at large." (Opp. at p. 14.) (Internal quotation marks omitted.) However, Defendants make no such argument. Instead, Defendants' Motion explains that the Biden Laptop Report and Biden Laptop emails are accessible through Defendants' websites, which if taken down by court order, would prevent the Congress, the media, and the public from viewing the Biden Laptop Report or emails and using them in the impeachment inquiry (and in reporting about the impeachment inquiry). (Mot. at pp. 2-4, 7.) With this result, a reasonable observer might question Judge Vera's impartiality under 28 U.S.C. § 455(a) when also considering his political contributions and assignment to this case after being appointed to the bench on the third attempt on partisan lines. (Mot. at p. 8.)

Further, Plaintiff incorrectly states that Judge Vera's potential ruling could not serve as a basis for recusal because it violates the "extrajudicial source" rule. "Extrajudicial bias refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F. 2d 287, 291 (3d Cir. 1980). However, the "extrajudicial source" rule, though "significant (and often determinative)" in recusal motions is neither a necessary nor a sufficient condition for recusal. *Liteky v. U.S.*, 510 U.S. 540, 554 (1994). Even if this Court chooses to apply the "extrajudicial source" rule, the Defendants have indeed provided an extrajudicial source for recusal through Judge Vera's political contributions and do not base this recusal motion solely on Judge Vera's potential ruling concerning Plaintiff's requested injunctive relief.

### 3. Defendants do not seek recusal based on a familial relationship between Plaintiff and President Biden or based on Plaintiff's motives in filing the lawsuit

Plaintiff implies that Defendants bring their Motion on the ground that Plaintiff's relationship with President Biden is cause for recusal. (Opp. at p. 13.) Nowhere in Defendants' Motion do Defendants make this contention. As for Plaintiff's motive in bringing the present lawsuit, that is to be determined based upon Defendants' Motion to Dismiss and Anti-SLAPP argument made therein. However, it bears repeating that Plaintiff's Complaint appears on its face to be politically charged, given that Plaintiff references Defendant Ziegler's former role with the Trump administration and calls Defendant Ziegler "a zealot who has waged a sustained, unhinged and obsessed campaign against Plaintiff and the entire Biden family for more than two years" to "advance his right-wing agenda." (Complaint ("Compl."), ¶ 1; Prayer for Relief (F)(1)-(2), ECF No. 1.)  To put Defendants' arguments in their proper context, Defendants claim that the familial relationship of the parties is a factor to be considered alongside Plaintiff's requested relief and its relation to the political contribution, the timing of Judge Vera's appointment, and the impact of the subject Laptop Report upon impeachment. (Mot. at p. 9.) As Plaintiff acknowledges, "each recusal motion is driven by the particular facts at issue." (Opp. at p. 16, citing *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (finding that "the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue.") Based on these facts, recusal is necessary because an objective "reasonable observer who is informed of all the surrounding facts and circumstances" would have reason to question whether Judge Vera was free from an appearance of bias or partiality. *U.S. v. Sierra Pacific Industries*, 759 F.Supp.2d 1198, 1203 (E.D. Cal. 2010).

C. **Plaintiff Mischaracterizes The Standard Set Forth Under 28 U.S.C. § 455(a)**

Finally, Plaintiff's Opposition spends a great deal of space on the so-called proper "approach" to recusal in distinguishing Defendants' cited cases, deciphering between a "*de minimus*" and "substantial burden" standard, and suggesting that "the better approach to recusal is illustrated by *Trump v. Clinton*, rather than *U.S. v. Bobo*. (Opp. at pp. 7, 15 n. 8, 16.) However, there is only one legal standard for recusal, which was explained at length in Defendants' Motion. That standard is set forth under 28 U.S.C. § 455(a), which provides that, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See United States v. Carey*, 929 F.3d 1092, 1105 (9th Cir. 2019) (providing that "the district court articulated the correct standard under § 455(a)" in deciding the recusal of a magistrate judge.)

Plaintiff's discussion of Judge Vera's ability to "transcend politics" as set forth in *Trump v. Clinton* is a smoke screen for the actual issue – whether Judge Vera's impartiality might reasonably be questioned. (Opp. at p. 16, *citing Trump v. Clinton*, 599 F. Supp. 3d 1247, 1250 (S.D. Fla. 2022).) Even so, a judge's ability to "transcend politics" is an isolated part of a legal opinion taken out of context, as *Trump v. Clinton* also involves an analysis under 28 U.S.C. § 455(a). *Trump v. Clinton*, *supra*, 599 F. Supp. 3d at 1248. As with Plaintiff's other cited cases discussed above, *Trump v. Clinton* is inapplicable here, as it solely deals with the issue of recusal over appointment of the presiding judge by President Clinton, and not political contributions or the fact that the subject matter of the litigation and relief requested directly pertains to an impeachment inquiry into the appointing President and Judge Vera's appearance of bias.

Plaintiff attempts to leverage the non-binding *Trump* case in his favor to prevent recusal and argue that Defendants brought the Motion for "strategic rather than substantive purposes" to build Defendants' social media base. (Opp. at pp. 16-

17.) This claim is disingenuous. It ignores Defendants' evidence of Judge Vera's political contributions and the impact the subject matter of this litigation has already had on impeachment proceedings. It further distracts from the fact that Plaintiff's lawsuit was strategically filed to chill Defendants' free speech as is evident from Plaintiff alleging that Defendant Ziegler is "a zealot who has waged a sustained, unhinged and obsessed campaign against Plaintiff and the entire Biden family for more than two years" to "advance his right-wing agenda." (Compl. at ¶ 1; Prayer for Relief (F)(1)-(2); Defendants' Motion to Dismiss at p. 19, ECF No. 23, citing *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994).) Therefore, Defendants' social media comments should be cast aside in deciding the present recusal motion.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Honorable Hernan D. Vera be recused from this case and that the Clerk randomly assign this matter to another District Judge.

DATED:  April 11, 2024                     TYLER LAW, LLP

By: /s/ Robert H. Tyler
Robert H. Tyler, Esq.
Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**