PAUL B. SALVATY (SBN 171507)
PSalvaty@winston.com
GREGORY A. ELLIS (SBN 204478)
GAEllis@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ABBE DAVID LOWELL (pro hac vice)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, DC 20036-3508
Telephone: (202) 282-5000
Facsimile:  (202) 282-5100

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
EARLY SULLIVAN WRIGHT GIZER
 & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, CA 90048
Telephone: (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Plaintiff
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R0BERT HUNTER BIDEN,<br><br>             Plaintiff,<br><br>    vs.<br><br>GARRETT ZIEGLER, an individual, ICU, LLC, a Wyoming limited liability company d/b/a Marco Polo, and DOES 1 through 10, inclusive,<br><br>             Defendants. | **Case No. 2:23-cv-07593-HVD-KS**<br>*Honorable Hernan D. Vera*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES INCURRED IN OPPOSITION TO ANTI-SLAPP MOTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Gregory A. Ellis and [Proposed] Order]*<br><br>Hearing Date:   August 22, 2024<br>Time:           10:00 a.m.<br>Courtroom:      5B |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD FOR ALL PARTIES:**

**PLEASE TAKE NOTICE** that on August 22, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5B of this Court, located at 350 W. First Street, 5th Floor, Los Angeles, California, 90012, plaintiff Robert Hunter Biden ("Plaintiff") will and hereby does move this Court for an order awarding him his attorney's fees in the amount of $17,929.40 pursuant to California Code of Civil Procedure Section 425.16, subdivision (c) and the Court's Order of June 20, 2024 denying Defendants' motion to dismiss and to strike ("Defendants' Motion"). This motion is brought on the ground that the portion of Defendants' Motion seeking to strike Plaintiff's claims pursuant to Code of Civil Procedure Section 425.16 was frivolous, and that $17,929.40 represents a reasonable fee incurred by Plaintiff to defeat the arguments raised in conjunction with the motion to strike.

This motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the declaration of Gregory A. Ellis filed concurrently herewith; the record in this action; and any additional arguments that may be asserted in subsequent briefing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 28, 2024.

Dated: July 5, 2024         WINSTON & STRAWN LLP

By: /s/ *Gregory A. Ellis*
Abbe David Lowell
Paul B. Salvaty
Gregory A. Ellis
Attorneys for Plaintiff
ROBERT HUNTER BIDEN

## I. INTRODUCTION

Plaintiff Robert Hunter Biden ("Plaintiff")'s complaint makes clear from the first paragraph that Plaintiff sued Defendants for illegally accessing and manipulating data, *not* for any speech-related activities either pertaining to that data or otherwise. (Compl. ¶ 1 ("While Defendant Ziegler is entitled to his extremist and counterfactual opinions, he has no right to engage in illegal activities to advance his right-wing agenda.")) Nevertheless, Defendants responded to the complaint by filing a frivolous anti-SLAPP motion to strike along with their Rule 12 motion to dismiss.

In their moving papers, Defendants ignored the plain language of the complaint, insisting in the first sentence of their brief that Plaintiff filed this action "in retaliation for publishing information, media and emails originating from the files of the infamous 'Biden Laptop'." *See* Dkt. No. 23 at 1. Defendants also argued that Plaintiffs' entire lawsuit, including Plaintiff's federal claim for violation of the Computer Fraud and Abuse Act ("CFAA") "is, quintessentially, a SLAPP action." *Id.* at 19. Even after Plaintiff identified controlling case law showing the anti-SLAPP statute does not apply to federal claims, Defendants continued to pursue their anti-SLAPP motion as to all causes of action, including the CFAA claim, forcing Plaintiff to waste time and resources addressing anti-SLAPP arguments that were completely baseless. Dkt No. 32 at 1, 9-10.

Because Defendants' anti-SLAPP arguments were contrary both to the allegations of Plaintiff's complaint and settled Ninth Circuit law, the Court should find their anti-SLAPP motion to be "frivolous and/or "solely intended to cause unnecessary delay." *See* Cal. Civ. Proc. Code § 425.16(c)(1). By filing and continuing to pursue a groundless anti-SLAPP motion to the bitter end, Defendants forced Plaintiff to incur attorneys' fees in the amount of $17,929.40. Accordingly, Plaintiff respectfully requests an award of attorneys' fees against Defendants in that amount.

