TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
Nathan R. Klein (SBN 306268)
nklein@tylerlawllp.com
Bradley Greenman (SBN 347609)
bgreenman@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 600.2733
Facsimile: (951) 600.4996

Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN<br><br>Plaintiff<br><br>v.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming limited liability company,<br><br>Defendants. | Case No.: 2:23-cv-07593-HVD-KS<br><br>**DEFEDANTS' GARRETT ZIEGLER AND ICU, LLC'S AMENDED ANSWER TO PLAINTIFF ROBERT HUNTER BIDEN'S COMPLAINT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

COME NOW Defendants GARRETT ZIEGLER ("Ziegler") and ICU, LLC ("ICU") (collectively referred to hereinafter as "Defendants") hereby answering the Complaint ("Complaint") filed by Plaintiff ROBERT HUNTER BIDEN ("Plaintiff") and hereby admitting, denying, and alleging as follows:

## INTRODUCTION

1. Paragraph 1 contains immaterial, impertinent, and scandalous allegations to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 1.

1

DEFENDANTS' ANSWER  Case No. 2:23-cv-07593-HVD-KS

2. Defendants deny each and every allegation in Paragraph 2.

3. Paragraph 3 states no material facts, merely Plaintiff's opinions about conclusions of law which are false, and as such, require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 3.

4. Defendants admit receiving a purported "cease and desist" letter from Plaintiff's counsel. A true, accurate, and authentic copy of said "cease and desist letter" is attached hereto and incorporated herein by reference as Defendants' **Exhibit "1"**. Except as admitted herein, Paragraph 4 contains immaterial, impertinent, and scandalous false allegations to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants admit that Defendant GARRET ZIEGLER (referred to hereinafter as "Defendant Ziegler") is a citizen and resident of the State of Illinois. Defendants also admit that Defendant ICU, LLC, a Wyoming Limited Liability Company (referred to hereinafter as "Defendant ICU") is incorporated in the State of Wyoming, and further, that its nerve center is located in the State of Illinois where its parent corporation is organized. Additionally, Defendants admit upon information and belief that Plaintiff resides in California. Except as otherwise admitted herein, Defendants deny each and every allegation in Paragraph 7.

8. Defendants deny each and every allegation in Paragraph 8.

9. Defendants deny each and every allegation in Paragraph 9.

10. Plaintiff admits Paragraph 10 upon information and belief.

11. Defendants admit that Defendant Ziegler is a citizen of and resides in the State of Illinois. Except as otherwise admitted herein, Defendants deny each and every allegation in Paragraph 11.

12. Defendants admit that Defendant ICU is a Wyoming Limited Liability Company with its principal place of business in Wyoming located at 30 N. Gould St.,

1  Ste. 12323, Sheridan, WY 82801. Except as otherwise admitted herein, Defendants
2  deny each and every allegation in Paragraph 12.

3        13.    Paragraph 13 does not require a response from the Defendants. To the
4  extent Paragraph 13 may require a response, Defendants deny each and every
5  allegation in Paragraph 13.

6        14.    Paragraph 14 alleges conclusions of law to which no response is
7  required. To the extent a response may be required, Defendants deny each and every
8  allegation in Paragraph 14.

9        15.    Defendants admit the allegations in Paragraph 15.

10       16.    Paragraph 16 contains immaterial, impertinent, and scandalous false
11 allegations to which no response is required. To the extent a response may be required,
12 Defendants deny the allegations in Paragraph 16.

13       17.    Paragraph 17 contains immaterial, impertinent, and scandalous false
14 allegations to which no response is required. To the extent a response may be required,
15 Defendants deny the allegations in Paragraph 17.

16       18.    Defendants admit that Defendant Ziegler received a hard drive from
17 Rudy Giuliana containing a copy of data from the laptop Plaintiff abandoned at the
18 Wilmington, Delaware repair shop known as "the Mac Shop" owned and operated by
19 John Paul Mac Isaac, and that said hard drive from Giuliana is the source of
20 Defendants' files from the laptop. Defendants admit that Defendant Ziegler received
21 a hard drive from Jack Maxey which purportedly contained a copy of files originally
22 stored in the laptop which Plaintiff abandoned in Delaware. Defendant Ziegler then
23 sent back to Maxey the hard drive he received from Maxey due to Maxey's ridiculous
24 demands. Except as admitted herein, paragraph 18 contains immaterial, impertinent
25 and scandalous false allegations to which no response is required. To the extent a
26 response is required, Defendants deny the allegations in paragraph 18.

27
28

19. Paragraph 19 contains immaterial, impertinent, and scandalous false allegations to which no response is required. To the extent a response may be required, Defendants deny the allegations in Paragraph 19.

