TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
Nathan R. Klein (SBN 306268)
nklein@tylerlawllp.com
Bradley Greenman (SBN 347609)
bgreenman@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 600.2733
Facsimile: (951) 600.4996

Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN<br><br>Plaintiff<br><br>v.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming limited liability company,<br><br>Defendants. | Case No.: 2:23-cv-07593-HVD-KS<br><br>**DEFEDANTS' GARRETT ZIEGLER AND ICU, LLC'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES** |

## I. INTRODUCTION

Plaintiff's motion for attorneys' fees should be denied entirely. Defendants filed a motion to dismiss on multiple grounds, including anti-SLAPP grounds. Defendants' arguments were not frivolous or solely intended to cause unnecessary delay as is required for a prevailing plaintiff to recover attorneys' fees following the denial of an anti-SLAPP motion.

Plaintiff has selectively elected to litigate claims against the Defendants because they are the parties that published the Biden Laptop Report. Plaintiff's complaint is a textbook case of masquerading seemingly legitimate litigation with the goal of chilling Defendants' free speech rights. Plaintiff falsely accuses Defendants of being zealots and obsessed with Plaintiff. Defendants' only conduct was to research material from a third party which resulted in the publication of the Biden Laptop Report. The acts Plaintiff complained of were done in furtherance of Defendants' right to free speech. Ultimately the court rejected Defendants' arguments in its ruling, but there can be no doubt that Defendants' legal arguments were made in good faith and could have resulted in a dismissal of the State law claims.

Plaintiff's motion should also be denied because he failed to support the motion with sufficient evidence. Plaintiff does not provide the level of detail necessary to support the reasonableness of the time Mr. Ellis and Mr. Salvaty spent on the motion. There are no time sheets, invoices, or even a basic description of the services performed. It is quite possible Plaintiff seeks recovery for work that is not recoverable, or which could have been done by paralegals or newer associates at a lower rate. Neither Defendants nor the court can know, because Plaintiff did not submit evidence detailing how the 8.28 hours were spent opposing the anti-SLAPP arguments.

Accordingly, Defendants request the court deny Plaintiff's motion for attorneys' fees in its entirely.

## II. ARGUMENT

**A.    Defendants' Anti-SLAPP Motion Was Not Frivolous**

Plaintiff's Motion is a textbook example of "making a mountain out of a molehill." Despite citing some of the correct legal standards, Plaintiff's Motion reaches the improper conclusion that Defendants' anti-SLAPP motion was frivolous because it relies on unproven (and mistaken)

assumptions regarding the facts of this case. Under California Code of Civil Procedure, section 425.16, subsection (c)(1), this Court can award attorney's fees "[i]f [it] finds that a special motion to strike is frivolous or solely intended to cause unnecessary delay."

   1. *Plaintiff's first point should be completely disregarded because it is an unsupported conclusion – not analysis*

Plaintiff's first argument is tantamount to saying: "'Plaintiff is not suing Defendants for their free speech activities…' because the complaint says so." After citing the applicable law at issue in its motion, Plaintiff chooses to lead his arguments with the conclusory statement that: "[A] simple reading of the complaint makes clear [the complaint] does not implicate free speech activities. Dkt. 52 at 17. Plaintiff's evidence supporting this conclusion is his own complaint, which requires a twisted and distorted interpretation to reach this conclusion. In fact, Plaintiff's own complaint is rife with specific references to publication of materials which Plaintiff knows were not his own property because said publications included written discussion and factual matters taken from other sources with analysis prepared by Defendants. According to Plaintiff's Motion for Attorney's Fees, "[t]he very first paragraph notes Plaintiff is not suing Defendants for their free speech activities." *Ibid.* Obviously, Plaintiff is going to state this conclusion. No attorney would blatantly announce the purpose of a lawsuit is to suppress a party's free speech rights. Anti-SLAPP statutes exist because plaintiffs employ the facade of legitimate litigation as a pretext for preventing defendants from exercising constitutionally protected activities and driving up their costs. *Safari Club International v. Rudolph*, 862 F.3d 1113, 1119 fn.3 (9th Cir. 2017) (citing *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994)). Pointing to the complaint itself as evidence that SLAPP litigation is not an issue in this case is evidence of nothing of the kind. It is clear from the complaint that Plaintiff is pursuing Defendants because of the published "Biden Laptop Report."

