| | |
|---|---|
| 1 | PAUL B. SALVATY (SBN 171507) |
| 2 | PSalvaty@winston.com<br>GREGORY A. ELLIS (SBN 204478) |
| 3 | GAEllis@winston.com<br>WINSTON & STRAWN LLP |
| 4 | 333 S. Grand Ave. |
| 5 | Los Angeles, CA 90071-1543<br>Telephone:   (213) 615-1700 |
| 6 | Facsimile:   (213) 615-1750 |
| 7 | ABBE DAVID LOWELL (pro hac vice) |
| 8 | AbbeLowellPublicOutreach@winston.com<br>WINSTON & STRAWN LLP |
| 9 | 1901 L St., N.W.<br>Washington, DC 20036-3508 |
| 10 | Telephone: (202) 282-5000<br>Facsimile:  (202) 282-5100 |
| 11 | |
| 12 | BRYAN M. SULLIVAN (SBN 209743)<br>bsullivan@earlysullivan.com |
| 13 | ZACHARY C. HANSEN (SBN 325128)<br>EARLY SULLIVAN WRIGHT GIZER |
| 14 | & McRAE LLP<br>6420 Wilshire Boulevard, 17th Fl. |
| 15 | Los Angeles, CA 90048 |
| 16 | Telephone: (323) 301-4660<br>Facsimile:  (323) 301-4676 |
| 17 | Attorneys for Plaintiff |
| 18 | ROBERT HUNTER BIDEN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R0BERT HUNTER BIDEN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>GARRETT ZIEGLER, an individual, ICU, LLC, a Wyoming limited liability company d/b/a Marco Polo, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | **Case No. 2:23-cv-07593-HVD-KS**<br>*Honorable Hernan D. Vera*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES INCURRED IN OPPOSITION TO ANTI-SLAPP MOTION**<br><br>Hearing Date:   August 22, 2024<br>Time:               10:00 a.m.<br>Courtroom:      5B |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' opposition confirms the frivolous nature of their anti-SLAPP arguments and demonstrates Plaintiff's entitlement to the modest fees requested for having to oppose their baseless anti-SLAPP motion. Rather than taking responsibility for their actions, Defendants compound the problem by forcing Plaintiff to incur still more fees to address their frivolous filings.

For the most part, Defendants admit that multiple factors for determining whether an anti-SLAPP motion is frivolous are present in this case. Most notably, they admit (because they must) that they had no basis for bringing an anti-SLAPP motion against Plaintiff's federal claim. The arguments Defendants do make in an effort to show their motion was not frivolous either repeat the erroneous points in their original motion, or do not address the standards for determining whether an anti-SLAPP motion is frivolous (and are wrong on the law governing anti-SLAPP motions more generally).

As for the amount of fees Plaintiffs seek in the present motion, Defendants: (1) concede that over one-third of the requested hours are reasonable; (2) do not dispute the reasonableness of counsel's rates; (3) neither mention nor challenge the calculation formula Plaintiff's counsel used or the case law approving the calculation formula; and (4) do not object to Plaintiff's evidence submitted with the motion. Instead, Defendants complain that Plaintiff did not include billing records with the motion, and incorrectly assume that the *only* work counsel needed to do in order to defeat the anti-SLAPP motion was to show that California anti-SLAPP law does not apply to federal claims. But full billing records are not needed on a motion for anti-SLAPP fees, and Plaintiff's counsel necessarily incurred time to show Defendants' motion failed as to Plaintiff's *state-law* claims as well as Plaintiffs' federal claim. Accordingly, the Court should grant Plaintiff's motion and award the full amount of fees requested.

## II. THE ANTI-SLAPP MOTION WAS FRIVOLOUS.

Not only do Defendants finally concede that an anti-SLAPP motion cannot be brought against a federal claim, they do not dispute: (1) that they had nothing to say about their anti-SLAPP motion at the hearing; (2) that the Court disposed of Defendants' anti-SLAPP arguments with ease; or (3) that a fee award is mandatory to a plaintiff who prevails against a frivolous anti-SLAPP motion. *See* Mot. at 5, 7.

