UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT HUNTER BIDEN,** | Case No. 2:23-cv-07593-HDV-KS |
| Plaintiff, | **ORDER GRANTING PLAINTIFF ROBERT HUNTER BIDEN'S MOTION FOR ATTORNEY'S FEES INCURRED IN OPPOSITION TO ANTI-SLAPP MOTION** |
| v. | |
| **GARRETT ZIEGLER, et al.,** | **[DKT. NO. 52]** |
| Defendants. | |

## I. INTRODUCTION

This action arises out of Plaintiff Hunter Biden's allegation that Defendant Garret Ziegler illegally accessed, manipulated, and damaged his data in violation of federal and state computer fraud statutes. On December 21, 2023, Defendants filed a motion to dismiss on various jurisdictional grounds, and included a motion to strike pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. The Court denied the motion in its entirety. [Dkt No. 50].

Plaintiff now moves for attorney's fees relating to the time spent litigating Defendants' unsuccessful anti-SLAPP arguments. California's anti-SLAPP statute expressly ***mandates*** an award of fees where a litigant's arguments are found to be "frivolous" or "solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 425.16(c)(1). That standard is amply met here. For the reasons discussed below, the Court finds that Defendants' anti-SLAPP motion was totally devoid of merit and consequently awards reasonable attorney's fees in the amount of $17,929.40.

Plaintiff's motion for fees is granted.

## II. BACKGROUND

Plaintiff filed its Complaint on September 13, 2023, asserting one federal claim for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and two state claims for violation of California's Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), Cal. Penal Code § 502, and California's Unfair Competition Law, Business & Professions Code §§ 17200 et seq. Complaint. [Dkt. No. 1].

On December 21, 2023, Defendants filed a motion to dismiss Plaintiff's suit pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. Motion to Dismiss ("MTD") [Dkt. No. 23]. The Court heard oral argument on May 16, 2024, and denied the Motion on June 20, 2024. [Dkt No.50].

Before the Court is Plaintiff's Motion for Attorney's Fees Incurred in Opposition to the anti-SLAPP Motion ("Motion") [Dkt. No. 52]. The Court heard oral argument on August 22, 2024, and took it under submission. [Dkt. No. 65].

## III. LEGAL STANDARD

California law recognizes that a certain type of lawsuit—specifically, a "strategic lawsuit against public participation," or "SLAPP"—is often filed for the improper purpose of "chill[ing] the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a); *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 59 (Cal. 2002). To guard against these pernicious suits, the California Code of Civil Procedure provides an "anti-SLAPP" mechanism whereby a litigant can bring a special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1).

But a frivolous anti-SLAPP motion has consequences too. If a defendant's attempt to mobilize the anti-SLAPP statute is found to be "frivolous" or "solely intended to cause unnecessary delay," the court "*shall* award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added). This fee provision applies in federal court and, if triggered, is mandatory. *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1181–1182 (S.D. Cal. 2008). Frivolous in the context of an anti-SLAPP motion means "'totally and completely without merit'" such that "'any reasonable attorney would agree such motion is totally devoid of merit.'" *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (Cal. Ct. App. 2004).

## IV. DISCUSSION

### A. Frivolousness

#### 1. Federal Claim Under CFAA

Plaintiff's Complaint asserts one federal claim for a violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. *See* Complaint at 8–9. Defendants' MTD invoked the anti-SLAPP procedures as to all claims, including Plaintiff's federal claim under CFAA. MTD at 22–23.

There can be no dispute that Defendants' anti-SLAPP challenge of Plaintiff's CFAA claim was "totally and completely without merit." *Moore*, 116 Cal. App. at 199. Black letter law is crystal clear that an anti-SLAPP motion cannot be used against a federal cause of action. *Hilton v.*

*Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims."); *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) ("[a]lthough the anti-SLAPP statute does apply to state law claims brought in federal court, [] it does not apply to federal question claims in federal court.") (citation omitted). And where—as here—the result of an anti-SLAPP motion is obvious, and the argument made in its favor is pellucidly without merit, it is frivolous. *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 430 (9th Cir. 1983).[1]

### 2. State Law Claims

Plaintiff's Complaint also avers two state law claims for violation of California's Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), Penal Code § 502, and California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq*. *See* Complaint 9–11. Defendants' motion to dismiss invoked the anti-SLAPP procedures on both of these claims. MTD at 23. Again, the Court's Order denied the motion finding that the anti-SLAPP procedures did not apply to these claims. Order at 17–18. [Dkt No. 50].

In opposing the motion for fees, Defendants essentially make three arguments. First, they contend that the anti-SLAPP was not frivolous because the alleged hack never happened—i.e., that Defendants have "proffered substantial evidence that no alleged 'hack' took place" and that Defendants merely received information. Opposition at 6. Second, they maintain that the anti-SLAPP motion was brought in good faith because Plaintiff's motivation in bringing the action was to retaliate for Defendants' website. *Id*. at 3. And third, Defendants point to the Order in *Morris v. Ziegler et al.*, No. 23-SM-cv-01418, in which Judge Epstein from the Los Angeles Superior Court granted an anti-SLAPP motion, in part, on (purportedly) similar claims. *Id*. at 7.

None of these arguments have any merit.

---

[1] Defendants attempt to minimize the importance of this argument by arguing that it was a "small" part of the overall length of the motion. Opposition at 5. But frivolousness is not measured by word count. The fact remains that Defendants patently sought to use the anti-SLAPP procedures to dismiss a federal claim, and there was absolutely no legal basis to do so.

