PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice*)
AbbeLowellPublicOutreach@winston.com
**WINSTON & STRAWN LLP**
1901 L St., N.W.
Washington, DC 20036-3508
Telephone:   (202) 282-5875
Facsimile:   (202) 282-5100

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
**EARLY SULLIVAN WRIGHT GIZER & McRAE LLP**
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, CA 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARRETT ZIEGLER, an individual; ICU, LLC, a Wyoming Limited Liability Company d/b/a Marco Polo; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.: 2:23-cv-07593-HDV-KS**<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:        November 12, 2024<br>Time:       10:00 a.m.<br>Place:       5B |

Plaintiff Robert Hunter Biden ("Plaintiff") and Defendants Garrett Ziegler and ICU, LLC ("Defendants") (jointly referred to as the "Parties"), hereby submit this Joint Rule 26(f) Report and Discovery Plan, pursuant to the Court's August 23, 2024, Order (Dkt. 66) as follows:

1. **Statement of the Case:**

Plaintiff initiated this action on September 13, 2023, alleging claims for relief against Defendants for violation of the Computer Fraud and Abuse Act ("CFAA"), violation of the California Computer Data Access and Fraud Act ("CCDAFA"), and violation of California Business & Professions Code Section 17200, et seq. (the "UCL"). (Dkt. 1.) After their motion to recuse and motion to dismiss were denied, Defendants answered on July 30, 2024. Defendants' answer includes a mixture of denials and admissions. Defendants have asserted thirty affirmative defenses, on various legal and equitable grounds. (Dkt. 59.)

**Plaintiff's Statement**:

Plaintiff asserts that Defendants have accessed his personal data without his permission, then attempted to monetize the data through various means. In 2021, Defendant Garrett Ziegler obtained Plaintiff's personal data. Although Defendants have yet to detail precisely how they obtained the data, in a published interview, Ziegler claims to have obtained a hard drive containing Plaintiff's data from third party Jack Maxey. In July 2021, Defendant Ziegler formed Defendant ICU. In mid-2021 through late 2022, Defendants made efforts to access, analyze, and manipulate Plaintiff's data, without Plaintiff's authorization. These efforts included locating and attempting to use "passkeys" which Ziegler analogized to passwords. In May 2022, Defendants used Plaintiff's data to create what Ziegler has described as an "online searchable database" of 128,000 emails found in Plaintiff's data, and in October 2022, Defendants published a voluminous report entitled "Report on the Biden Laptop" (the "Report"), based on Plaintiff's data. Defendants published the report in both online and in hardcopy form, and solicit monetary donations on ICU's website. Defendants also created a website that posted and catalogued

thousands of photos that Defendants claim to have obtained from Plaintiff's iPhone backup file. It is presently unclear how much money Defendants have obtained as a result of their unauthorized access and use of Plaintiff's data. Plaintiff has notified Defendants that they are not authorized to access his data, that they should cease doing so, and that they should return any of Plaintiff's data to him immediately. Defendants have refused to comply and have continued to engage in their unlawful activities, including continuously accessing and attempting to monetize Plaintiff's data for their own personal benefit.

**Defendants' Statement:**

Defendants assert that Plaintiff abandoned his laptop at a computer repair shop in Wilmington, Delaware, owned by John Paul Mac Isaac. Mr. Isaac subsequently reported the contents of the data contained on Plaintiff's laptop to the FBI who in turn secured the laptop and have used it as part of criminal investigations into Plaintiff. Prior to Defendants' obtaining a copy of Plaintiff's hard drive, it was provided to legal counsel for Rudy Guiliani and uploaded to the file sharing website MEGA.NZ, which is a website accessible to any member of the public with an internet connection. Defendants further contend that their access and use of the data is not wrongful as they merely reviewed and organized data that was publicly available. Defendants had no role whatsoever in Plaintiff losing custody and/or control over his devices or data so that said devices and data were available to any member of the public. Defendants have simply reported on the information, which is of great public interest given Plaintiff's father was the President of the United States at the time, and the information reported on involved investigations of foreign influence and potential violations of state and federal law.

