ABBE DAVID LOWELL
*AbbeLowellPublicOutreach@winston.com*
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

BRYAN M. SULLIVAN, State Bar Number 209743
*bsullivan@earlysullivan.com*
ZACHARY C. HANSEN, State Bar Number 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
Robert Hunter Biden

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ROBERT HUNTER BIDEN, an individual,

Plaintiff,

vs.

GARRETT ZIEGLER, an individual, ICU, LLC, a Wyoming Limited Liability Company d/b/a Marco Polo, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:23-cv-07593-HDV-KS

*Assigned to:*
*District Judge Hernán D. Vera*

**PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF *EX PARTE* APPLICATION FOR AN ORDER AND *EX PARTE* APPLICATION FOR AN ORDER TO VOLUNTARILY DISMISS ACTION PURSUANT TO FED. RULE CIV. PROC. 41(a)(2)**

[*Declarations of Robert Hunter Biden and Bryan M. Sullivan, Esq.; and [Proposed] Order filed and served concurrently herewith*]

Place: Ctrm. 5B
Judge: Hon. Honorable Hernan D. Vera

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby applies *Ex Parte* to this Court for an Order voluntarily dismissing this case pursuant to Rule 41(a)(2). Plaintiff respectfully requests that this *Ex Parte* Application be resolved on the papers, without oral argument, in Courtroom 5B before District Court Judge Vera. This application is being made on the basis that good cause exists to grant this Application because Plaintiff does not have the resources to continue to litigate this matter. Plaintiff has suffered a significant downturn in his income and has significant debt in the millions of dollars range. Moreover, this lack of resources has been exacerbated after the fires in the Pacific Palisades in early January upended Plaintiff's life by rendering his rental house unlivable for an extended period of time and, like many others in that situation, Plaintiff has had difficulty in finding a new permanent place to live as well as finding it difficult to earn a living. So, Plaintiff must focus his time and resources dealing with his relocation, the damage he has incurred due to the fires, and paying for his family's living expenses as opposed to this litigation.

Exigent circumstances and good cause justify the *ex parte* relief sought herein because the fact discovery cut-off is April 1, 2025 and the Parties have not taken any depositions in this matter and if this relief were sought via a noticed motion on the statutory notice timeline, it would be mid-April before a resolution is reached, which would be after the non-expert discovery cut-off and the Parties would incur significant fees dealing with discovery issues that may not be necessary if this Application is granted on an *ex parte* basis.

On the morning of March 5, 2025, Plaintiff's counsel provided Notice of this *ex parte* application to Defendants' counsel by telephone and email, as required by the Central District of California Local Rules and the Court's Civil Standing Order

/ / /



(Dkt. No. 13). In prior correspondence notifying Defendant's counsel of the same on March 4, 2025, Defendants' counsel indicated that Defendant's would oppose this application.

This application is based upon the accompanying Memorandum of Points and Authorities, the declaration of Robert Hunter Biden and Bryan M. Sullivan, as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

Dated: March 5, 2025

EARLY SULLIVAN WRIGHT
GIZER & MCRAE LLP

By: */s/ Bryan M. Sullivan*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Plaintiff*
*Robert Hunter Biden*



# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .... 1

II. PROCEDURAL POSTURE OF THE CASE .... 2

III. EXIGENT CIRCUMSTANCES JUSTIFY *EX PARTE* RELIEF .... 4

IV. ARGUMENT .... 4

A. THE COURT HAS THE AUTHORITY TO PERMIT DISMISSAL OF THIS ACTION UNDER RULE 41(A)(2) WHERE PLAINTIFF LACKS THE RESOURCES TO CONTINUE THE ACTION. .... 4

