**EXHIBIT "A"**

551832.1



**BRYAN M. SULLIVAN**
(323) 443-9940
zhansen@earlysullivan.com

March 3, 2025

**VIA E-MAIL ONLY**

Jennifer Holliday, Esq.
LAW OFFICE OF JENNIFER L. HOLLIDAY
7190 W. Sunset Blvd. #1430
Los Angeles, CA 90046
JLHolliday@proton.me

      **Re:**  *Hunter Biden v. Garrett Ziegler, et al.*, Case No. 2:23-cv-07593-HDV-KS
            United States District Court, Central District California

Dear Ms. Holliday,

      This letter is sent pursuant to Rule 7-3 to request a meet and confer regarding Plaintiff Robert Hunter Biden's ("Plaintiff") intention to file a motion for voluntary dismissal under Rule 41(a)(2) requesting that the Court dismiss this action without prejudice and without any conditions. "A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) *should be granted* unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." *Hepp v. Conoco, Inc.*, 97 Fed.Appx. 124, 125 (9th Cir. 2004) (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)) (emphasis added); *see also Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F2d at 145 ("courts generally *allow* dismissal, even dismissal without prejudice, unless defendant will suffer "some plain legal prejudice" as a result"); *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F2d 1502, 1503 (11th Cir. 1991) (same); *Brown v. Baeke*, 413 F3d 1121, 1123 (10th Cir. 2005) (same).

      The basis of Plaintiff's motion for voluntary dismissal is that Plaintiff lacks the resources to continue this litigation at this time, which lack of resources has been exacerbated after the fires in the Pacific Palisades in early January upended Plaintiff's life by rendering his rental house unlivable for an extended period of time and, like many others in that situation, Plaintiff has had difficulty in finding a new permanent place to live as well as finding it difficult to earn a living. So, Plaintiff must focus his time and resources dealing with his relocation, the damage he has incurred due to the fires, and paying for his family's living expenses as opposed to this litigation. *See, e.g., Mallory v. Rush University Medical Center*, 2020 WL 6559155, *5 (N.D.Ill. 2020) (("An inability to continue litigation due to financial constraints can be a legitimate consideration for dismissing a case without prejudice"); *see, e.g., Copeland v. Hiram Twp.*, 2019 WL 1980507, at *2 (N.D. Ohio May 3, 2019) (finding that the plaintiff "provided a sufficient explanation for the necessity of the dismissal based upon her financial concerns and present

10953-002 5803804.1
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP | 6420 WILSHIRE BOULEVARD | 17TH FLOOR | LOS ANGELES, CALIFORNIA 90048
TEL: (323) 301-4660 | FAX: (323) 301-4676 | WWW.EARLYSULLIVAN.COM

LAS VEGAS | LOS ANGELES | NEW YORK | PHOENIX | TAMPA

Jennifer Holliday, Esq.
March 3, 2025
Page 2



inability to pay to continue this case based upon increasing costs for upcoming costly discovery disputes"); *Vector Envtl. Grp., Inc. v. 3M Co.*, 2006 WL 8433616, at *3 (E.D. Mich. Oct. 20, 2006) (finding that "the change in business climate" and the plaintiff's financial difficulties constituted "a sufficient explanation for [the plaintiff's] pursuit of a voluntary dismissal").

     Defendants will not suffer any legal prejudice by this voluntary dismissal without prejudice. *See, e.g., Westlands Water Dist. v. U.S.*, 100 F.3d 94, (9th Cir. 1996) ("We conclude that legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice."); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal"). Defendants will not lose any rights or defenses and already took the opportunity to attack the pleadings on their motion to dismiss and anti-SLAPP motion, but lost. Since then, extensive discovery has not occurred. In fact, no tangible action or discovery in the case occurred between the September 9, 2024 Court's awarding fees to Plaintiff arising from Defendants' motion to dismiss until January 31, 2025 when Defendants first served written discovery and February 11, 2025 when Defendants served a deposition notice on Plaintiff and requested acceptance of service of a subpoena on Kevin Morris, Esq. Indeed, you only appeared in this action on February 21, 2025—10 days ago.

     Of course, the most efficient approach here would be if Defendants would stipulate to a dismissal without prejudice and save time and money for all parties in this action. I am free to discuss this motion today between 9:00-11:00 am PST, 2:00-3:00 pm PST, and tomorrow between 9:00-11:30 am PST and 1:00-3:00 pm PST. Please let me know which of those windows work for you or provide alternative dates of availability.

     Nothing contained herein or omitted is intended to be, or may be, construed as a waiver or relinquishment of any of our client's rights or remedies, all of which are hereby expressly reserved.

                                   Very truly yours,

                                     Bryan M. Sullivan
                         of EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP