**EXHIBIT "B"**

551832.1

**JENNIFER L. HOLLIDAY**
7190 W. Sunset Blvd. #1430
Los Angeles, CA 90046
310-600-6078 JLHolliday@Proton.me

March 3, 2025

Zachary Hansen
Bryan Sullivan
Early Sullivan Wright Gizer & McRae LLP

Abbe Lowell
Winston & Strawn, LLP

VIA ELECTRONIC MAIL ONLY
    Bsullivan@EarlySullivan.com
    Zhansen@EarlySullivan.com
    AbbeLowellPublicOutreach@winston.com

RE:  *BIDEN V. ZIEGLER*, 2:23-cv-07593

Dear Mr. Hansen:

    We write following the informal discovery conference conducted earlier today and in response to Mr. Sullivan's letter pursuant to Rule 7-3 and in response to your discovery responses. We also have some outstanding housekeeping matters regarding resetting Mr. Biden's deposition and Mr. Ziegler's deposition.

    *First*, we did not initially respond to Mr. Kolansky's letter sent on Friday due to the Order to Show Cause the Court issued following the "bounce back" e-mail to Mr. Salvaty, leaving serious questions regarding the representation in this case. Mr. Kolansky is not counsel of record, and Mr. Lowell no longer has any local counsel sponsorship for his pro hac vice admission. These procedural complications and violations of Local Rules create confusion regarding who has authority to negotiate on behalf of plaintiff.

    *Second*, Mr. Lowell indicated a desire to move Mr. Biden's deposition to the week of March 10 – March 17. We propose March 10, 2025 for Mr. Biden's deposition and will produce Mr. Ziegler for deposition later in the same week. Please confirm.

    *Third*, we are surprised upon receiving Plaintiff's objections to every single discovery request. It is clear Plaintiff failed to conduct a reasonable investigation into the basic facts of this case prior to filing it, and it is therefore unsurprising that Plaintiff seeks now to voluntarily dismiss the action. We note that you did not request additional time to respond to the outstanding discovery when you had the opportunity to do so while we were at the Informal Discovery Conference this

morning before Chief Magistrate Judge Stevenson. In fact, you did not mention the outstanding discovery or any need for additional time whatsoever.

On Friday, February 21, 2025, I sent a formal letter per Local Rule 7-3 requesting to meet and confer on Defendants' Motions for Summary Judgment. Ten days have elapsed, and no one has responded to set that meeting.

*Lastly*, regarding the proposal to voluntarily withdraw per Rule 41(b), Defendants would suffer extreme prejudice given the fact that they have already spent a substantial amount in legal fees (and *your* legal fees in connection with the Motion to Dismiss) in this completely meritless matter for which there is no evidentiary support. Your letter makes a number of false statements including, but not limited to, the claim that no discovery was taken after September. We served discovery responses in December and served discovery requests in January. Mr. Biden and Mr. Morris have sought to delay and obstruct in apparent efforts to mask serious deficiencies in this meritless action. We do recognize the value in resolving this dispute, so we therefore propose that we stipulate to ADR procedure number 2 and request that the Court set a mediation forthwith. We are including a stipulation for your review and countersignature. The participation in this will also satisfy our obligation under the Court's Scheduling Order prior to the July deadline. This will not, however, moot our prospective motions for summary judgment.

Please advise.

Best,
/s/

Jennifer L. Holliday
Attorney for Defendants