**EXHIBIT "C"**

551832.1



**BRYAN M. SULLIVAN**
(323) 443-9940
zhansen@earlysullivan.com

March 4, 2025

**VIA E-MAIL ONLY**

Jennifer Holliday, Esq.
LAW OFFICE OF JENNIFER L. HOLLIDAY
7190 W. Sunset Blvd. #1430
Los Angeles, CA 90046
JLHolliday@proton.me

Re:  *Hunter Biden v. Garrett Ziegler, et al.*, Case No. 2:23-cv-07593-HDV-KS
United States District Court, Central District California

Dear Ms. Holliday,

This letter responds to your March 3, 2025 letter responding to Plaintiff Robert Hunter Biden's ("Plaintiff") Rule 7.3 letter stating his intention to file a motion for voluntary dismissal under Rule 41(a)(2). In that letter you also raise issues relating to discovery issues and request for mediation.

In regard to our discovery responses served yesterday, as you acknowledged, you ignored the reasonable request for a first extension on the time to respond from our co-counsel, David Kolansky, Esq. Despite your unsupportable assertions about Paul Salvaty Esq.'s change in status, my colleague Zachary Hansen, Esq., and myself were copied on that email so you could have responded to us with a response to a common request for a first extension of the time to respond. In fact, while you may be unaware, Mr. Biden previously granted *Mr. Ziegler's prior counsel* an extension of time to prepare and serve Defendants' privilege logs in response to Mr. Biden's discovery requests (served on January 24, 2025).[1] We were happy to oblige in that first request. Because of your failure to respond, we served objections to preserve all of our client's rights.

As to the deposition of our client or your client, if our intended motion for voluntary dismissal is granted, then all discovery issues, our respective clients' depositions, and the

---

[1] Further, nothing prohibits you from communicating with counsel from Winston & Strawn LLP (which is counsel of record for Mr. Biden), so to hide behind your feckless claim that "Mr. Kolansky is not counsel of record, and Mr. Lowell no longer has any local counsel sponsorship for his pro hac vice admission" as justification for refusing to respond—a common courtesy here—is both meaningless and ineffective.

10953-002 5803976.2
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP | 6420 WILSHIRE BOULEVARD | 17TH FLOOR | LOS ANGELES, CALIFORNIA 90048
TEL: (323) 301-4660 | FAX: (323) 301-4676 | WWW.EARLYSULLIVAN.COM

LAS VEGAS | LOS ANGELES | NEW YORK | PHOENIX | TAMPA

Jennifer Holliday, Esq.
March 4, 2025
Page 2



mediation will not be needed and the Parties should not incur additional fees in light of Plaintiff's intended request for voluntary dismissal. Given the impending deadlines (which could be moved as I was informed the Magistrate Judge recognized yesterday in declining to address the issue of the deposition of Kevin Morris, Esq., due to the procedure posture of the case), we will request the Rule 41(a)(2) voluntary dismissal by way of *ex parte* application, which should be filed by Thursday, March 6, 2025.

As to your comment about the Rule 7-3 meet and confer letter about Defendants' summary judgment motion, a meet and confer was held with Mr. Hansen of my office, Mr. Lowell, and Mr. Kolansky on February 26, at 4:00 pm PST to discuss discovery, the case schedule, and all other outstanding matters, but Defendants' proposed summary judgment motion was not raised at that time. Indeed, I have been informed that Mr. Lowell specifically asked you if there was anything else you would like to discuss on that call regarding this case, and you said no. We therefore thought that this obviated your request for a meet and confer on your summary judgment as you needed the discovery for your summary judgment motion.

Given your response in your March 3, 2025 letter, we will assume that your will oppose this *ex parte* application. We, however, note that your position that Defendants will "suffer extreme prejudice" by dismissal because they have "already spent a substantial amount in legal fees" does not constitute the "legal prejudice" required to defeat a motion for voluntary dismissal. *See Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96–97 (9th Cir. 1996). Your objection is especially odd because, at the same time, you suggest incurring even more legal fees that are unnecessary. Moreover, contrary to your assertion, this case has merit considering your client bragged about hacking Plaintiff's iCloud on numerous occasions and the fact that the Court awarded Plaintiff fees in connection with the denial of Defendants' attack on the pleadings is irrelevant to a 41(a)(2) motion for dismissal. We urge you to stipulate to a dismissal without prejudice as that would save time and money for all parties in this action.

Nothing contained herein or omitted is intended to be, or may be, construed as a waiver or relinquishment of any of our client's rights or remedies, all of which are hereby expressly reserved.

Very truly yours,

Bryan M. Sullivan
of EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

10953-002 5803976.2