**EXHIBIT "E"**

551832.1

# Bryan Sullivan

| | |
|---|---|
| **From:** | Bryan Sullivan |
| **Sent:** | Wednesday, March 5, 2025 9:21 AM |
| **To:** | Jennifer Holliday |
| **Cc:** | Zachary Hansen; Abbe Lowell; David A. Kolansky |
| **Subject:** | Re: Biden/Ziegler--Notice of Ex Parte to Voluntarily Dismiss Case |

Ms. Holliday,

Pursuant to C.D. Local Rule 7-19.1, please be advised that, as I previously informed you, Plaintiff will file an *ex parte* application with Judge Vera for voluntary dismissal under Rule 41(a)(2) requesting that the Court dismiss this action without prejudice and without any conditions. The *ex parte* application will be filed by Plaintiff later today, March 5, 2025.

As set forth in my March 4, 2025 letter to you, the basis for Plaintiff's *ex parte* application is that Plaintiff lacks the resources to continue this litigation at this time, which lack of resources has been exacerbated after the fires in the Pacific Palisades in early January upended Plaintiff's life by rendering his rental house unlivable for an extended period of time and, like many others in that situation, Plaintiff has had difficulty in finding a new permanent place to live as well as finding it difficult to earn a living. So, Plaintiff must focus his time and resources dealing with his relocation, the damage he has incurred due to the fires, and paying for his family's living expenses as opposed to this litigation.

Defendants will not suffer any legal prejudice by this voluntary dismissal without prejudice because they will not lose any rights or defenses and already took the opportunity to attack the pleadings on their motion to dismiss and anti-SLAPP motion, but lost. Since then, extensive discovery has not occurred. In fact, Defendants did not first propound discovery in the case until January 31, 2025 and no depositions have occurred and no dispositive motions or discovery motions have been filed. Indeed, you only appeared in this action on February 21, 2025—12 days ago.

Your position that Defendants will "suffer extreme prejudice" by dismissal because they have "already spent a substantial amount in legal fees" does not constitute the "legal prejudice" required to defeat a motion for voluntary dismissal.

Given your response in your March 3, 2025 letter, we will assume that your will oppose this *ex parte* application, but please let me know as soon as possible whether you still intend to oppose this motion. This email will also serve to provide notice that pursuant to Judge Vera's Civil Standing Order (Dkt. No. 13) you have 24 hours from the time the *ex parte* application is filed to file any written opposition you might want to make to Plaintiff's *ex parte* application. Please let me know if you would like to further meet and confer by telephone regarding this matter and please note I also left a voicemail for you this morning conveying this same information as required Judge Vera's Civil Standing Order (Dkt. No. 13).

Bryan



**BRYAN M. SULLIVAN | PARTNER**
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.443.9940 Direct
323.301.4676 Fax

1

6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
bsullivan@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.