ABBE DAVID LOWELL
*AbbeLowellPublicOutreach@winston.com*
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

BRYAN M. SULLIVAN, State Bar Number 209743
 *bsullivan@earlysullivan.com*
ZACHARY C. HANSEN, State Bar Number 325128
 *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Plaintiff
Robert Hunter Biden

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GARRETT ZIEGLER, an individual, ICU, LLC, a Wyoming Limited Liability Company d/b/a Marco Polo, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-07593-HDV-KS<br><br>*Assigned to:*<br>*District Judge Hernán D. Vera*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S REPLY IN SUPPORT OF HIS *EX PARTE* APPLICATION FOR AN ORDER TO VOLUNTARILY DISMISS ACTION PURSUANT TO FED. RULE CIV. PROC. 41(a)(2)**<br><br>Place: Ctrm. 5B<br>Judge: Honorable Hernán D. Vera |

5804329.1

**PLAINTIFF'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO VOLUNTARILY DISMISS ACTION**

Piercing beyond the childish antics and unprofessional attacks on opposing counsel, Defendants Garrett Ziegler and ICU, LLC's (aba Marco Polo) (collectively "Defendants") untimely opposition[1] makes several egregious misstatements to which Plaintiff Robert Hunter Biden ("Plaintiff") felt compelled to respond.

First, Defendants misinterpret the basis for the relief Plaintiff Robert Hunter Biden ("Plaintiff") as a sign that Plaintiff's claims lack merit. The merit of this action is demonstrated by, among other things, Defendants' own public admissions that they "got into [Plaintiff's] iPhone backup" and "cracked the encrypted code…."[2]

Second, in support of their argument that dismissal should be conditioned on the payment of attorney's fees, Defendants quote *Westlands Water District v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996), out of context. The full portion provides:

> The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees. [internal citations omitted] Imposition of costs and fees as a condition for dismissing without prejudice **_is not mandatory however_**. [internal citation omitted].
>
> Here, if the district court decides it should condition dismissal on the payment of costs and attorney fees, **_the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims_**. [internal citations omitted].
>
> …
> The district court also may wish to delete any award of costs and fees

---

[1] Defendants filed their opposition more than 30 minutes after the deadline of 24 hours after Plaintiff filed the *ex parte* as required by Judge Vera's Civil Standing Order (Dkt. No. 13), therefore it is untimely and should be disregarded for that reason alone. (*See* Dkt. Nos. 85 and 88.)

[2] Plaintiff's discovery requests to Defendants, including Requests for Admissions served on February 25, 2025, seek information precisely about this material, specifically information obtained from "Plaintiff's iPhone backup file." Defendants cannot now hide behind their dubious claim that Mr. Biden has not been seeking to obtain information about that iPhone backup file. To the contrary, Defendants have been obstructing discovery of such information by asserting overbroad and legally unsupported objections.

attributable to the defendants' summary judgment motions, *if the court concludes those costs and fees might have been avoided if the defendants had waited to file their summary judgment motions and responded initially to the Districts' motion for voluntary dismissal*. In the words of the D.C. Circuit, "[b]ecause the summary judgment motion was filed after the motion for voluntary dismissal, [defendants] clearly took a large risk that [their] work would be disregarded entirely in the first round of litigation." [internal citations omitted].

*Id.*, 97-98 (emphasis added). Here, Defendants have not identified any work product that would not be usable in any subsequent litigation. Further, Defendants claimed fees for the summary judgment motion were unnecessarily incurred because they served their portion of the summary judgment motion *after* they were informed in writing of Plaintiffs' intent to seek dismissal.

Third, Defendants falsely state that they diligently engaged in discovery. After losing their motion to dismiss, Defendants did not propound any discovery until January 31, 2025—five weeks ago.

Fourth, the costs incurred in regard to the deposition of Kevin Morris, Esq., were entirely the fault of Defendants. They chose to proceed with that deposition (with Mr. Ziegler voluntarily incurring travel costs to attend that deposition) despite being informed several times in writing and orally multiple days beforehand that Mr. Morris would not appear for his unilaterally noticed deposition and timely objected to it on the grounds of attorney-client privilege because he was Plaintiff's attorney.

Fourth, Defendants' inability to seek prevailing party fees under Cal. Penal Code § 502 does not constitute legal prejudice. They still have the right to seek fees if they are deemed the prevailing party in a subsequent litigation.

Finally, the exigency of Plaintiff's request is based on the non-expert fact discovery cutoff of April 1, 2024, thereby requiring extensive discovery to occur in the next few weeks. **If this request was filed as a noticed motion, Plaintiff and Defendants would also incur the substantial fees of briefing Defendants' summary judgment motion during that time, which would be obviated if the case is dismissed.**



Defendants' reliance on *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) is misplaced. In that case, the plaintiff inadvertently sent privileged documents to Defendants and then filed an *ex parte* application to shorten the time to hear a motion to compel the return of those privileged materials. *Id.* The court rejected the request to shorten time because the plaintiff therein had created the crisis in the first place. *Id.* Here, Plaintiff filed the *ex parte* application due to the financial impact of delay on him and Defendants.

Nothing in Defendants' emotionally charged opposition provides any valid basis to deny Plaintiffs' good faith *ex parte* application. Plaintiff is not the only person dealing with the harsh reality of being a victim of the catastrophic Palisades Fire, and Defendants' attempts to downplay the impact of that catastrophe and accusations that Plaintiffs' counsel is lying about the basis for his motion is despicable and should not be countenanced by the Court.

Accordingly, Plaintiff respectfully requests that the Court grant the requested relief without prejudice.

Dated: March 7, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: /s/ Zachary C. Hansen
BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com

WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Plaintiff
Robert Hunter Biden*

# CERTIFICATE OF SERVICE

I, Robie Ann Atienza-Jones, hereby certify that on this 7th day of March, 2025, a copy of the foregoing **PLAINTIFF ROBERT HUNTER BIDEN'S REPLY IN SUPPORT OF HIS *EX PARTE* APPLICATION FOR AN ORDER TO VOLUNTARILY DISMISS ACTION PURSUANT TO FED. RULE CIV. PROC. 41(a)(2)** was served via email, on the following:

| | |
|---|---|
| Jennifer Linsley Holliday<br>LAW OFFICE OF<br>JENNIFER LINSLEY HOLLIDAY, ESQ.<br>7190 W. Sunset Boulevard, #1430<br>Los Angeles, CA 90046<br>Tel: (805) 622-0225<br>Email: jlholliday@proton.me<br><br>*Attorney for Defendants*<br>*Garrett Ziegler and ICU, LLC* | Robert H. Tyler<br>ADVOCATES FOR<br>FAITH & FREEDOM<br>25026 Las Brisas Road<br>Murrieta, CA 92562<br>Tel: (951) 600-2733<br>Email: btyler@faith-freedom.com<br><br>*Attorney for Defendants*<br>*Garrett Ziegler and ICU, LLC* |

                                                   */s/ Robie Ann Atienza-Jones*
                                                 ROBIE ANN ATIENZA-JONES
                                                 An employee of EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP