UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

JS-6

| | |
|---|---|
| Case No. **2:23-cv-07593-HDV-KS** | Date **March 13, 2025** |
| Title ***Robert Hunter Biden v. Garrett Ziegler, et al.*** | |

Present: The Honorable  Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   I<small>N</small> C<small>HAMBERS</small>—O<small>RDER</small> D<small>ISMISSING</small> A<small>CTION</small> W<small>ITH</small> P<small>REJUDICE</small>

On September 13, 2023, Plaintiff Robert Hunter Biden filed his complaint against Defendants Garrett Ziegler and ICU, LLC (dba "Marco Polo"). *See* Complaint [Dkt. No. 1]. Plaintiff brought a federal claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and two state law claims: one under California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, and the other under California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq*. *Id.* On December 21, 2023, Defendants filed a motion seeking dismissal under Federal Rules 12(b)(1), (2), (3), and (6), as well as dismissal pursuant to California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16 [Dkt. No. 23]. The Court denied the motion in its entirety [Dkt. No. 50].

Before the Court is Plaintiff's *ex parte* application seeking an order allowing Plaintiff to voluntarily dismiss his case, without prejudice, pursuant to Federal Rule 41(a)(2). Ex Parte Application for Order to Voluntarily Dismiss Action ("Application") [Dkt. No. 85]. Plaintiff contends that he has good reasons for seeking dismissal—including financial difficulties due to a downturn in the sales of his artwork and memoir, the inability to borrow additional money, and the Pacific Palisades wildfire forcing him and his family to find a new home. Application at 6; Declaration of Robert Hunter Biden in Support of Plaintiff's Application ¶¶ 3–5

[Dkt. No. 85-1].  Plaintiff further asserts that Defendants will not suffer any harm from a voluntary dismissal without prejudice because they would not lose the ability to assert any rights or defenses in the future, and because only limited discovery has occurred thus far.  *Id.* at 7.

Defendants oppose the Application.  Defendants argue that they will suffer legal prejudice should the Court grant a dismissal without prejudice.  Defendants' Opposition to Plaintiff's Application ("Opposition") at 10 [Dkt. No. 88].  Specifically, they contend that because they have already exchanged their summary judgment brief with Plaintiff, and because the scheduled deposition of Plaintiff was imminent, dismissal without prejudice would give Plaintiff an unfair advantage.  *Id.* at 9, 11–13.

The Court agrees.

Federal Rule 41 grants the district court "discretion to dismiss a case with or without prejudice."  *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (citing Fed. R. Civ. P. 41(a)(2)).  That discretion is informed by the principle that a court should grant the request unless a defendant can show that it will "suffer some plain legal prejudice as a result."  *Id.*; *Stevedoring Servs. Of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of [41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal.") (citation omitted).  In other words, a district court has the discretion to allow a voluntary dismissal with prejudice only in cases of legal prejudice.  *Kamal*, 88 F.4th at 1280–1281 ("[W]e reject Defendants' argument that dismissal may be with prejudice, even if the defendant would suffer no legal prejudice from a dismissal without prejudice[.]").

"Legal prejudice" is a term of art meaning "prejudice to some legal interest,…claim,…[or] argument."  *Kamal*, 88 F.4th at 1280.  Courts have determined that legal prejudice arises in certain situations, including the potential loss of a federal forum, the potential conflict of federal rules, or the implication of a complete defense.  *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (collecting cases); *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).  Courts in this circuit have weighed a list of factors in determining whether legal prejudice exists: (a) the effort and expense to the defendant involved in litigating the case, (b) any excessive delay and lack of diligence on the part of the plaintiff, and (c) whether sufficient explanation for the need to dismiss was provided.  *FaceTec, Inc.*

*v. Jumio Corporation*, No. 24-cv-03623-RFL, 2024 WL 4703142, at *1 (N.D. Cal. Nov. 1, 2024).

Applying that standard, the Court concludes that Defendants would in fact suffer legal prejudice if the voluntary dismissal were granted as requested by Plaintiff (*i.e.*, with the ability to refile). The parties have both expended significant resources in litigating the initial motion to dismiss, including a subsequent request for attorney's fees filed by Plaintiff [Dkt. No. 52]. More importantly, the Court notes that Defendants have already prepared a motion for summary judgment and exchanged this document with Plaintiff's counsel, as required by the Court's Standing Order. Opposition, Declaration of Jennifer L. Holliday in Opposition to Plaintiff's Application ("Holliday Decl.") ¶ 4 [Dkt. No. 88-1]. This motion effectively gives Plaintiff a roadmap to Defendants' most important legal arguments, and provides a prejudicial advantage given that Plaintiff has not yet had to file an opposition.[1] If allowed to refile this same case in the future, Plaintiff could develop new facts, contact new witnesses, explore and include additional claims, and thereby gain a strategic advantage in opposing the factual and legal defenses presented in Defendants' motion. That is more than inconvenience or additional expense—it represents real legal prejudice to Defendants in defending refiled litigation. On this record, the Court cannot find that Plaintiff acted diligently in requesting voluntary dismissal prior to the exchange of Defendants' summary judgment brief.

In addition, the Court considers the fact that Plaintiff is seeking voluntary dismissal without prejudice on the eve of Plaintiff's deposition, which was scheduled for March 10, 2025. Opposition at 9, Holliday Decl. ¶ 3. Again, allowing Plaintiff to dismiss without prejudice would give him additional time to prepare for deposition with the information gleaned from Defendants' recent briefing. Discovery-related considerations like these are proper grounds to find legal prejudice. *See, e.g., In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (finding "thinly-veiled attempts to avoid discovery" to be grounds for legal prejudice).

---

[1] Plaintiff is seeking dismissal prior to the deadline for the exchange of its opposition brief. Holliday Decl. ¶ 11.

To be clear, the Court does not express any opinion concerning the underlying merits of the case. And the Court accepts the detailed representations made by Plaintiff as to the reasons motivating his request to dismiss. But under Fed. R. Civ. P. 41, and on these facts, Plaintiff's request to dismiss without prejudice is not warranted.

Plaintiff's *ex parte* application to dismiss the case is granted, but the dismissal is entered *with prejudice*.

**IT IS SO ORDERED.**