ABBE DAVID LOWELL
*AbbeLowellPublicOutreach@winston.com*
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

BRYAN M. SULLIVAN, State Bar Number 209743
  *bsullivan@earlysullivan.com*
ZACHARY C. HANSEN, State Bar Number 325128
  *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Plaintiff
Robert Hunter Biden

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARRETT ZIEGLER, an individual, ICU, LLC, a Wyoming Limited Liability Company d/b/a Marco Polo, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-07593-HDV-KS<br><br>*Assigned to:*<br>*District Judge Hernán D. Vera*<br><br>**DECLARATION OF ZACHARY C. HANSEN, ESQ. IN SUPPORT OF PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>[*Opposition to Motion and Declaration of Robert Hunter Biden filed and served concurrently herewith*]<br><br>Place: Ctrm. 5B<br>Judge: Honorable Hernán D. Vera |

5807444.1

**DECLARATION OF ZACHARY C. HANSEN, ESQ. IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**

# DECLARATION OF ZACHARY C. HANSEN, ESQ.

I, Zachary C. Hansen, declare and state as follows:

1. I am an Attorney within the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Biden") herein. I submit this declaration in support of Biden's Opposition to Defendants Garrett Ziegler ("Ziegler") and ICU, LLC's (dba Marco Polo) (collectively, "Defendants") Motion for Attorneys' Fees and Costs ("Motion"). If called as a witness, I would and could testify to the matters contained herein.

2. Defendants have made several public comments, both before and after this lawsuit was filed, about the misconduct which forms the basis of this lawsuit, including, but not limited to:

    a. A November 25, 2022 X Post by @MarcoPolo501c3 in which Defendants admit "[b]ecause we were able to access the iPhone backup file on the hard drive" and confirmations of the same in subsequent reposting's in March 2025. Attached hereto as **Exhibit "A"** is a true and correct copy of a screenshot of the November 25, 2022 X Post.

    b. A December 12, 2022 X Post by @MarcoPolo501c3 in which Defendants admit "Mac Isaac knows about the iPhone backup – it took @MarcoPolo501c3 to get into it. The iPhone backup was about 28GB." Attached hereto as **Exhibit "B"** is a true and correct copy of a screenshot of the December 12, 2022 X Post.

    c. A January 4, 2023 X Post by @MarcoPolo501c3 commenting on a November 9, 2022 X Post in which Defendants admit that everything they "found on the Biden laptop" and "published has been authentic". Attached hereto as **Exhibit "C"** is a true and correct copy of a screenshot of the January 4, 2023 X Post.

    d. A February 23, 2023 X Post by @MarcoPolo501c3 in which Defendants admit "[w]e found the file on Hunter's iPhone backup on his abandoned laptop", featuring a video that attributes the source of the audio and photographs as

follows: "Source: Hunter's Laptop via Marco Polo December 3, 2018". Attached hereto as **Exhibit "D"** is a true and correct copy of a screenshot of the February 23, 2023 X Post.

3. Attached hereto as **Exhibit "E"** is a true and correct copy of a CNN article dated July 5, 2023, published at https://www.cnn.com/2023/07/05/politics/denver-riggleman-hunter-biden/index.html.

4. I participated in a meet and confer videoconference with Defendants' counsel, Ms. Holliday, on February 21, 2025 in which I and my co-counsel specifically informed Ms. Holliday that my client, P. Kevin Morris ("Mr. Morris"), objected to the unilaterally noticed date for his deposition on February 26 for a number of reasons, and that he would not be appearing for his deposition on that date.

5. Attached hereto as **Exhibit "F"** is a true and correct copy of a February 24, 2025 email to Defendants' counsel that I was copied on.

6. Attached hereto as **Exhibit "G"** is a true and correct copy of objections to the Notice of Deposition of Mr. Morris dated February 24, 2025, which I signed and caused to be served on Defendants on February 24, 2025.

7. Attached hereto as **Exhibit "H"** is a true and correct copy of a February 25, 2025 Letter to Defendants' counsel, which I signed.

8. Attached hereto as **Exhibit "I"** is a true and correct copy of a March 4, 2025 email from Defendants' counsel, with a time stamp of 10:56 PM, in which Defendants served their portion of the Motion for Summary Judgment.

9. Attached hereto as **Exhibit "J"** is a true and correct copy of Defendants' portion of the Motion for Summary Judgment brief, served on my office on March 4, 2025.

10. Attached hereto as **Exhibit "K"** is a true and correct copy of a meet and confer email I sent to Defendants' counsel on March 14, 2025.

11. In this matter, there have been only four motions filed, two sets of written

discovery propounded and responded to by Defendants, and 1,570 pages of documents produced by Defendants, the majority of which consist of portions of Defendants' "Biden Laptop Report" and publicly available transcripts. Biden was not served with any discovery until January 31, 2025, and Defendants' counsel refused to provide the common courtesy of a first requested extension of time to respond, so Biden only asserted objections thereto.

12. I participated in the meet and confer video conference of counsel on February 21, which lasted less than an hour (approximately 45 minutes). During that call my co-counsel and I specifically informed Ms. Holliday on that conference that Mr. Morris and Biden would not be appearing at their unilaterally noticed depositions thereby negating the need to prepare outlines, and Defendants' February 21 L.R. 7-3 letter was less than two pages in length.

13. I participated in the meet and confer conference call on February 27, which lasted less than 30 minutes. Also, no motion for sanctions was ever filed by Defendants and confirming dates for the Informal Discovery Conference ("IDC") involved sending two emails by Ms. Holliday, both of which I was copied on.

14. I appeared for the March 3 IDC before the Court, which lasted less than 20 minutes.

15. Attached hereto as **Exhibit "L"** is a true and correct copy of an email Bryan M. Sullivan, from my law firm, sent to Ms. Holliday on March 3, 2025 at 7:36 A.M., which I was copied on, with a letter attached informing Defendants of Biden's intent to voluntarily dismiss this matter.

16. Attached hereto as **Exhibit "M"** is a true and correct copy of the March 7, 2025, CM/ECF service email pertaining to the filing of Biden's reply brief in support of his *ex parte* application to voluntarily dismiss this action, showing the brief was filed at 8:06 AM.

17. Attached hereto as **Exhibit "N"** is a true and correct copy of the March 7, 2025, CM/ECF service email pertaining to the filing of Defendants' response to

Biden's reply brief in support of his *ex parte* application to voluntarily dismiss this action, showing the response was filed at 10:20 AM.

18. Since filing Defendants' Motion, Defendants have posted repeatedly on social media about the Motion, including, but not limited to, the following:

a. Attached hereto as **Exhibit "O"** is a true and correct copy of a screenshot of a March 15, 2025 X Post by @MarcoPolo501c3 featuring a video of Ziegler bragging about the Court's dismissal of this action at Biden's request, criticizing Judge Vera, and includes threats of seeking approximately $260,000 in attorney's fees.

b. Attached hereto as **Exhibit "P"** is a true and correct copy of a screenshot of a March 28, 2025 X Post by @MarcoPolo501c3 containing screenshots of Defendants' Motion, and the Court's March 13 Order (Dkt# 91), which was altered by Defendants to remove the Court's statement on pg. 4 that it "does no express any opinion concerning the underlying merits of the case".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 10th day of April 2025, at Summit, New Jersey.

*/s/ Zachary C. Hansen*
Zachary C. Hansen, Esq.

5807444.1

5

**DECLARATION OF ZACHARY C. HANSEN, ESQ. IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**