## II. STATEMENT OF FACTS

On September 13, 2023, Plaintiff filed his complaint, seeking damages against Defendants for violations of the federal CFAA, the California Computer Data Access and Fraud Act ("CCDAFA"); and California's Unfair Competition Law ("UCL"). (Dkt. No. 1.) As noted above, Plaintiff made clear at the outset that he did not challenge Defendants' free speech activities, but rather based his complaint on

his allegations that "Defendants have accessed, tampered with, manipulated, damaged and copied" his data without consent.  (*Id*. ¶ 27; *see also id*. ¶¶ 1, 15-30.)

Notwithstanding the express, unqualified and unambiguous allegations in the complaint making clear this case is not about free speech, Defendants filed a motion to strike Plaintiff's complaint under California' anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  (Dkt. No. 23 at 19-23.)  Defendants' anti-SLAPP arguments did not meaningfully address Plaintiff's allegations of unlawful data access.  And Defendants did not acknowledge the allegations making clear that Plaintiff's claims arose from Defendants' unlawful data access, not from any speech about Plaintiff or his family.  For the most part, Defendants spent their anti-SLAPP arguments mischaracterizing Plaintiff's lawsuit as an illegitimate attack on the free press and arguing at length that their website is a "public forum" that addresses "issues of public interest" because Plaintiff's father is the President of the United States.  (*Id.*)

Plaintiff opposed Defendants' anti-SLAPP arguments on multiple grounds, including responding to Defendants' many baseless claims.  (Dkt. No. 30.)  Plaintiff pointed out that, under settled Ninth Circuit precedent, California's anti-SLAPP statute does not apply to federal claims as a matter of law.  (*Id*. at 23, citing *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).)  Therefore, to the extent Defendants' motion sought dismissal of the CFAA claim on anti-SLAPP grounds, it was dead on arrival. Plaintiff also showed that his state law claims under the CCDAFA and UCL could not possibly "arise from" protected First Amendment activity because Plaintiff's claims were explicitly <u>not</u> "based on" Defendants' speech.  As Plaintiff explained,

> Plaintiff did not sue Defendants for creating a website, for publishing their "Report," or for any of the many false, defamatory, and malicious statements they have made about Plaintiff over the past two-plus years.  Plaintiff carefully pleaded his claims to ensure that they are based solely on Defendants' "accessing, tampering with, manipulating, altering, copying and damaging" of Plaintiff's computer data," and not on Defendants' free speech.

(*Id.* 24:7-12.)

On reply, Defendants pretended that Plaintiff had not addressed their anti-SLAPP arguments at all.  They simply insisted again that "Plaintiff's lawsuit is a quintessential SLAPP action" and that Plaintiff's entire lawsuit is "subject to dismissal" under the anti-SLAPP statute because "Defendants'

investigatory reporting was in furtherance of matters of significant public interest." *See* Dkt. No. 32 at 1. Defendants never acknowledged that Plaintiff did not sue them for speech-related activity; never admitted that their anti-SLAPP arguments were inapplicable to the CFAA claim; and never conceded that their request for dismissal of the entire lawsuit was inconsistent with Ninth Circuit law. Although they attempted to distinguish some of Plaintiff's anti-SLAPP authorities, they made no mention of the *Hilton* case, which was directly on point and precluded a central aspect of their anti-SLAPP argument.

Hearing on the motion took place on May 16, 2024. (Declaration of Gregory A. Ellis, ¶ 10.) At the hearing, Defendants' counsel did not address the anti-SLAPP issues at all. (*Id*.)