20. Defendants admit that on July 8, 2021, Defendant Ziegler organized Defendant ICU and caused Defendant ICU to begin doing business under the name Marco Polo. Defendants further admit that Defendants have spent considerable time working to analyze information from the duplicate files received from Rudy Giuliani. Paragraph 20 otherwise contains immaterial, impertinent, and scandalous false allegations to which no response is required. To the extent a response may be required, and except as admitted herein, Defendants deny each and every allegation in Paragraph 20.

21. Defendants deny each and every allegation in Paragraph 21.

22. Defendants admit to preparing a voluminous, true and correct document known as the *Report on the Biden Laptop*, which was first published online on October 19, 2022. Defendants further admit to preparing and publishing an online searchable database of approximately 128,000 email files from Defendants' copy of the files received from Rudy Giuliani. Defendants further admit that Plaintiff, through his counsel, caused a letter to be sent to Defendants which purported to demand Defendants cease and desist. *See* **Ex. 1**. Except as admitted herein, Defendants deny each and every allegation in Paragraph 22.

23. Paragraph 23 contains immaterial, impertinent, and scandalous false allegations to which no response is required. To the extent a response may be required, Defendants deny the allegations in Paragraph 23.

24. Defendants admit that Defendant Ziegler has publicly remarked in numerous fora concerning matters related to the *Report on the Biden Laptop*. The recordings of said remarks constitute the best evidence of the contents of said remarks and speak for themselves. Except as admitted herein, Defendants deny each and every allegation in Paragraph 24.

25. Paragraph 25 relates to and quotes certain remarks made by Defendant Ziegler which are recorded. The recordings of the quoted commentary constitute the best evidence of the contents of said remarks and speak for themselves. Except as admitted herein, Defendants deny each and every allegation in Paragraph 25.

26. Paragraph 26 relates to and quotes certain remarks made by Defendant Ziegler which are recorded. The recordings of the quoted commentary constitute the best evidence of the contents of said remarks and speak for themselves. Except as admitted herein, Defendants deny each and every allegation in Paragraph 26.

27. Paragraph 27 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 27.

28. Paragraph 28 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 28.

29. Paragraph 29 relates to and quotes certain remarks made by Defendant Ziegler which are recorded. The recordings of the quoted commentary constitute the best evidence of the contents of said remarks and speak for themselves. Except as admitted herein, Defendants deny each and every allegation in Paragraph 29.

30. Paragraph 30 states conclusions of law which are false and require no response. Further, Defendants admit receiving a purported "cease and desist" letter from Plaintiff's counsel and that they have received other demands from Plaintiff. *See* **Ex. 1**. Except as admitted herein, Defendants deny each and every allegation in Paragraph 30.

31. Paragraph 31 contains immaterial, impertinent, and scandalous false allegations to which no response is required. To the extent a response may be required, Defendants deny each and every allegation in Paragraph 31.

32. Paragraph 32 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 32.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

33. Defendants re-allege and incorporate paragraphs 1 through 32 of their Answer herein, as if set forth word for word.

34. Paragraph 34 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35. Paragraph 35 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 35.

36. Paragraph 36 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36.

37. Paragraph 37 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

38. Defendants re-allege and incorporate paragraphs 1 through 37 of their Answer herein, as if set forth word for word.

39. Paragraph 39 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 39.

40. Paragraph 40 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40.

41. Paragraph 41 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41.

42. Paragraph 42 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42.

43. Paragraph 43 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43.

44. Paragraph 44 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44.

45. Paragraph 45 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 45.

46. Paragraph 46 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 46.

47. Paragraph 47 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 47.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

48. Defendants re-allege and incorporate paragraphs 1 through 47 of their Answer herein, as if set forth word for word.

49. Paragraph 49 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 49.

50. Paragraph 50 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 50.

51. Paragraph 51 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 51.

52. Paragraph 52 states conclusions of law which are false and require no response. To the extent a response is required, Defendants deny each and every allegation in Paragraph 52.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

53. The Plaintiff's claims are not timely because the Plaintiff failed to file this action within the time(s) prescribed by the statute(s) of limitation.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

54. Certain actions and/or omissions of the Plaintiff, wherein Plaintiff knew or reasonably should have discovered the alleged violation of his alleged rights, constitute laches and therefore bar Plaintiff from any recovery.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

55. Plaintiff's claims are barred by the doctrine of estoppel, wherein Plaintiff undertook certain acts, statements and/or omissions upon which the Plaintiff intended that others would rely, and Defendants did so rely to their own injury.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

56. Plaintiff's claims are barred because Plaintiff knowingly and voluntarily relinquished and waived his alleged rights by failure to act timely after he knew or reasonably should have known that he had an obligation to assert his alleged rights.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

57. Plaintiff's claims are barred by the doctrine of unclean hands, wherein Plaintiff undertook actions, statements and/or omissions in bad faith to conceal and deceive third parties as to his alleged rights, and Defendants reasonably relied thereon to their detriment.

## SIXTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

58. Plaintiff's claims are barred because Plaintiff could have avoided much, if not all, of the damages he now complains of, but chose not to do so.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Authority)

59. Plaintiff's claims are barred because Plaintiff lacks the authority prerequisite to assert the claims set forth in his Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

60. To the extent that Plaintiff has incurred any damages, which Defendants expressly deny, Plaintiff's damages are a proximate result of the acts of a third-party(ies).

## NINTH AFFIRMATIVE DEFENSE
### (Privilege)

61. Plaintiff's claims are barred by the doctrine of privilege, wherein Defendants' actions, statements, and communications complained of are protected by

and privileged under the First and Fourteenth Amendments of the Constitution of the United States, and by the free speech and press provisions of the constitution and statutory and common law of the state law jurisprudence applicable to the state-law substantive issues of this case.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

62. To the extent that Plaintiff incurred any damages, which Defendants expressly deny, Plaintiff had a duty to reasonably act to mitigate his damages, and Plaintiff's damages are a proximate result of his failure to do so, barring Plaintiff's recovery of some or all of his damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Contribution)**

63. Defendants are not legally liable for the loss and damages alleged by Plaintiff, if any, but if a court or jury finds that Defendants contributed in some fashion to the loss and damages alleged by Plaintiff, Defendants are informed and believe, and thereupon allege, that any such contribution is secondary and of a lesser kind, whereas the fault and liability of others is primary, active and gross, thereby barring or reducing proportionately Plaintiff's recovery herein.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Lack of Damages)**

64. Plaintiff is barred from recovery because Plaintiff incurred no damages recoverable under his claims for relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Public Interest)**

65. Defendants allege that the public interest served by publication of facts and information concerning Plaintiff's crimes substantially outweighs Plaintiff's interests when weighed against the nature of Defendants' alleged violations of law, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

66. Plaintiff's claims are barred, in whole or in part, because by entering the public arena in important and sensitive matters as alleged nepotism, corruption, fraud, and election interference, along with ongoing investigations and litigation related to misconduct of the sitting United States President, Plaintiff assumed the risk of the conduct alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Discharge of Duties)

67. Defendants have appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

68. Defendants allege that Plaintiff does not have standing to assert the claims and causes of actions alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Intervening or Supervening Cause)

69. Plaintiff's injuries, if any, were proximately caused by an independent, intervening, and/or supervening cause(s) which answering Defendants had no knowledge for or control over at the time Plaintiff allegedly sustained his injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Duty)

70. Answering Defendants are informed and believe, and thereon allege that the Complaint and each alleged cause of action therein is barred because answering Defendants owed no duty of care that was breached to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

71. Defendants allege that Plaintiff consented to the acts complained of in the Complaint, and that said consent was both express and implied.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

72. Defendants allege that neither the Complaint nor any claim of relief therein states facts sufficient to constitute or substantiate a claim of relief against answering Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Mitigation of Damages)**

73. Defendants allege that Plaintiff's alleged injuries/damages, if any there were, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

74. Defendants allege that each and every claim for relief alleged in the Complaint therein is barred by reason of acts, omissions, representations, and courses of conduct by Plaintiff by which Defendants were led to rely to their detriment, thereby barring, under the doctrine of equitable estoppel, any claims for relief asserted by Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(No Actual Conflict)**

75. Defendants allege that no actual controversy exists between Plaintiff and Defendants, and hence, Defendants are not liable to Plaintiff under any of the causes of action set out by Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Taking Advantage of One's Own Wrong)**

76. Defendants allege that Plaintiff is barred, in whole or in part, from recovery herein by the equitable principle that no one can take advantage of his or her own wrong.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Caused by Plaintiff's own Conduct)**

77. Defendants allege that Plaintiff's injuries and damages, if any, were neither actually nor proximately caused by Defendants, but were caused by Plaintiff's own conduct.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Compliance with Laws and Regulations)**

78. Defendants allege that they each have complied with all laws and regulations regarding the subject matter of the Complaint, and hence, they are not liable to Plaintiff in any manner or for any damages which Plaintiff may have sustained, if any.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(The Law Disregards Trifles)**

79. Defendants allege that the remedies sought in the Complaint are barred by the doctrine the law disregards trifles.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

80. Defendants are informed and believe, and on that basis allege, that the Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute recovery of any punitive damages from the Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Not Responsible for DOES)**

81. Defendants allege that they are not legally responsible for the acts and/or omissions of those defendants named herein as DOES 1 through 10, inclusive.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Future Defenses)**

82. Defendants reserves the right to raise additional Affirmative Defenses at Trial.

**PRAYER:**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Complaint, that judgment be rendered in favor of Defendants.

2. That Defendants be awarded their costs of suit incurred in defense of this action; and,

3. For such other relief as this Court deems just and proper.

DATED: July 30, 2024                TYLER LAW, LLP


By: /s/ Nathan R. Klein
Nathan R. Klein, Esq.

Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**