Plaintiff's citation to the first paragraph of the complaint as evidence this litigation is not about infringing Defendants' constitutionally protected rights is wholly unpersuasive. First, the language of the first paragraph of the complaint in no way dismisses the concern that Plaintiff is engaged in conduct intended to infringe on the Defendants' constitutionally protected speech. In fact, the first paragraph of the complaint resorts to name calling and employing inflammatory

rhetoric and unsupported legal conclusions. In no more than seven lines, Plaintiff manages to allege a slew of insults rather than substantive allegations. For example, the first paragraph of the complaint states: Defendant GARRETT ZIEGLER ("Defendant Ziegler") is a: "[Z]ealot…" who is waging an "unhinged and obsessed campaign…." Dkt. 1 at 1, ¶ 1. Further, the complaint's first paragraph asserts that Defendant Ziegler's "opinions" are "extremist and counterfactual…." *Ibid.* Plaintiff also complains that Defendants created "a voluminous report entitled *Report on the Biden Laptop*…" Dkt. 1 at 5, ¶ 22. Contrary to Plaintiff's claims, these paragraphs stand as evidence of Plaintiff's intent to attack Defendants for publishing the Biden Laptop Report and holding an antagonistic position towards Plaintiff. The complaint underscores Defendants' concerns that this litigation is about silencing the Defendants, not vindicating any alleged violations of the Plaintiff's legal rights.

Defendants' position is further driven home by Plaintiff's own litigation choices. The Defendants accessed and published information from the same iPhone data, relying on similar investigative methods and sources as the Washington Examiner, who used the services of renowned forensic expert Gus Dimitrelos.[1] Notably, Plaintiff has not pursued any legal action against the Washington Examiner. This disparity in treatment demonstrates that Plaintiff's pursuit of sanctions against Defendants is not driven by a genuine belief in the frivolousness of their motion. Instead, it reveals a targeted attempt to punish Defendants for their viewpoint and the content of their "Report on the Biden Laptop." The fact that the Court ultimately denied Defendants' anti-SLAPP motion does not render it inherently frivolous, especially considering the acknowledged complexity of the legal issues involved..

2.  *Plaintiff overstates the import of opposing the anti-SLAPP motion addressing the federal claim*

Plaintiff's Motion for Attorney's fees claims that Plaintiff was forced to: "[W]aste time and resources addressing the anti-SLAPP arguments that were completely baseless." Dkt. 52 at 3, 15–16. Plaintiff then attributes this waste of time and money to the fact that Plaintiff's Motion to Dismiss

---

[1] *Hunter Biden's laptop is legit despite White House's refusal to acknowledge it*, Washington Examiner   https://www.washingtonexaminer.com/news/2872086/hunter-bidens-laptop-is-legit-despite-white-houses-refusal-to-acknowledge-it/

3

DEFENDANTS' OPPOSITION                                                   Case No. 2:23-cv-07593-HVD-KS

sought dismissal of the federal claims in addition to the state law claims at issue in this case under California's anti-SLAPP statute. *See* Dkt. 52 at 3, 8–16 (noting Plaintiff's Motion for Attorney's fees is related to the anti-SLAPP motion being brought against the federal claims); Dkt. 52 at 5–7 (arguing the same).