Defendants largely ignore most of Plaintiff's cases addressing the frivolity standard,[1] and they concede that *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (2004), correctly sets forth the standard for determining whether an anti-SLAPP motion is frivolous. *See* Opp. at 5:11-12 (admitting that Plaintiff's "quotations from *Moore* . . . are accurate").

Against their many concessions, Defendants deploy scattershot arguments to avoid a finding of frivolity. None of their arguments is persuasive. *First*, Defendants try to reargue the anti-SLAPP motion itself, repeating their meritless claims that the action was brought to chill Defendants' free speech rights, that the "Biden Laptop" is a subject of public interest, and that Defendants' hacking of Plaintiff's data thus relates to an issue of public interest. (*Compare* Opp. 1-3, 6-7 *with* Dkt. 23 at 2, 19-22.) The Court already considered and rejected these arguments when it denied Defendants' anti-SLAPP motion. Furthermore, an "intent to chill" has not been part of the California anti-SLAPP analysis for over two decades, when the California Supreme Court expressly rejected an "intent to chill" requirement. *See Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 57 (2002). And as the Court already noted, illegally accessing an individual's data does not fall within the four categories of protected speech and conduct under the anti-SLAPP statute. (Dkt. 50 at 17-18; *see also* Cal. Civ. Proc. Code § 425.16(e).)

*Second*, Defendants argue that it is somehow improper to look to the complaint in determining whether an action meets the first prong of the anti-SLAPP analysis. (Opp. at 2, ("Pointing to the complaint itself as evidence that SLAPPP litigation is not an issue in this case is evidence of nothing of the kind.").) This argument reflects Defendants' misunderstanding of anti-SLAPP law, because "the act or acts underlying a claim for purposes of an anti-SLAPP statute [sic] *is determined from the plaintiff's allegations.*" *Alfaro v. Waterhouse Mgmt. Corp.*, 82 Cal. App. 5th 26, 31 (2022) (emphasis in original,

---

[1] *See Salveson v. Kessler*, 2023 WL 9687873, at *1-2 (C.D. Cal. Oct. 25, 2023); *Peterson v. Sutter Med. Found.*, 2023 WL 5181634, at *4 (N.D. Cal. Aug. 10, 2023); *Kailikole v. Palomar Community College Dist.*, 2020 WL 6203097 at *4 (S.D. Cal. Oct. 22, 2020); *Olive Properties, L.P. v. Coolwaters Enterprises, Inc.*, 241 Cal. App. 4th 1169, 1175-1177 (2015); *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1182 (S.D. Cal. 2008).

quoting *Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 883 (2020)).  Thus, it is *necessary* to review the complaint's allegations in the anti-SLAPP analysis.[2]

*Third,* Defendants argue that their failure to satisfy the first prong of the anti-SLAPP analysis does not by itself show that their motion was frivolous, relying on a case that did not address the frivolity standards.  (Opp. at 6, citing *Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085 (N.D. Cal. 2003); *see id.* at 1102 (ruling without analysis that denied anti-SLAPP motion was not frivolous)).  Here, Defendants' failure to meet the first prong of the anti-SLAPP analysis was only one of several factors demonstrating the frivolous nature of their anti-SLAPP motion, and as noted above, Defendants fail to address many of the other relevant factors supporting a finding of frivolousness.