Defendants' "we didn't do it" defense is highly contested and extremely fact-specific. Defendants' proffer in the motion to dismiss does not begin to establish at this stage of the litigation that there is no factual basis for the alleged conduct. But even if it did, it would not transform the alleged activity that forms the basis of the Complaint—namely, the computer hacking—into a *protected* activity subject to an anti-SLAPP motion. For that reason, the argument fails as a matter of law. *See Malin*, 217 Cal. App. 4th at 1304 (citing *Gerbosi v. Gaims, Weil, W. & Epstein, LLP*, 193 Cal. App. 4th 435, 446 (2011) ("A showing that a defendant did not do an alleged activity is not a showing that the alleged activity is a protected activity.").

Defendants' second argument fares no better. Even assuming *arguendo* that Plaintiff's lawsuit was triggered by a retaliatory motive, an anti-SLAPP motion is only proper if the legal claim itself "arises from" the protected activity. *See Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) ("that a cause of action arguably may have been 'triggered' by protected activity does not entail it is one arising from such."); *see also Moore v. Shaw*, 116 Cal. App. 4th 182, 195 (Cal. Ct. App. 2004) (distinguishing "arising from" which is the proper standard and "in response to" which is not); *Episcopal Church Cases*, 45 Cal. 4th 467, 478 (2009) ("[t]he additional fact that protected activity may lurk in the background—and may explain why the rift between the parties arose in the first place—does not transform a property dispute into a SLAPP suit."); *Copenbarger v. Morris Cerullo World Evangelism*, 215 Cal. App. 4th 1237, 1245 (Cal. Ct. App. 2013) (explaining the distinction between protected activity forming the "basis" or "cause" of the suit warranting anti-SLAPP application, versus merely "preceding" or "triggering" the suit where anti-SLAPP is inapplicable). Stated differently, the "critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." *Navellier*, 29 Cal. 4th at 89 (emphasis in original). Here, it is beyond peradventure that the state law claims themselves are not legally based on the publication of news (protected activity), but rather on the illegal ways in which Plaintiff's information was allegedly accessed and collected.

Finally, Judge Epstein's decision in *Morris v. Ziegler* does not provide any justification for Defendants' anti-SLAPP motion here. The plaintiffs in that case sued Ziegler for allegedly impersonating a donor over the telephone in order to elicit information. While Judge Epstein

analyzed the First Amendment implications of those acts, the decision is unavailing because the claims in *Morris* themselves arose from arguably protected conduct and have no similarity to what is alleged in the present action.

### B. Calculating the Lodestar

To determine an award of attorney's fees, courts normally begin by calculating the "lodestar." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). This requires multiplying the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). District courts may rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees," *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cit. 2011), and at the same time may "exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is the burden of the party moving for attorney's fees to establish their entitlement thereto, with evidence that allows the court to "consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 486–487 (Cal. Ct. App. 2014).

#### 1. Billing rates

An hourly rate is deemed reasonable by the market rates in the relevant community—"the forum in which the district court sits"— for "'similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). A district court must rely on more than just the declarations of the attorney in assessing what is a reasonable rate. *See Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984) (requiring evidence "*in addition to* the attorney's own affidavits") (emphasis added).

Here, Plaintiff is requesting fees for two of the four attorneys that worked on this matter: Gregory A. Ellis (of counsel) and Paul B. Salvaty (partner). Motion at 9; Declaration of Gregory A. Ellis ("Ellis Decl.") ¶¶ 4, 9. Mr. Ellis' billing rate for this matter is $1,135.00 and Mr. Salvaty's rate is $1,480.00. Ellis Decl. ¶ 13. Given the experience and resumes of Plaintiff's counsel, *Id.* ¶¶ 2–3,

5–6, it is unsurprising that Defendants do not challenge the reasonableness of these rates. The Court is aware of other courts in this district awarding fees of up to $1,500.00 per hour for similarly situated counsel. *See e.g., Reffel v. Berryhill*, No. ED-CV-16-1985-AS, 2019 WL 2902699, at *3–4 (C.D. Cal. Apr. 5, 2019). The Court finds the rates of Mr. Ellis and Mr. Salvaty to be reasonable.

### 2. Hours billed

Under California law—applicable here on the issue of fees—a party can carry its burden of establishing the reasonableness of the hours expended "by submitting a declaration from counsel instead of billing records or invoices." *Lunada Biomedical*, 230 Cal. App. 4th at 488. Plaintiff is seeking fees for 13.28 hours—8.28 hours incurred by Mr. Salvaty in opposing the original anti-SLAPP motion and 5 hours incurred by Mr. Ellis in preparation of the instant motion. Ellis Decl. ¶¶ 9, 11–12; Motion at 10. Notably, Defendants also refrain from challenging this Motion on the grounds that the hours billed were not reasonable. That may be because Plaintiff unilaterally made two reasonable diminutions: first, cutting in half the number of attorneys for whom fees are being requested, and second, applying the *Kailikole v. Palomar Cmty Coll. Dist.* formula to reduce Mr. Salvaty's hours from 52.4 to 8.28. Ellis. Decl. ¶ 11; No. 18-CV-02877-AJB-MSB, 2020 WL 6203097 (S.D. Cal. Oct. 22, 2020). Defendants concede that spending 5 hours in preparing the instant Motion was reasonable. Opposition at 8, n.2.

Instead, Defendants argue that by failing to provide detailed time entries, Plaintiff failed to provide the necessary evidence to support its fee request. Opposition at 8. The Court disagrees. Again, detailed time records are not necessary and a declaration can suffice as evidence to support a motion for attorney's fees. *Lunada Biomedical*, 230 Cal. App. 4th at 488. The Court has reviewed the hours billed and finds that the number of hours requested by Plaintiff's counsel are reasonable.

### V.   CONCLUSION

For the foregoing reasons, the Court ***grants*** Plaintiff's Motion for Attorney's Fees and awards reasonable fees and costs in the amount of $17,929.40.

Dated: September 9, 2024

Hernán D. Vera
United States District Judge