**2.   Subject Matter Jurisdiction:**

As the Court previously determined, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under the laws of the United States, such as Plaintiff's claim under the CFAA. (Dkt. 50 at 4-6; *see also* Dkt. 1.) The Court also determined that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which gives district courts original subject matter jurisdiction over all civil

actions in which the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. (Dkt. 50 at 6 n.3; *see also* Dkt. 1.)

**3.    Legal Issues:**

The key legal issues presented by this case are whether the hard drive and iPhone backup file constitute a "computer" for purposes of the CFAA and CCDAFA; whether Defendants' conduct in receiving, accessing, manipulating and publishing Plaintiff's personal data on the hard drive and iPhone backup file constitute violations of the CFAA, CCDAFA, and UCL, and if so, the damages recoverable from those violations.

**4.    Parties, Evidence, Etc.:**

**Parties**

The Parties in this case are Plaintiff Robert Hunter Biden, Defendant Garrett Ziegler, and Defendant ICU, LLC.

**Plaintiff's Witnesses**

1. Plaintiff
2. Defendant Garrett Ziegler
3. Third parties who assisted Defendants in accessing, manipulating, and/or publishing Plaintiff's data, including but not limited to Jack Maxey.

Plaintiff reserves the right to amend this list as appropriate.

**Defendant's Witnesses**

1. Plaintiff
2. Garrett Ziegler
3. Third parties who obtained the laptop and data prior to Defendant obtaining copies of Plaintiff's data.

Defendant reserves the right to amend this list as appropriate.

**Key Documents**

Key documents will include the hard drive obtained by Defendants and the data contained therein; documents reflecting how Defendants accessed Plaintiffs' data on the hard drive; documents reflecting communications between parties and witnesses

concerning custody of the laptop and the data; the "Biden Report" and documents reflecting the amounts of money Defendants received from their publication of the "Biden Report," and documents evidencing Plaintiff's damages.

5. **Damages:**

   **Plaintiff's Position**

   Plaintiff seeks actual damages as a result of the harm resulting from Defendants' unauthorized access to and manipulation of his personal data, as well as punitive and exemplary damages for their willful, oppressive, fraudulent and malicious conduct. Plaintiff also seeks any other relief that may be appropriate under law or in equity, including disgorgement of money obtained by Defendants as a result of their wrongful conduct and injunctive relief preventing Defendants from accessing, tampering with, manipulating, or copying Plaintiff's data.

   **Defendants' Position:**

   Defendants' position is that Plaintiff is not entitled to any damages. Moreover, Defendants assert the damages Plaintiff contends it will seek are not authorized by the statutes at issue.

6. **Insurance:**

   Insurance coverage does not exist for this case.

7. **Motions:**

   (a)   **Procedural Motions:**  Plaintiff does not currently anticipate any motions to add other parties or claims, transfer venue, or challenge the court's jurisdiction. Although not anticipated at this time, Plaintiff reserves the right to seek to amend the complaint based on further discovery and to file discovery motions as necessary.

   **Defendants:** Defendants do not currently anticipate any procedural motions. Defendants reserve their right to seek to amend their answer based on further discovery.

   (b)   **Dispositive Motions:** Plaintiff does not believe that there are any issues that are appropriate for resolution by motion at this time given the early stage of the case.

However, Plaintiff reserves the right to file dispositive motions as appropriate based on further discovery.

**Defendants:** Defendants are contemplating filing a motion for summary judgment/partial summary judgment as it seems likely discovery will reveal the key issues of dispute in the case will be matters of law and not factual disputes, e.g., whether the hard drive and data available to the Defendants constitute a computer within the definition of the relevant statutes.

(c) **Class Certification Motion:** Not applicable.

**8. Discovery.**

(a) **Status of Discovery**

The Parties have commenced discovery in this case.