B. DISMISSAL WILL NOT RESULT IN LEGAL PREJUDICE TO DEFENDANTS. .... 7

C. DISMISSAL WITHOUT PREJUDICE SHOULD NOT BE BASED ON ANY CONDITIONS .... 8

V. CONCLUSION .... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*aff'd,*
72 F.3d 766 (9th Cir. 1995) ........ 8

*Arteris S.A.S.,*
2013 WL 3052903, at *4 ........ 9

*Beckett,*
2012 WL 479593, at *3 ........ 9

*Bennett v. Dhaliwal,*
721 Fed. Appx. 577, 578 (9th Cir. 2017) ........ 7

*Brown v. Baeke,*
413 F3d 1121, 1123 (10th Cir. 2005) ........ 5

*Burnette v. Godshall,*
828 F. Supp. 1439, 1443 (N.D. Cal. 1993) ........ 8, 9

*cert. denied sub nom.*
139 S.Ct. 269 (2018) ........ 7

*Copeland v. Hiram Twp.,*
2019 WL 1980507, at *2 (N.D. Ohio May 3, 2019) ........ 5, 6

*Corbett v. Pharmacare U.S., Inc.,*
2022 WL 2835847 (S.D. Cal. July 20, 2022) ........ 9

*Fisher v. Puerto Rico Marine Mgmt., Inc.,*
940 F.2d 1502, 1503 (11th Cir. 1991) (same) ........ 5

*Hamilton v. Firestone Tire & Rubber Co., Inc.,*
679 F.2d 143, 145 (9th Cir. 1982) ........ 4, 7

*Hepp v. Conoco, Inc.,*
97 Fed.Appx. 124, 125 (9th Cir. 2004) ........ 4

*Kamal v. Eden Creamery, LLC,*
88 F.4th 1268, 1279 (9th Cir. 2023) ........ 4

*Mallory v. Rush University Medical Center,*
2020 WL 6559155, *5 (N.D. Ill. Nov. 9, 2020) ........ 5, 6

*Quismundo v. Trident Society, Inc.,*
2018 WL 1963782, *2 (S.D. Cal. Apr. 15, 2018) ........ 7, 10

*Santa Rosa Memorial Hospital v. Kent,*
688 Fed. Appx. 492, 494 (9th Cir. 2017) ........ 10



*Smith v. Lenches*,
263 F.3d 972, 975 (9th Cir. 2001) .......... 4, 7, 8

*Stevedoring Servs. of Am. v. Armilla Intern. B. V.*,
889 F.2d 919, 921 (9th Cir. 1989) .......... 4, 5, 9

*Vector Envtl. Grp., Inc. v. 3M Co.*,
2006 WL 8433616, at *3 (E.D. Mich. Oct. 20, 2006) .......... 5, 6

*Westlands Water Dist.*,
100 F.3d at 97 .......... 7

*Williams v. Peralta Cmty. College Dist.*,
227 F.R.D. 538, 540 (N.D. Cal. 2005) .......... 9

*WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*,
655 F.3d 1039, 1058-59 n.6 (9th Cir. 2011) .......... 4

*Zanowick v. Baxter Healthcare Corp.*,
850 F.3d 1090, 1093 (9th Cir. 2017) .......... 7

**STATUTES**

Bus. & Prof. Code Sections 17200 .......... 2

Cal. Penal Code § 502 .......... 2

**FEDERAL STATUTES**

18 U.S.C. § 1030 .......... 2

**RULES**

Fed. Rules of Civ. Proc. 41 .......... passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Plaintiff Robert Hunter Biden ("Plaintiff") requests that the Court dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. While Plaintiff had factual and legal basis to bring and maintain this action, especially considering Defendants Garrett Ziegler's and ICU, LLC d/b/a Marco Polo's (collectively, "Defendants") admissions that they hacked Plaintiff's iCloud, Plaintiff does not have the resources to continue to litigate this matter. (Declaration of Robert Hunter Biden ("Biden Decl.") at ¶ 2). Plaintiff has suffered a significant downturn in his income over the past 18 months with reduced book and art sales, which has been his main source of income over the prior years. (Biden Decl., at ¶ 3). In addition, Plaintiff has significant debt in the millions of dollars range. (Biden Decl., at ¶ 4). Moreover, this lack of resources has been exacerbated after the fires in the Pacific Palisades in early January upended Plaintiff's life by rendering his rental house unlivable for an extended period of time and, like many others in that situation, Plaintiff has had difficulty in finding a new permanent place to live as well as finding it difficult to earn a living. (Biden Decl., at ¶ 5). So, Plaintiff must focus his time and resources dealing with his relocation, the damage he has incurred due to the fires, and paying for his family's living expenses as opposed to this litigation[1]. (Biden Decl., at ¶ 8).