On June 20, 2024, the Court denied Defendants' motion to dismiss in its entirety, including anti-SLAPP grounds. (Dkt. No. 50.) Citing *Hilton*, the Court noted that "the anti-SLAPP statute does not apply to federal claims," and thus Defendants had no basis for seeking to dismiss Plaintiff's CFAA claim under the anti-SLAPP statute. (*Id*. at 17:4-6.) The Court further held that Defendants failed to show that Plaintiff's claims "arise from" protected conduct because the case arises from Defendants' alleged data manipulation, not from the creation of a website. Because "the gravamen of the lawsuit is not predicated on protected speech and certainly does not arise from or rely on Defendants' free speech, the Court concluded, "*The anti-SLAPP statute simply does not apply*." (*Id*. at 18:5-7, emphasis added.)

### III. ARGUMENT

#### A. Defendants' Anti-SLAPP Motion Was Frivolous.

Under California's anti-SLAPP statute, a plaintiff may recover its costs and reasonable attorney's fees "[i]f the court finds that a special motion to strike is frivolous or solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 425.16(c)(1). The fee-shifting provision of Section 425.16(c) applies in federal court. *See, e.g., Salveson v. Kessler*, 2023 WL 9687873, at *1-2 (C.D. Cal. Oct. 25, 2023) (granting plaintiff's motion for attorney's fees); *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1182 (S.D. Cal. 2008) ("The fee provision of the anti-SLAPP statute is applied in federal court."). "The award of attorney's fees to a plaintiff who prevails against a frivolous anti-SLAPP motion is *mandatory*." *Salveson*, 2023 WL 9687873, at *2 (emphasis in original, quoting Cal. Civ. Prac. Civil Rights Litigation § 14.40.) A determination of frivolousness requires a showing that the anti-

SLAPP motion was "totally and completely without merit," *i.e.* "that any reasonable attorney would agree such motion is totally devoid of merit." *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (2004) (emphasis removed).

Here, Defendants' anti-SLAPP motion was frivolous. *First*, a simple reading of the complaint makes clear that it does not implicate the anti-SLAPP statute. The very first paragraph notes that Plaintiff is not suing Defendants for their free speech activities. The body of the complaint likewise focuses solely on Defendants' illegal access of Plaintiff's data, and the complaint does not base any aspect of any cause of action on Defendants' protected expressive conduct.

*Second*, Defendants sought to strike Plaintiff's federal claim under the CFAA, even though on-point law plainly states that an anti-SLAPP motion cannot be raised against a federal claim. *See Hilton*, 599 F.3d at 901.[1] Even rudimentary research would have revealed this point to Defendants, but they plowed forward with their anti-SLAPP motion anyway, even after Plaintiff brought their omissions to their attention. At least one court has held that bringing an anti-SLAPP against a federal claim is itself sufficient to render the motion frivolous and sanctionable. *See Kailikole v. Palomar Community College Dist.*, 2020 WL 6203097 (S.D. Cal. Oct. 22, 2020) (granting fee award pursuant to 28 U.S.C. § 1927 for failed anti-SLAPP motion). There, the court concluded that, "[g]iven the clarity of the law on this issue, the Court finds that the anti-SLAPP motion against Plaintiff's federal claims was 'entirely without merit,' and that its result was 'obvious.'" *Id.* at *2. Moreover, the court noted that "a reasonable attorney performing legal research would have readily discovered case law unequivocally contrary to Defendant's anti-SLAPP arguments on the federal claims," and that as a result, "Defendant 'recklessly raised a frivolous argument.'" *Id.* at *3 (quoting *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).) The same is true here, particularly because neither the federal claim nor any of the state claims had anything to do with Defendants' free speech.

*Third*, as the Court noted, even as to the state law claims, Defendants failed even to meet their initial burden on the first anti-SLAPP prong to show that the claims arose out of protected conduct.

---

[1] Notably, it is unnecessary for published authority to establish that a motion is devoid of merit for an anti-SLAPP motion to be frivolous. *See City of Rocklin v. Legacy Family Adventures – Rocklin LLC*, 86 Cal. App. 5th 713, 726 n.5 (2022). *Hilton*, however, is published authority rendering Defendants' attempt to strike the CFAA claim devoid of merit.