At the same time, however, in the argument section of Plaintiff's Opposition to the Motion to Dismiss dealing with the anti-SLAPP motion, specifically, Document 30, Section III.D.1–2, Plaintiff's argument and analysis deals with the federal claims for all of **two sentences**. *See* Dkt. 30 at p. 29, 4–6 (arguing the inapplicability of anti-SLAPP to federal claims in two sentences). On the other hand, Plaintiff's Opposition to the Motion to Dismiss then dedicates the remaining **forty-two sentences** in the anti-SLAPP analysis section, to discussing the state law claims (a **1:21** ratio of the analysis of the federal anti-SLAPP issues to the state anti-SLAPP issues). Assuming *arguendo* Plaintiff's calculation that he is entitled to $17,929.40 is correct (Defendants in no way concede this), it appears Plaintiff is arguing he incurred nearly $18,000.00 in legal costs to formulate two sentences that in Plaintiff's own words even "rudimentary research would have revealed…." Dkt. 52 at 6.

Further, when examining Defendants' discussion in its Motion to Dismiss, Defendants dedicated nearly five pages (out of 23 pages) to discussing the anti-SLAPP issues in this case. *See* Dkt. 23 at 19–23 (containing approximately **96 sentences**). When it comes to the federal claim at issue in this case, the only time the Computer Fraud and Abuse Act (the "CFAA") is even mentioned, is in a discussion of whether Plaintiff has a probability of prevailing on the merits on his causes of action. Dkt. 23 at 23, 1–9. Within this small section, only **eight sentences** discuss Plaintiff's federal causes of action (a **1:12** ratio of discussing federal issues compared to the rest of the anti-SLAPP analysis).

Similarly, when examining Defendants' Reply in Support of Their Motion to Dismiss ("Defendants' Reply"), out of the page-and-a-half that discusses Defendants' anti-SLAPP arguments, **not a single sentence** is dedicated to arguing that the federal claims are subject to dismissal on anti-SLAPP grounds. Dkt. 32 at 9–10; *see also* Dkt. 52 at 7, 19–26 (showing Plaintiff acknowledges that Defendants' Reply does not discuss anti-SLAPP applying to the CFAA). Rather,

4

Case 2:23-cv-07593-HDV-KS Document 60 Filed 08/01/24 Page 6 of 10 Page ID #:1509

the entirety of the discussion in Defendants' Reply focuses on arguing that Defendants' conduct constituted protected activity. *Ibid.*

In the end, Plaintiff cannot claim it wasted time and resources arguing against the federal anti-SLAPP issue while Plaintiffs own papers show it represents only a small fraction of his total time and argument spent. Moreover, Defendants' papers show the bulk of the focus and argument was drafted trying to establish Defendants' conduct was protected activity and Plaintiff was unlikely to prevail on the merits as to the state law claims.

3. *Plaintiff's Analysis of the anti-SLAPP Arguments as to the State Law Claims is Onerous*

Plaintiff cites *Moore v. Shaw* as a mandatory proposition that Plaintiff is entitled to fees because the court did not find that Defendants met the first prong of the anti-SLAPP analysis. While the quotations Plaintiff pulls from *Moore* are accurate, Plaintiff fails to note the facts in *Moore* bear no resemblance to this case at all rendering the application of substance of those quotes inapplicable to this case. In *Moore*, the defendant was arguing that drafting a termination agreement that enabled another party to terminate a trust prematurely was constitutionally protected activity. *Moore v. Shaw,* 116 Cal. App. 4th 182, 195 (2004). Further, in *Moore*, the court noted that the defendant's conduct in that case could not remotely be viewed as connected to a public issue under the anti-SLAPP analysis because it dealt with the terms of a trust that was at issue. *Id.* at 195–96. This case involves the reputation of the son of the current President of the United State of America. The issues between this case and *Moore* could not be more different.