*Finally*, Defendants resort to non-sequiturs, arguing, for example, that their motion must not be frivolous because Plaintiff has not sued the Washington Examiner, who purportedly also accessed information from the laptop (Opp. at 3.)  Defendants also note that a *different* court, addressing *different* misconduct by Defendants against a *different* plaintiff, concluded that Defendants met their first-prong burden on an anti-SLAPP motion in a case where all causes of action were based on Defendants' speech.  (Opp. at 7, citing order in *Morris v. Ziegler et al.*, Los Angeles Superior Court No. 23SMCV01418 (the "*Morris* Case").)  Not only are the present case and the *Morris* Case based on completely different factual allegations and different legal theories, (*compare* Compl. *with* RJN Ex. 1), the trial court in the *Morris* Case denied Defendants' anti-SLAPP motion as to all but one of Morris' claims (which the court dismissed on the grounds it was not a proper cause of action, while acknowledging that the same factual predicate properly supported two other causes of action), based on the plaintiff's evidence of defendant Ziegler's extensive misconduct of engaging in harassing speech.  (Dkt. 61-1 at 22-23, 28-29.)[3]

---

[2] In support of their argument, Defendants cite to a footnote in *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1119 n.3 (9th Cir. 2017), which discusses the purpose of the anti-SLAPP statute.  *Safari Club* is of no help to Defendants: the case predates both *Alfaro* and *Medical Marijuana, Inc.*, and the cited footnote says nothing about the analysis a court must perform in reviewing an anti-SLAPP motion.

[3] Defendants also argue that their anti-SLAPP motion was not frivolous because it was paired with a motion to dismiss (which the Court also denied), citing to a case which reached that conclusion with no analysis.  (Opp. at 6, citing *Wiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC*, 814 F. Supp. 2d 1033, 1039 (S.D. Cal. 2011).)  *Wiland Sliding Doors* is not binding and, on this point at least, it is incorrect.  If *Wiland Sliding Doors'* conclusion was correct, any defendant could avoid fee exposure by pairing a frivolous anti-SLAPP motion with an equally weak motion to dismiss, which would encourage "defendants to misuse the [anti-SLAPP] motions to delay meritorious litigation or for other

### III. PLAINTIFF HAS MET HIS BURDEN OF ESTABLISHING REASONABLE FEES IN THE AMOUNT OF $17,929.40.

Defendants agree that the "lodestar" method is the proper one to calculate attorney's fees. (Opp. at 8.) As to the first half of the lodestar determination—the reasonableness of counsel's hourly rates—Defendants are silent, not responding at all to Plaintiff's showing as to counsel's experience and that their rates are in line with recent fee awards to large law firms in the Los Angeles area. (*See* Mot. at 8-10; Ellis Decl. ¶¶ 2-8, 13.) Thus, the Court should apply the hourly rates set forth in Plaintiff's motion.

Defendants similarly have little of substance to say about the second half of the lodestar calculation—the number of hours incurred (8.28 hours preparing the opposition and preparing for hearing on the motion, and 5.0 hours on the fee motion). Indeed, Defendants concede that the 5 hours incurred to prepare the fee motion is reasonable. (Opp. at 8 n.2.) This is not surprising. The hours incurred here are orders of magnitude lower than in other recent anti-SLAPP fee awards in the Central District, and the moving papers explained in detail how Plaintiff's counsel calculated their hours incurred, using a formula adopted by the district court in another case where a plaintiff successfully opposed a frivolous anti-SLAPP motion that was paired with a motion to dismiss. (Mot. at 10-11, citing *Kailikole v. Palomar Community College Dist.,* 2020 WL 6203097 at *4 (S.D. Cal. Oct. 22, 2020).) Defendants never mention *Kailikole*,[4] do not take issue with the applicability of the *Kailikole* formula to the present case, do not object to the declaration setting out counsel's application of the formula, and do not question counsel's math.

Instead, Defendants make two arguments about the number of hours at issue on this motion: (1) that billing records are required on an anti-SLAPP fee motion (Opp. at 8); and (2) that the hours incurred to oppose the anti-SLAPP motion are excessive because the only argument Plaintiff needed to defeat the anti-SLAPP motion was to note that an anti-SLAPP motion cannot be brought against federal claims. (*Id.* at 4:11-15.) Both arguments fail.

---

purely strategic purposes." *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 195 (2005) (alteration in original).
[4] *Kailikole* also undercuts Defendants' *Wiland Sliding Doors* case by concluding that an anti-SLAPP motion was frivolous even though it was paired with a motion to dismiss. Defendants' failure to address *Kailikole* is even more telling as a result.