(b) **Discovery Plan**

The Parties do not believe that any changes to the limitations on the timing, form, or requirement for disclosure under FRCP Rule 26(a) should be imposed. The Parties are committed to complying with the Federal Rules and the Court's Local Rules and are further committed to using the meet-and-confer process throughout the discovery period. Pursuant to FRCP Rule 26(f)(3), the Parties propose the following discovery plan:

(a) The Parties expect to make their initial disclosures on or by November 5, 2024.

(b) laintiff intends to serve written discovery requests on Defendants including without limitation document requests, requests for admission, and special interrogatories, and take depositions of percipient witnesses regarding Defendants' conduct and third parties who assisted Defendants with accessing, manipulating, and/or publishing Plaintiff's personal data. Defendants likewise intend to serve written discovery requests on Plaintiff, including without limitation: document requests, requests for admission, special interrogatories. Defendants further plan on taking, without limitation, the depositions of percipient witnesses.

**(c)** The Parties do not wish to conduct discovery in phases.

**(d)** The Parties intend to submit a proposed Stipulated Protective Order for the production and handling of any confidential information and documents to be produced in this case. The Parties will also confer in good faith to prepare a protocol for the production of electronically stored information ("ESI").

**(e)** The Parties agree to email service of discovery and case-related documents.

**(f)** The Parties do not anticipate any issues with preserving discoverable information at this time.

**(c)** **Discovery Cut-Off:**

Plaintiff proposes a fact discovery cut-off date of **April 1, 2025.** *See also* Schedule of Pretrial Dates Worksheet, attached.

Defendants agree with Plaintiff's proposed fact discovery cut-off date of April 1, 2025, as well as the other proposed dates referenced in the Schedule of Pretrial Dates Worksheet attached hereto.

**(d)** **Expert Discovery**

The Parties intend to use 1-2 experts each at trial.

Plaintiff suggests the following schedule for expert discovery: initial reports due **April 8, 2025**; rebuttal reports due **April 22, 2025**; and an expert discovery cut-off of **May 8, 2025**. *See also* Schedule of Pretrial Dates Worksheet, attached.

Defendants agree with Plaintiff's proposed schedule for expert discovery pursuant to the Schedule of Pretrial Dates Worksheet attached hereto.

**(e)** **Settlement/ADR:**

The Parties have not yet engaged in settlement efforts or talks but are agreeable to participating in a settlement conference before the Magistrate Judge assigned to this case. They believe that an appropriate time for participating in such a settlement conference

would be after completion of fact discovery and prior to the expert discovery cut-off deadline.

**(f)    Trial**

  **i.    Trial Estimate**

The Parties estimate that the trial will take eight days (one day to select the jury and seven days to present evidence and argument). The trial length is appropriate due to the long time frame of the underlying dispute, the potential number of third party witnesses, and the likely extensive testimony the parties will elicit from their respective computer forensics efforts.

Plaintiff proposes a trial date of **September 9, 2025**. Although more than 18 months after the filing of the complaint, this date is appropriate due to the early motion practice challenging the pleadings and seeking recusal of the presiding Judge, and Defendants' appeal from a portion of this Court's denial of the anti-SLAPP motion included in their motion to dismiss. The proposed trial date would also allow for trial to be completed before the Jewish holiday season, which would avoid any logistical complications that would arise from requiring Plaintiff's lead trial counsel to participate in trial while observing the Jewish holidays.

  **ii.    Jury or Court Trial**

The parties request a jury trial.

  **iii.    Consent to Trial Before a Magistrate Judge**

The parties do not consent to trial before a Magistrate Judge.

  **iv.    Lead Trial Counsel**

Plaintiff's lead trial counsel will be Abbe David Lowell of Winston & Strawn LLP, assisted by Paul Salvaty and Gregory Ellis of Winston & Strawn LLP and Bryan M. Sullivan of Early Sullivan Wright Gizer & McRae LLP. Defendants' lead trial counsel will be Robert Tyler of Tyler Law LLP, assisted by Nathan Klein and Bradley Greenman of Tyler Law LLP.