[1] Plaintiff acknowledges that he has other civil actions pending and is assessing each one on a case-by-case basis to allocate his limited resources. (Biden Decl., at ¶ 7). Plaintiff cannot describe the details of those analyses as it involves attorney-client communications and the attorney work doctrine. (Biden Decl., at ¶ 7). For the case at bar, despite Defendants' public admissions that they "hacked" Plaintiff's iCloud and manipulated Plaintiff's data, given the procedural posture, the limited extent of discovery taken, and the need for expert testimony, Plaintiff has made the decision to request that this case be voluntarily dismissed without prejudice and not expend resources and time on this case. (Biden Decl., at ¶ 7).

Defendants will not suffer any legal prejudice by this voluntary dismissal without prejudice because they will not lose any rights or defenses and already took the opportunity to attack the pleadings on their motion to dismiss and anti-SLAPP motion, but lost. Since then, very limited discovery has occurred. (Declaration of Bryan M. Sullivan ("Sullivan Decl."), ¶¶ 2-4). In fact, Defendant did not propound any discovery until January 31, 2025 and it was not until February 11, 2025 that Defendants first served a deposition notice on Plaintiff and requested acceptance of service of a subpoena on Kevin Morris, Esq. (Sullivan Decl., ¶ 3). Indeed, Defendant just recently brought in new counsel in this action on February 21, 2025—less than two weeks ago. (Sullivan Decl., ¶ 4).

Accordingly, the Court should grant this Motion for Voluntary Dismissal pursuant to Rule 4l(a)(2).

## II. PROCEDURAL POSTURE OF THE CASE

The Complaint in this action was filed on September 13, 2023 asserting causes of action for (i) Violation Of The Computer Fraud And Abuse Act (18 U.S.C. § 1030), (ii) Violation Of The California Computer Data Access And Fraud Act (Cal. Penal Code § 502), and (iii) Bus. & Prof. Code Sections 17200 *Et Seq.* (Dkt #1). The crux of this action is that, since approximately December 2020, Defendants and their "team" of volunteers and independent contractors have spent countless hours accessing, tampering with, manipulating, altering, copying and damaging computer data that they do not own and that they claim to have obtained from hacking into Plaintiff's iPhone data and from scouring a copy of the hard drive of what they claim to be Plaintiff's "laptop" computer. (Dkt #1, ¶ 2). Further, Defendants admitted in public statements in December 2022 in an interview with Roger Stone as follows:

> And we actually got into his iPhone backup, we were the first group to do it in June of 2022, we cracked the encrypted code that was stored on his laptop. And more drug deals were in there, which set our, set our release date

back.

Biden Decl., ¶ 2.

On December 21, 2023, Defendants filed a motion to dismiss challenging the sufficiency of the Complaint's allegations, jurisdiction over Defendants, and under California's Anti-SLAPP statute. (Dkt #23). During the pendency of their motion to dismiss, on March 7, 2024, Defendants sought to recuse the assigned judge as being biased because the presiding judge was appointed by Plaintiff's father, President Joe Biden. (Dkt #35). That motion was denied on April 26, 2024. (Dkt #46). On June 6, 2024, the Court denied Defendants' motion to dismiss finding that Plaintiff properly alleged the causes of action asserted and that those causes of action do not implicate the First Amendment. (Dkt #50). On July 5, 2024, Plaintiff filed a motion for attorney's fees incurred in opposition to Defendants' anti-SLAPP motion (Dkt #52), which motion was granted on September 9, 2024 and attorney's fees were awarded to Plaintiff.