(Dkt. 50 at 17-18.) The *Moore* court focused heavily on the defendant's inability to meet her prong one burden when holding that her anti-SLAPP motion was frivolous and warranted an award of attorney's fees. *See* 116 Cal. App. 4th at 199-200; *see id.* at 200 ("Because [defendant]'s underlying conduct clearly did not constitute an act in furtherance of the right to petition or free speech in connection with a public issue, as those terms are defined in section 425.16, any reasonable attorney would agree that an anti-SLAPP motion did not lie under these circumstances and that the instant motion was totally devoid of merit."). *See also Olive Properties, L.P. v. Coolwaters Enterprises, Inc.*, 241 Cal. App. 4th 1169, 1175-1177 (2015) (affirming award of attorney's fees where defendant failed to meet burden on first prong of anti-SLAPP analysis).

*Fourth*, the frivolity of Defendants' anti-SLAPP motion is evidenced by the ease in which the Court disposed of it. The Court needed barely over a page in its June 20 Order to reject the anti-SLAPP arguments. (Dkt. 50 at 17:2-18:11.) Nearly half of the Court's discussion was its recitation of the legal standards governing the first prong of the anti-SLAPP analysis. (*Id.* at 17:7-22.) Other courts have noted that their ability to deny an anti-SLAPP motion with a similarly "short analysis" supported their conclusions that the motions were frivolous. *See Salveson*, 2023 WL 9687873, at *3 (noting that court's ability to dispose of motion in a "twenty-two line analysis" supported finding of frivolity; citing *Peterson v. Sutter Med. Found.*, 2023 WL 5181634, at *4 (N.D. Cal. Aug. 10, 2023) (disposing of motion in three pages of order demonstrated that the underlying motion was "legally flimsy.").)

*Finally*, the frivolity of Defendants' conduct is evidenced by Defendants' persistence in pursuing their anti-SLAPP arguments, even after they were shown to be baseless. In their reply brief, Defendants completely ignored Plaintiff's arguments against application of the anti-SLAPP statute, choosing instead simply to repeat the exact same arguments presented in their opening papers. Defendants also ignored the controlling caselaw cited by Plaintiff demonstrating that their position, at least with respect to the CFAA claim, was groundless. Even at the argument, Defendants refused to withdraw or abandon their anti-SLAPP arguments and opted instead simply to remain silent. Their stubbornness created unnecessary work for Plaintiff and for the Court as well.

**B.   Plaintiff's Fees Incurred to Oppose the Motion Are Reasonable.**

Fees under California's anti-SLAPP statute are calculated using the lodestar approach, in which the court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *Minichino v. First California Realty*, 2012 WL 6554401, at *3 (N.D. Cal. Dec. 14, 2012) (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).)  The lodestar may be adjusted based on case-specific considerations, such as the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.  *Id.* (citing *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1096 (2000); *see also Pasadena Tournament of Roses Ass'n v. City of Pasadena*, 2022 WL 2189523, at *6 (C.D. Cal. March 17, 2022) (same).  The fees awarded in connection with an anti-SLAPP motion include the amounts incurred in connection with the fee motion itself.  *See, e.g., Mireskandari v. Daily Mail and General Trust PLC,* at *4 ("The fees awarded should encompass all proceedings directly related to defendants' special motion to strike, including those hours expended in obtaining fees") (citing multiple authorities in support).

Here, Plaintiff seeks $17,929.40, representing 13.28 hours at billing rates of $1,480.00 and $1,135.00 per hour, as discussed in more detail below.  (Ellis Decl. ¶ 9; *see id.* ¶¶ 10-14.)

**1.   The Requested Rates Are Reasonable.**

To determine the reasonableness of rates charged in the lodestar analysis, courts look to "prevailing market rates in the relevant community," which generally "is the forum in which the district court sits." *Yuga Labs, Inc. v, Ripps*, 2024 WL 489248, at *1 (C.D. Cal. Jan. 11, 2024).  "A billing rate that is the usual rate an attorney charge for his or her services is evidence that the rate approximates the market rate." *Id.* at *2.  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Alghanim v. Alghanim*, 2024 WL 3055692, at *1 (C.D. Cal. May 8, 2024).