The court's order denying the motion to dismiss also points to *Malin v. Singer,* which denied an anti-SLAPP motion based upon allegations of illegal wiretapping and computer hacking that were used as part of defendants' pre-litigation investigation. *Malin v. Singer* 217 Cal. App. 4th 1283, 1303 (2013). *Malin* is distinguishable from the allegations at hand, as Plaintiff's complaint admits that Defendants were provided copies of Plaintiff's hard drives from third parties. Dkt. 1 at 4, ¶¶ 17-18. Defendants submitted evidence detailing the innocent manner by which they received the evidence and how they used the data. Dkt. 23-1 at 2 ¶ 5; 4-5, ¶¶ 19-25. The Defendants have not

5
DEFENDANTS' OPPOSITION　　　　　　　　　　　　　　　　　Case No. 2:23-cv-07593-HVD-KS

1 admitted, nor will Plaintiff be able to prove, that Defendants engaged in illegal wiretapping or
2 computer hacking, which was found in *Malin.*

3 Moreover, Plaintiff's alleged "hack" does not remove it from the ambit of the anti-SLAPP
4 motion merely because the elements of the claim for relief do not facially appear to invoke activity
5 against speech. And, in fact, the Plaintiff's allegations raise the strong specter that what the Plaintiff
6 deems a "hack", is instead gathering of information preparatory to creating the Defendants'
7 publications. The California anti-SLAPP statute recognizes that acts in furtherance of speech are
8 subject to an anti-SLAPP motion. Cal. Code Civ. Proc. § 425.16(b)(1). "A cause of action against a
9 person arising from any act of that person in furtherance of the person's right of petition or free
10 speech under the United States Constitution or the California Constitution in connection with a
11 public issue shall be subject to a special motion to strike..." Subsection (e) of the statute enumerates
12 four different categories of protected activity including "(4) any other conduct in furtherance of the
13 exercise of the constitutional right of petition or the constitutional right of free speech in connection
14 with a public issue or an issue of public interest." As the Defendants' pleadings and declarations
15 demonstrate, the Defendants have proffered substantial evidence that no alleged "hack" took place,
16 and that Defendants are neither the original third parties to possess data concerning Plaintiff nor the
17 first parties to publish data concerning the Plaintiff which was distributed by others. Dkt. 23-1 at 2
18 ¶ 5; 4-5, ¶¶ 19-25. Indeed, receipt of information from other parties is quintessential newsgathering
19 activity.

20 Furthermore, the failure to meet the first prong of the anti-SLAPP test is not prima facie
21 evidence that the motion was frivolous. *Shropshire v. Fred Rappoport Co*. 294 F.Supp.2d 1085
22 (N.D. Cal. 2003). In *Shropshire*, the court could not find that prong one of the anti-SLAPP was
23 implicated by the subject complaint due to the disputed questions of fact. *Id*. at 1099. The court
24 denied plaintiff's request for attorneys' fees holding that the anti-SLAPP motion, although it was
25 denied, was not frivolous. *Id*. at 1102. Another court found that an anti-SLAPP motion paired with
26 a motion to dismiss was not frivolous as it demonstrated a good faith effort to dismiss plaintiff's
27 claims. *Wiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC* 814 F.Supp.2d
28 1033, 1039 (S.D. Cal. 2011).

Lastly, the court should note that a related case in the Superior Court of Los Angeles County, California (Santa Monica Division), *Morris v. Ziegler et al*, case number 23SMCV01418, involves much of the same subject matter as the present case. In the *Morris* case, Plaintiff's attorney and financier P. Kevin Morris sued the Defendants herein for various causes of action in which Defendants likewise filed an anti-SLAPP motion. Hon. Mark E. Epstein, the presiding Superior Court Judge, issued a thirty-seven page ruling in part on the anti-SLAPP motion after conducting extensive briefing and a hearing over several days. In his order granting Defendants' anti-SLAPP in part, the Court found that, "Defendants correctly point out that Biden, his laptop, and plaintiff are topics of widespread public interest. The Biden laptop was discussed during a presidential debate and multiple news articles were published regarding plaintiff's relationship with Biden. The speech and conduct in question concerned the laptop and the relationship between Biden and plaintiff, both of which are in the public eye." Request For Judicial Notice 1; Ex. 1 at 8. While the order has been appealed by both parties, it is an interim ruling which contains findings of facts directly adverse to the Plaintiff in this case and further bolsters the reasonableness of Defendants' bringing the anti-SLAPP arguments in this action.