1  First, in support of their "billing records" argument, Defendants rely on *Gonzalez v. City of Maywood*, which is distinguishable because it involved a fee award in a federal civil rights case. *See* 729 F.3d 1196, 1200 (9th Cir. 2013). By contrast, "[s]tate law governs awards of attorney's fees under CCP § 425.16(c)." *In re Richards*, 655 B.R. 782, 799 (9th Cir. B.A.P. 2023); *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999) (noting that "the availability of fees and costs" under California's anti-SLAPP statute involves substantive state law interests under *Erie* doctrine). And under California law, billing records are not necessary to support an award of fees in the anti-SLAPP context. *See Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 487-88 (2014) (cited in Mot. at 10); *cf. Concepcion v. Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 1324 (2014) (cited in Mot. at 10, addressing fee awards generally and gathering numerous authorities). Accordingly, post-*Gonzalez* federal cases hold, in accordance with California law, that anti-SLAPP fees can be established either by declaration or by billing records. *See In re Richards*, 655 B.R. at 799 (referring solely to declaration and not billing records in affirming fee award); *see also Youngevity International v. Smith*, 2020 WL 7048672, at *3 (S.D. Cal. Oct. 7, 2020) (cited in Mot. at 10) (noting that "[i]t is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method," quoting *Concepcion*, 223 Cal. App. 4th at 1324). Defendants never mention *Youngevity*, *Lunada Biomedical*, or *Concepcion*.

Defendants' second argument is simply wrong, as demonstrated in the Opposition itself. Plaintiff did not oppose the anti-SLAPP motion only to the extent it was directed at his *federal* claim. Rather, Defendants also directed their anti-SLAPP arguments at Plaintiff's state-law claims (*see* Dkt. 23 at 2, 19-23), and Plaintiffs successfully defeated the motion as to the state claims as well. Defendants eventually concede the point, admitting that "the bulk of the anti-SLAPP motion work was focused on the state law claims to which the anti-SLAPP arguments could potentially have resulted in a dismissal." (Opp'n at 8:23-25; *see also id.* at 4:9-11.) Finally, as to the time incurred to show that an anti-SLAPP motion cannot be raised against federal claims, Defendants admit they "did not attempt to rebut [Plaintiffs' argument] on reply" (Opp'n at 8-9), in an apparent attempt to minimize the hours that

"should" have been incurred in opposition.[5]  Defendants' concession says less to the reasonableness of the amount of time counsel incurred as it does to the *frivolity* of Defendants' motion, underscoring the propriety of awarding fees here.

## IV.     CONCLUSION

Defendants' opposition is riddled with non-sequiturs, irrelevant asides, and misstatements of the relevant law, while repeatedly conceding critical points of fact and law regarding the frivolity of their anti-SLAPP motion and the reasonableness of Plaintiff's fee request.  All of these only confirm the conclusion that Defendants continue to make frivolous arguments. Accordingly, the Court should grant Plaintiff's motion and award attorney's fees in the amount of $17,929.40.

Dated:  August 8, 2024				WINSTON & STRAWN LLP


By:   */s/ Paul B. Salvaty*
	Abbe David Lowell
	Paul B. Salvaty
	Gregory A. Ellis
	Attorneys for Plaintiff
	ROBERT HUNTER BIDEN

---

[5] In this connection, Defendants point to the amount of space in their moving papers devoted to the application of the anti-SLAPP motion to plaintiffs' federal claims. (Opp. 4:16-23.)  This argument is another non-sequitur, for it does not speak to the time necessary to oppose the motion on this issue.  The larger point, which Defendants miss, is that *no part* of their anti-SLAPP motion should have been aimed at the federal claims as a matter of law.

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for plaintiff Robert Hunter Biden, certifies that this brief contains 1,908 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 8, 2024            WINSTON & STRAWN LLP


By: ____*/s/ Gregory A. Ellis*_____
       Gregory A. Ellis