**(g)   Independent Expert or Master**

The parties do not believe it will be appropriate or necessary for the Court to appoint a master or independent scientific expert.

**(h)   Other Issues**

Use of the Manual for Complex Litigation is not warranted.  The Parties are not aware of any other matters that would facilitate the just, speedy, and inexpensive disposition of this matter.  The Parties will continue to negotiate in good faith on how they might best move this action forward with these principles in mind.

                                                Respectfully submitted,

Dated: October 29, 2024           WINSTON & STRAWN LLP

                                                By: */s/ Paul Salvaty*
                                                    Paul Salvaty
                                                    Abbe David Lowell

                                              EARLY SULLIVAN WRIGHT
                                              GIZER & McRAE LLP

                                              By: */s/ Bryan M. Sullivan*
                                                   Bryan M. Sullivan
                                                  Zachary C. Hansen

                                              Attorneys for PLAINTIFF
                                              ROBERT HUNTER BIDEN

Dated: October 29, 2024          TYLER LAW, LLP

                                              By: */s/ Nathan R. Klein*
                                                  Nathan R. Klein
                                              Attorneys for DEFENDANT
                                              GARRETT ZIEGLER

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3(a)(2)(i)**

I, Paul Salvaty, am the ECF User whose identification and password are being used to file this joint report. Per Local Rule 5-4.3(a)(2)(i), I hereby attest that all other signatories listed and whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 29, 2024          By: */s/ Paul Salvaty*
                                         Paul Salvaty

# JUDGE HERNÁN D. VERA
# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court <u>ORDERS</u> the parties to make every effort to agree on dates.*

<u>Note</u>: Hearings shall be on Thursdays at 10:00 a.m.
Other dates can be any day of the week.

| Case No. 2:23-cv-07593 HDV-KS | Case Name: Biden v. Ziegler, et al. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | **Timing** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [☒] Jury Trial or [☐] Court Trial (<u>Tuesday</u> at 9:00 a.m.) Estimated Duration: 7-8 Days | Within 18 months after Complaint filed | 09/09/2025 | 09/09/2025 | [☐] Jury Trial [☐] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] (<u>Tuesday</u> at 10:00 a.m.) | 21 days before trial | 08/19/2025 | 08/19/2025 | |
| Hearing on Motions In Limine | 28 days before trial | 08/14/2025 | 08/14/2025 | |
| **Event** | **Weeks After Scheduling Conference** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings / Add Parties | 6 | 01/09/2025 | 01/09/2025 | |
| **Event[1]** | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Fact Discovery Cut-Off (**no later than deadline for <u>filing</u> dispositive motion**) | 22 | 04/01/2025 | 04/01/2025 | |
| Expert Disclosure (Initial) | 21 | 04/08/2025 | 04/058/2025 | |
| Expert Disclosure (Rebuttal) | 19 | 04/22/2025 | 04/22/2025 | |
| Expert Discovery Cut-Off | 17[2] | 05/08/2025 | 05/08/2025 | |
| Last Date to <u>Hear</u> Motions | 11 | 06/19/2025 | 06/19/2025 | |
| Deadline to Complete Settlement Conference [L.R. 16] <u>Select</u> one: [☒] 1. Magistrate Judge *(with Court approval)* [☐] 2. Court's Mediation Panel [☐] 3. Private Mediation | 6 | 07/11/2025 | 07/11/2025 | [☐] 1. Mag. J. [☐] 2. Panel [☐] 3. Private |

---

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. <u>Class actions and patent and ERISA cases in particular may need to vary from the above.</u>**

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

| Event | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 4 | 07/22/2025 | 07/22/2025 | |
| • Trial Filings (second round)<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 08/05/2025 | 08/05/2025 | |