On November 12, 2024, the Court issued a minute order establishing all material dates relating to this case with the non-expert discovery cut-off being April 1, 2025. (Dkt# 72). Plaintiff served discovery on November 6, 2024 and Defendants responded on December 20, 2024, but Defendants' responses were minimal and likely will require motion practice as Plaintiff has been dealing with deficiencies with these responses. (Sullivan Decl., ¶ 2). It was not until two and a half months later on January 31, 2025 that Defendants propounded any written discovery and February 11, 2025 when they first requested Plaintiff's deposition and sought to serve non-party and Plaintiff's legal counsel, Kevin Morris, Esq., with a subpoena for deposition. (Sullivan Decl., ¶ 3). Additionally, for the first time, on February 21, 2025, Defendants indicated their intent to file a summary judgment motion. (Sullivan Decl., ¶ 4). While the Parties were in the meet and confer process over the discovery issues and Defendants' intended summary judgment motion, including a meet and confer discussion on February, 26, 2025, Plaintiff decided to seek to voluntarily dismiss this

action given all of the upcoming work and resulting fees to be incurred on this case. (Biden Decl., ¶ 6; Sullivan Decl., ¶ 5). After making this decision, on March 3, 2025, Plaintiff immediately informed Defendants of Plaintiff's intent to dismiss this action under Rule 41(a)(2). (Sullivan Decl., ¶ 6).

## III. EXIGENT CIRCUMSTANCES JUSTIFY *EX PARTE* RELIEF

Exigent circumstances and good cause justify the *ex parte* relief sought herein because the fact discovery cut-off is April 1, 2025 and the Parties have not taken any depositions in this matter and if this relief were sought via a noticed motion on the statutory notice timeline, it would be mid-April before a resolution is reached, which would be after the non-expert discovery cut-off and the Parties would incur significant fees dealing with discovery issues that may not be necessary if this Application is granted on an *ex parte* basis.

## IV. ARGUMENT

### A. THE COURT HAS THE AUTHORITY TO PERMIT DISMISSAL OF THIS ACTION UNDER RULE 41(A)(2) WHERE PLAINTIFF LACKS THE RESOURCES TO CONTINUE THE ACTION.

"Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023); *see also Hepp v. Conoco, Inc.*, 97 Fed.Appx. 124, 125 (9th Cir. 2004); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[W]here the request is to dismiss without prejudice, '[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.' " *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058-59 n.6 (9th Cir. 2011) (quoting *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)); *see also Stevedoring Servs. of Am. v. Armilla Intern. B. V.,* 889 F.2d 919, 921 (9th Cir. 1989) ("Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time."); *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir. 1982) ("courts generally *allow*

dismissal, even dismissal without prejudice, unless defendant will suffer "some plain legal prejudice" as a result"); *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (same); *Brown v. Baeke*, 413 F3d 1121, 1123 (10th Cir. 2005) (same). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs.,* 889 F.2d at 921 (internal cites omitted).

Several District Courts have previously held that an inability to continue litigation due to financial constraints can be a legitimate consideration for dismissing a case without prejudice. *See, e.g.*, *Copeland v. Hiram Twp.*, 2019 WL 1980507, at *2 (N.D. Ohio May 3, 2019) (finding as a "sufficient explanation for the necessity of the dismissal based upon [the plaintiff's] financial concerns and present inability to pay to continue this case based upon increasing costs for upcoming costly discovery disputes"); *Vector Envtl. Grp., Inc. v. 3M Co.*, 2006 WL 8433616, at *3 (E.D. Mich. Oct. 20, 2006) (finding that "the change in business climate" and the plaintiff's financial difficulties constituted "a sufficient explanation for [the plaintiff's] pursuit of a voluntary dismissal"); *Mallory v. Rush University Medical Center*, 2020 WL 6559155, *5 (N.D. Ill. Nov. 9, 2020) ("An inability to continue litigation due to financial constraints can be a legitimate consideration for dismissing a case without prejudice").