Here, Plaintiff's legal team at Winston & Strawn responsible for opposing Defendants' anti-SLAPP arguments consisted of several highly skilled attorneys: partners Abbe Lowell and Paul Salvaty;

of counsel Gregory Ellis; and associate Lara Markarian. (Ellis Decl. ¶ 4.) Mr. Lowell has been recognized for decades as one of the nation's foremost white collar and criminal defense attorneys, and among other accolades, was recently named as one of the "Top 200 Lawyers in America" by *Forbes*. (*Id.* & Ex. A.) Mr. Salvaty has over 30 years of experience and success litigating complex commercial cases in the Los Angeles area in a broad range of contexts and was named the 2021 "Litigation Lawyer of the Year" by the Century City Bar Association. (*Id.* ¶¶ 5-6 & Ex. A.) Mr. Ellis has nearly 25 years of experience litigating complex commercial actions, from the pleading stage through trial and appeal. (*Id.* ¶ 3 & Ex. A.) Ms. Markarian is a skilled litigator with experience in both the complex commercial litigation and white collar contexts. (*Id.* ¶ 7 & Ex. A.) Here, Plaintiff only seeks to recover fees incurred by Mr. Salvaty and Mr. Ellis, as they had primary responsibility for addressing the anti-SLAPP arguments in Defendants' motion and for preparing the present fee motion. (*Id.* ¶ 9.) Both Mr. Salvaty and Mr. Ellis have extensive experience litigating and winning anti-SLAPP motions. (*Id.* ¶¶ 3, 6.) In the present case, Messrs. Salvaty and Ellis' hourly rates are $1,480.00 and $1,135.00, respectively. (*Id.* ¶ 13.)

*Yuga Labs* is particularly useful in establishing that counsel's rates in this case are reasonable. There, retired District Judge Margaret Morrow, serving as special master, concluded that a large law firm's hourly rates for 2022 and 2023, ranging up to $1,410 for the lead partner on the matter, were reasonable in the Central District. 2024 WL 489248, at *3-4. Notably, Judge Morrow approved a 2022 billing rate identical to Mr. Ellis' current rate for an attorney with the same title but less experience. *Id.* at *3 & n.6 (rate of $1,135 for counsel with "17+" years of experience reasonable). Judge Morrow also cited multiple recent attorney's fee cases in the Central District, which ruled that rates of up to $1,600 per hour could be reasonable. *Id.* at *3 (citing multiple cases). And Judge Morrow cited news reports and other literature on the billing rates of large law firms, which demonstrated that in many firms, associates with three to five years' experience bill at rates at or near $1,000 per hour, further demonstrating the reasonableness of Messrs. Salvaty and Ellis' rates. *Id.* at *4 & n.10. Additional cases in the Central District, not relied on by *Yuga Labs*, further evidence that the rates of Plaintiff's counsel here are reasonable. *See, e.g., Zelaya v. City of Los Angeles*, 2024 WL 3183882, at *3 (C.D. Cal. June

25, 2024) (finding $1,300 hourly rate for plaintiff's civil rights litigator appropriate given his experience, skill and reputation); *Alghanim*, 2024 WL 3055692, at *2 (finding requested large law firm rates of up to $1,270 per hour to be reasonable); *N.T.A.A., Inc. v. Nordstrom, Inc.*, 2024 WL 1723524, at *4 (C.D. Cal. April 19, 2024) (finding requested large law firm rates of up to $1,364.70 per hour to be reasonable).

### 2. The Requested Number of Hours is Reasonable.

Here, Plaintiff seeks reimbursement for only 13.28 hours, consisting of: (a) 8.28 hours in opposing the anti-SLAPP arguments in Defendants' motion to dismiss and to prepare for hearing with respect to the anti-SLAPP arguments; and (b) 5 hours in preparing the present motion. Plaintiff arrived at these figures as follows.