While the court ultimately disagreed with Defendants' arguments on the anti-SLAPP motion that does not render them frivolous. The anti-SLAPP arguments were also presented as part of a comprehensive motion to dismiss, which demonstrates the good faith belief in Defendants' motivation to bring the arguments. In addition, Defendants' contentions that the activity complained of by the Plaintiff was in furtherance of their free speech rights were not frivolous. If the Biden Laptop Report did not exist, there is little doubt Plaintiff would not have filed this action.

Accordingly, Plaintiff's motion should be denied. Plaintiff's claim that the motion was frivolous is not correct and therefore, Plaintiff is not entitled to recover reasonable attorneys' fees incurred in connection with opposing that portion of Defendants' motion.

**B.  Plaintiff's Fee Request Is Unreasonable**

While Defendants assert the court's analysis does not need to go beyond a determination that the motion was not frivolous, Plaintiff also failed to properly support his fee request.

It is Plaintiff's burden to establish the reasonableness of the fee request and that the rates requested are in line with the prevailing market. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). To determine an attorneys' fee award, the court must conduct the "lodestar" calculation, which starts with multiplying the number of hours reasonably spent on the litigation by the reasonable hourly rate. *McElwaine v. U.S. West, Inc.* 176 F.3d 1157, 1173 (9th Cir. 1999). Courts "may exclude from the fee requests any hours that are 'excessive, redundant, or otherwise unnecessary,'" *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[T]he district court should begin with the billing records the prevailing party has submitted." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). In the *Yuga Labs* case that Plaintiff heavily relies on, the court acknowledged its duty to conduct a detailed review of the fee request: "Normally, courts will conduct an 'hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party.'" *Yuga Labs, Inc. v. Ripps*, 2024 WL 489248, at *1 (quoting *Gonzalez*, 729 F.3d at 1202.)

Notably, Plaintiff has failed to provide detailed time entries in support of his motion so Defendants or the court can assess the reasonableness of the fee request. Plaintiff's counsel's declaration details a rudimentary calculation of how it arrived at the requested hours but fails to provide the specific tasks incurred that led to 8.28 hours being spent opposing the anti-SLAPP motion[2]. This is not a fee request based on hundreds of hours that would warrant a less granular review. *Yuga Labs*, at *1 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). The lack of specific tasks provided suggests Plaintiff's fee request includes some entries for tasks that are either not recoverable or could have been completed by paralegals or attorneys with less experience charging at a lower rate. Furthermore, as detailed in the prior section, the bulk of the anti-SLAPP motion work was focused on the state law claims to which the anti-SLAPP arguments could potentially have resulted in a dismissal. Plaintiff spent two sentences addressing the applicability of the anti-SLAPP statute to his federal claim in his opposition, and Defendants did

---

[2] While Defendants assert the fee motion should be denied, Defendants would concede that the 5 hours Plaintiff's counsel spent preparing the motion is reasonable.

not attempt to rebut that position on reply. Plaintiff does not address how much of the fee request was tied to arguing the federal claim compared to the state claims – again, this is an issue with Plaintiff not providing detailed time records to support the motion.

Plaintiff has not provided the necessary evidence to support the fee request and the motion should therefore be denied.

### III. CONCLUSION

For the reasons stated herein, Defendants request the court deny Plaintiff's motion seeking attorneys' fee in its entirety.

DATED: August 1, 2024   TYLER LAW, LLP

By: /s/ Nathan R. Klein
Nathan R. Klein, Esq.

Attorneys for Defendants **Garrett Ziegler** and **ICU, LLC**