By way of example, in *Vector Envtl. Grp.*, 2006 WL 8433616, at *3, which involved a theft of trade secrets relating to painting of Ford automobiles, the plaintiff sought voluntary dismissal for the following reasons: (1) Ford purchases has decreased substantially; (2) the threat from Defendant resulted in Plaintiff having to undercutting its prices with Ford; (3) because of the business concerns, Plaintiff has been unable to focus on this action; and (4) Vector may have to reveal additional trade secrets. Defendant opposed dismissal on the ground that: (1) Defendant expended substantial effort and expense in defending and should not be faced with a second lawsuit; (2) Plaintiff violated a discovery order; (3) Plaintiff's motion is only in

response to Defendant's motion to dismiss for failing to respond to discovery requests; and (4) Plaintiff has not offered a sufficient explanation for the dismissal without prejudice, particularly because the case has been used to chill Defendant's business relationship with Ford. The Court found that the change in business climate and financial difficulties was a sufficient explanation for voluntary dismissal and rejected all of Defendant's arguments that it would suffer legal prejudice. The Court reasoned that discovery was not extensive at the time of dismissal and that the plaintiff's failure to comply with discovery requests was their desire to terminate the action. Finally, the Court stated that the fact that the defendant had not filed a motion for summary judgment weighs in favor of dismissal without prejudice.

Here, Plaintiff is in a similar position as the plaintiff in *Vector Envtl. Grp.*, 2006 WL 8433616, at *3, in that Plaintiff has suffered significant financial setbacks in the past year and cannot borrow any more money so he lacks the resources to continue this litigation at this time. (Biden Decl., at ¶¶ 3-4). Furthermore, this lack of resources has been exacerbated after the fires in the Pacific Palisades in early January upended the life of Plaintiff and his family by rendering his rental house unlivable for an extended period of time and, like many others in that situation, Plaintiff has had difficulty in finding a new permanent place to live as well as finding it difficult to earn a living. (Biden Decl., at ¶ 5). So, Plaintiff must focus his time and resources dealing with his relocation, repairing the damage he has incurred due to the fires, and paying for his family's living expenses as opposed to this litigation, especially considering that discovery disputes are arising and expert witness reports are due. (Biden Decl., at ¶¶ 6 and 8). Such is a sufficient reason to grant a Rule 41(a)(2) motion for voluntary dismissal. *See, e.g.*, *Copeland*, 1980507, at *2; *Vector Envtl. Grp.*, 2006 WL 8433616, at *3; *Mallory*, 2020 WL 6559155, *5. Additionally, Plaintiff acted diligently immediately informing Defendant as soon as Plaintiff decided to dismiss the case. (Biden Decl., ¶ 6; Sullivan Decl., ¶ 5-6).

/ / /

**B. DISMISSAL WILL NOT RESULT IN LEGAL PREJUDICE TO DEFENDANTS.**

"Within the Ninth Circuit a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quismundo v. Trident Society, Inc.,* 2018 WL 1963782, *2 (S.D. Cal. Apr. 15, 2018) (citing *Smith v. Lenches.* 263 F.3d 972, 975 (9th Cir. 2001)); *Bennett v. Dhaliwal,* 721 Fed. Appx. 577, 578 (9th Cir. 2017), *cert. denied sub nom.* 139 S.Ct. 269 (2018). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Zanowick v. Baxter Healthcare Corp.,* 850 F.3d 1090, 1093 (9th Cir. 2017); *Smith,* 263 F.3d at 976.

"Legal prejudice" under Rule 41(a)(2) "focuses on the rights and defenses available to a defendant in future litigation" such as whether "dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense" or when "dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Westlands Water Dist.*, 100 F.3d at 97 (citations omitted). The following arguments as claims of "legal prejudice" in the Rule 41(a)(2) dismissal requests have been rejected: (i) "Uncertainty because a dispute remains unresolved"; (ii) "the threat of future litigation...causes uncertainty"; (iii) that "the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal"; and (iv) the "expense incurred in defending against a lawsuit…." *Westlands Water Dist.*, 100 F.3d at 96–97; *Hamilton*, 679 F.2d at 145; *Zanowick,* 850 F.3d at 1093.