First, Messrs. Salvaty and Ellis divided their work in opposing Defendants' motion to dismiss, with Mr. Salvaty primarily addressing the Rule 12(b)(1), 12(b)(6) and anti-SLAPP arguments (and the background sections), and Mr. Ellis focusing primarily on Defendants' personal jurisdiction and venue arguments. Accordingly, Plaintiff reviewed the relevant billing records in this matter and included only Mr. Salvaty's time working on the opposition and preparing for hearing – or 52.4 hours – as a baseline for its present attorney fee request. (Ellis Decl. ¶ 10.)[2] To be conservative, Plaintiff excluded from consideration all time spent on the motion by Mr. Lowell, Mr. Ellis and Ms. Markarian.

Next, to isolate the time Mr. Salvaty devoted to the anti-SLAPP issues, Plaintiff applied a discount ratio that the *Kailikole* court derived in awarding fees incurred to oppose a frivolous anti-SLAPP motion. There, the two attorneys who opposed the motion both worked on the anti-SLAPP issues. The court applied a discount based on the number of pages the plaintiff used to address the frivolous anti-SLAPP arguments. *See* 2020 WL 6203097, at *4. There, the plaintiffs devoted three and a half pages to the frivolous arguments out of twenty-five total pages, so the court awarded 14% (or 3.5/25) of the fees incurred on the motion. *Id*. Here, Mr. Salvaty spent three pages in the opposition

---

[2] Courts evaluating anti-SLAPP fee awards have noted that "[i]t is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method." *Youngevity International v. Smith*, 2020 WL 7048672, at *3 (S.D. Cal. Oct. 7, 2020) (quoting *Concepcion v. Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 1324 (2014)); *see also Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 487-88 (2014).

1  addressing Plaintiff's anti-SLAPP arguments (*see* Dkt. 30 at 23:1-25:22), out of nineteen total pages in
2  the opposition he prepared.  (*See id.* 1:1-9:9, 15:13-25:22).  Applying the *Kailikole* formula to Mr.
3  Salvaty's time results in a percentage of 15.8 – or 8.28 hours.  (Ellis Decl. ¶ 11.)
4        Finally, Mr. Ellis incurred more than five hours in drafting the present motion for fees.  (Ellis
5  Decl. ¶ 12.)  Mr. Salvaty's fees thus are $12,254.40 (8.28 hours x $1,480.00/hour), and Mr. Ellis' fees
6  are $5,675 (5 hours x $1,135.00/hour), for a total of $17,929.40.  (*Id.* ¶ 14.)
7        The hours here are far fewer than other cases in which courts in the Central District have
8  awarded attorney's fees in the anti-SLAPP context.  *See, e.g., Salveson*, 2023 WL 9687873, at *5
9  (awarding fees for 106.15 billable hours); *Woulfe v. Universal City Studios LLC*, 2024 WL 1110914, at
10 *9 n.5 (C.D. Cal. Feb. 8, 2024) (collecting cases, noting awards compensating counsel for ranges
11 between 90.1 hours and 384.28 hours to be reasonable).
12       Finally, the lodestar adjustment factors support the requested fee here.  Plaintiff obtained a
13 complete victory over Defendants on their anti-SLAPP motion, as well as all other arguments on their
14 motion to dismiss, and reflected a high level of skill in doing so.  That said, Plaintiff does not seek to
15 inflate its award, but simply to obtain a conservative calculation of the amount he is due under the law –
16 a reasonable amount that reflects the expenses necessary to defeat Defendants' frivolous anti-SLAPP
17 arguments.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

### IV. CONCLUSION

Defendants' anti-SLAPP motion was frivolous, mandating an award of attorney's fees. Plaintiff's counsel disposed of the anti-SLAPP motion efficiently and effectively. Accordingly, the Court should grant this motion, and enter an order awarding Plaintiff $17,929.40 in attorney's fees.

Dated: July 5, 2024

WINSTON & STRAWN LLP

By: */s/ Gregory A. Ellis*
Abbe David Lowell
Paul B. Salvaty
Gregory A. Ellis
Attorneys for Plaintiff
ROBERT HUNTER BIDEN

### L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiff Robert Hunter Biden, certifies that this brief contains 3,378 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 5, 2024

WINSTON & STRAWN LLP

By: */s/ Gregory A. Ellis*
Gregory A. Ellis