Here, Defendants will not lose any rights or defenses and already took the opportunity to attack the pleadings on their motion to dismiss and anti-SLAPP motion, but lost. Since then, very limited discovery has occurred. In fact, Defendants first served discovery on January 31, 2025 and on February 11, 2025 when Defendants served a deposition notice on Plaintiff and requested acceptance of service of a

subpoena on Kevin Morris, Esq. Indeed, Defendants brought in new counsel into this action on February 21, 2025—less than two weeks ago. To date, no depositions have occurred and no dispositive or discovery motions have been filed.[2] As such, Defendants will not be suffer legal prejudice by the dismissal of Plaintiffs' claims.[3]

### C. DISMISSAL WITHOUT PREJUDICE SHOULD NOT BE BASED ON ANY CONDITIONS

Given the posture of the case that Defendants did not propound discovery until January 31, 2025, no depositions have occurred, and no dispositive or discovery motions have been filed, the Court should not set conditions for the granting of this motion for voluntary dismissal. *Smith,* 263 F.3d at 976; *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995). The most common condition is that the dismissal be with prejudice, however, "[a] dismissal under Rule 41(a)(2) is normally without prejudice." *Smith,* 263 F.3d at 976. "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for

---

[2] While Defendants sent Plaintiff their portion of a summary judgment motion, they did so at almost 11:00 pm PST on March 4, 2025 after they had had full notice of Plaintiff's intent to move to dismiss and bring this Application by March 6, 2025. (Sullivan Decl., ¶ 9) This likely is an attempt to point to it as a reason to deny this Application given the lack of progress on discovery. Moreover, even the filing of a summary judgment motion is not sufficient to deny a request for dismissal. *See Arteris S.A.S. v. Sonics, Inc.*, 2013 WL 3052903, at *4 (N.D. Cal. June 17, 2013) (dismissal without prejudice appropriate even though defendants served and responded to numerous discovery requests, retained experts, traveled to Europe to depose witnesses, and spent hundreds of dollars preparing for trial); *Beckett v. MACYSDSNB*, 2012 WL 479593, at *3 (N.D. Cal. Feb. 14, 2012) (granting voluntary dismissal where discovery was closed and case was set to proceed to trial in a matter of months).

[3] In meet and confer correspondence Defendants' only claim of prejudice was because they incurred significant fees in this case. However, that is not "legal prejudice" for denying dismissals under Rule 41(a)(2).

trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting *Burnette*, 828 F. Supp. at 1443-43).

By way of example, in *Corbett v. Pharmacare U.S., Inc.,* 2022 WL 2835847 (S.D. Cal. July 20, 2022), the concluded that the dismissal should be without prejudice because the defendant's efforts in defending the case and preparing for trial had not been substantial to date where discovery only recently began in January 2022. The Court noted that "[w]hile months were spent challenging the pleadings, these efforts do not concern Defendant's efforts and expense in preparing for trial. *See Arteris S.A.S.*, 2013 WL 3052903, at *4 (holding dismissal without prejudice appropriate even though defendants served and responded to numerous discovery requests, retained experts, traveled to Europe to depose witnesses, and spent hundreds of dollars preparing for trial, because there "ha[d] not been significant progress in the case"); *Beckett*, 2012 WL 479593, at *3 ("True, discovery has closed; and, under the court's scheduling order, this case is set to proceed to trial in a matter of months. But, the record presented indicates that the timing of plaintiff's motion to dismiss, while not ideal, is not due to any fault of Beckett or his current attorneys."); *Burnette*, 828 F. Supp. at 1444 ("[I]t weighs in Plaintiffs' favor that the trial has not yet started and no pretrial motions were pending at the time the dismissal motion was filed."). Defendants' situation here is not even comparable to the foregoing examples where the cases were voluntarily dismissed without prejudice.

Another condition that a defendant opposing a motion for voluntary dismissal often requests is an award of costs and attorney's fees. Notably, "no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal."[4] *Stevedoring Servs.,* 889 F.2d at 921 (collecting

---

[4] Even in the rare Rule 41(a)(2) dismissals where fees are awarded, only those fees

cases, and holding that the district court did not abuse its discretion by refusing to require the plaintiff to pay the defendant's costs and attorney fees in case involving a contract dispute). "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Memorial Hospital v. Kent,* 688 Fed. Appx. 492, 494 (9th Cir. 2017) (internal quotes, ellipses, and brackets omitted). "The merits of the plaintiffs case are also relevant." *Id.* (District court did not abuse its discretion when it declined to award costs and fees and dismissed without prejudice action by hospitals against Department of Health Care Services pertaining to Medicaid reimbursement rates. Although department incurred duplicative expenses and summary judgment motions were before the court, the district court's decision was justified by its consideration of the legitimate factor of the merit of the Plaintiffs' claims.); *see Quismundo,* 2018 WL 1963782 at *3 (declining to award fees and costs when dismissing without prejudice of plaintiff s claims for violations of the California Labor Code and California Business & Professions Code where dismissal did not expose defendants to excessive of duplicative expenses because most of the work performed would remain useful in the litigation in state court, and work that would not be of further use was of the defendant's own making).

/ / /

---

that are useful in the continuing litigation between the parties are recoverable. *Koch v. Hankins,* 8 F.3d 650, 652 (9th Cir. 1993) (finding "[t]he district court abused its discretion in finding the amount of costs without differentiating between work product which was rendered useless and that which might be of use in the [other] litigation."); *Smith,* 263 F.3d at 978 ("Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of voluntary dismissal").




Here, the totality of the factors weigh against imposing any conditions, including making the dismissal with prejudice or an award of costs and attorney's fees on Plaintiffs. Any additional litigation between the Parties will not result in excessive or duplicative expenses, as the costs Defendants have incurred thus far for the preparation of work product will not be rendered useless. The parties have yet to file any summary judgment motions or discovery motions, *Daubert* motions, motions for summary judgment, and pretrial motions. And Plaintiffs exercised diligence in moving to dismiss this action after realizing Plaintiff's financial situation was not able to continue this litigation.[5]

## V. CONCLUSION

For the foregoing reasons, Plaintiffs pray this Court grants their Motion for Voluntary Dismissal pursuant to Rule 41(a)(2) without any conditions.

Dated: March 5, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Bryan M. Sullivan*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com

[5] In the event the Court is inclined to consider requiring conditions for the voluntary dismissal requested in this Application, Plaintiff requests the opportunity to discuss those conditions at a hearing on this application.



WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Plaintiff Robert Hunter Biden*



**CERTIFICATE OF SERVICE**

I, April Wright, hereby certify that on this 5th day of March, 2025, a copy of the foregoing **PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF *EX PARTE* APPLICATION FOR AN ORDER AND *EX PARTE* APPLICATION FOR AN ORDER MOTION AND MOTION TO VOLUNTARILY DISMISS ACTION PURSUANT TO FED. RULE CIV. PROC. 41(a)(2)** was served via email, on the following:

Jennifer Linsley Holliday
LAW OFFICE OF
JENNIFER LINSLEY HOLLIDAY, ESQ.
7190 W. Sunset Boulevard, #1430
Los Angeles, CA 90046
Tel: (805) 622-0225
*Email: jlholliday@proton.me*

*Attorney for Defendants Garrett Ziegler and ICU. LLC*

Robert H. Tyler
ADVOCATES FOR
FAITH & FREEDOM
25026 Las Brisas Road
Murrieta, CA 92562
Tel: (951) 600-2733
*Email: btyler@faith-freedom.com*

*Attorney for Defendants Garrett Ziegler and ICU, LLC*

/s/ April Wright
APRIL WRIGHT
An employee of EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP