# EXHIBIT J

| | |
|---|---|
| 1 | JENNIFER L. HOLLIDAY SBN 261343 |
| 2 | JLHolliday@Proton.me |
| | 7190 W. Sunset Blvd. #1430 |
| 3 | Los Angeles, CA 90046 |
| 4 | (805)622-0225 |
| 5 | **ATTORNEY FOR DEFENDANTS** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ROBERT HUNTER BIDEN,

    Plaintiff,

v.

GARRETT ZIEGLER, ICU, LLC (d/b/a Marco Polo),

    Defendants.

)
) Case No. 2:23-CV-07593-HDV-KSx
)
) **DEFENDANT ICU, LLC'S (a.k.a. MARCO POLO'S) NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT [OPENING BRIEF]; F.R.C.P. 56; L.R. 56-1 ET SEQ; EVIDENTIARY APPENDIX AND JOINT APPENDIX OF UNDISPUTED FACTS FILED CONCURRENTLY**
)
) DATE:    MAY 15, 2025
) TIME:    10:00AM
) COURTROOM:  5B
)
) **THE HON. HERNÁN D. VERA**
)
) **JURY TRIAL: SEPT. 9, 2025**
)
) **FPTC: AUG. 19, 2025**

1

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on MAY 15, 2025 at 10:00 A.M., or as soon thereafter as this matter may be heard, before the Honorable Hernán D. Vera in Courtroom 5B of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, 5th Floor, Los Angeles, California 90012, Defendant ICU, LLC, d/b/a MarcoPolo ("MARCO POLO") will, and hereby does move the Court to enter summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56-1 et seq., and the Civil Standing Order of this Court.

This Motion seeks summary judgment in favor of MARCO POLO of Plaintiff's claims under (1) the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030; and (2) the California Computer Data Access and Fraud Act (Cal. Penal Code § 502) ; and (3) California Business and Professions Code § 17200. This Motion is based on the following grounds:

(1) **No Basis for and Lack of Evidence of a CFAA Claim.**
(2) **No Basis for and Lack of Evidence of a UCL Claim.**
(3) **No Basis for and Lack of Evidence of a State Law Data Privacy Violation.**
(4) **Alter Ego Allegations and other Vicarious Liability Theories Are Meritless.**

This Motion is based on this Notice and Motion as well as the concurrently filed Joint Memorandum of Points and Authorities ("Joint Brief"), the Joint Appendix of Uncontroverted Facts and Genuine Disputes / Conclusions of Law and Relevant Facts, the Joint Evidentiary Appendix, the Proposed Judgment, any other documents submitted in support of this Motion, the documents on record in this action, and any further evidence or argument that may be presented at the hearing.

| | |
|---|---|
| 1 | Pursuant to Local Rule 7-3 and this Court's Standing Order, Defendant sent a |
| 2 | letter formally requesting to meet and confer about this Motion with Plaintiff on |
| 3 | February 21, 2025.  To date, despite initially indicating he would respond, Plaintiff's |
| 4 | counsel has not set a time to meet and confer. Defendant has therefore been unable |
| 5 | to determine whether Plaintiff opposes this Motion. |
| 6 | Because this Court's Standing Order requires the parties to submit joint |
| 7 | documents, Defendant anticipates that the parties will meet and confer throughout |
| 8 | the process and in advance of filing. |

Dated:  March 4, 2025                              Respectfully Submitted,

                                                                __/s/_____

                                                                JENNIFER L. HOLLIDAY
                                                                ATTORNEY FOR DEFENDANTS

**TABLE OF CONTENTS**

**MOVING PARTY'S OPENING BRIEF**
  **NOTICE OF MOTION AND MOTION……………………………2**
  **MEMORANDUM OF POINTS AND AUTHORITIES……………tbd**
  **TABLE OF AUTHORITIES……………………………………………tbd**
  **I. INTRODUCTION………………………………………………tbd**
  **II. STATEMENT OF FACTS……………………………………tbd**
  **III. AUTHORITY……………………………………………………tbd**
  **IV. ARGUMENT…………………………………………………..tbd**
    a. No Evidence Supporting a CFAA Claim.
    b. No Evidence Supporting a UCL Claim
    c. No Evidence Supporting a Claim under the CDAFA
    d. No Evidence Supporting Vicarious Liability Theories
    e. Alternatively, the Court Should Decline to Exercise Jurisdiction over State Law Claims
  **V. CONCLUSION………………………………………………… tbd**

**OPPOSING PARTY'S OPPOSITION BRIEF………………………………tbd**
  **[TO BE INSERTED]**

**MOVING PARTY'S REPLY BRIEF……………………………………tbd**
  **[TO BE INSERTED]**

**JOINT STATEMENT OF DISPUTED FACTS…………………………..tbd**
**JOINT EVIDENTIARY APPENDIX……………………………………tbd**
**PROPOSED JUDGMENT……………………………………………….tbd**

# MOVING PARTY'S MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 250 (1986)……………………………………………….

*Birdsong v. Apple, Inc.*,
    590 F.3d 955, 958-60 (9th Cir. 2009)…………………………………….

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 322 (1986)………………………………………………..

*Daewoo Elecs. Am. Inc. v. Opta Corp.*,
    875 F.3d 1241, 1250 (9th Cir. 2017)…………………………………….

*Hexcel Corp. v. Ineos Polymers, Inc.*,
    681 F.3d 1055, 1063 (9th Cir. 2012)…………………………………….

*LVRC Holdings LLC v. Brekka*,
    581 F.3d 1127, 1137 (9th Cir. 2009)…………………………………….

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574, 587 (1986)………………………………………………..

*NetApp, Inc. v. Nimble Storage, Inc.,* No. 5:13-CV-05058-LHK,
    2015 WL 400251, at 14 (N.D. Cal. Jan. 29, 2015)………………………

*P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*,
    428 F.3d 504, 508 (3d Cir. 2005)…………………………………….

*Ryanair DAC v. Booking.com BV,*
    1:20-cv-01191-WCB (D. Del. Jan. 22, 2025)……………………………..

*Shamrock Foods Co. v. Gast*,
    535 F. Supp. 2d 962, 964 (D. Ariz. 2008)…………………………………

*Theofel v. Farey-Jones*,
    359 F.3d 1066, 1078 (9th Cir. 2004)…………………………………………

*United States v. Christensen*,
    828 F.3d 763, 789 (9th Cir. 2016)…………………………………………..

*United States v. Nosal*,
    844 F.3d 1024, 1037 (9th Cir. 2016)………………………………………….

*Van Buren v. United States,*
    141 S. Ct. 1648, 1660 (2021)..................................................................

*Williams v. Yamaha Motor Co.,*
    851 F.3d 1015, 1028-29 (9th Cir. 2017)…………………………………

**STATUTES**

18 U.S. Code § 1030 (The Computer Fraud and Abuse Act) ……………….
18 U.S.C. § 1030(a)(1)-(7)………………………………………………………
18 U.S.C. § 1030(a)(2)……………………………………………………….
18 U.S.C. § 1030(a)(5)(B)(i)……………………………………………………..
18 U.S. Code § 1030(c)(4)(A)(i)(I))……………………………………………
18 U.S.C. § 1030(g)……………………………………………………………..
Cal. Bus. & Prof. Code § 17200…………………………………………………..
Cal. Penal Code § 502 (The California Computer Data Access and Fraud Act) …

**RULES**

Fed. R. Civ. P. 56

C.D. Cal. R. 56-3.

**OTHER AUTHORITY**

CIVIL STANDING ORDER

6

I. INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rule 56-1 et seq., and the Civil Standing Order of this Court, Defendant ICU, LLC ("Marco Polo") moves for summary judgment in its favor on Plaintiff's claims under The Computer Fraud and Abuse Act (18 U.S.C. § 1030); The California Computer Data Access and Fraud Act (Cal. Penal Code § 502); The California Business & Professions Code § 17200 on the grounds that there is no evidence in the record that Marco Polo, a corporate entity, accessed a protected computer system in violation of the CFAA, violated the California Computer Data Access and Fraud Act, or engaged in any unfair, unlawful or fraudulent business practices. Furthermore, there is no evidence, and Plaintiff has produced no evidence, that MARCO POLO, a limited liability company, is directly or vicariously liable for any of the conduct alleged. Defendant is therefore entitled to summary judgment. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**Plaintiff simply has no evidence to support essential elements of his claims in this case.** Since there is no evidence in the record to support the essential elements of Plaintiff's claims, this Court should grant summary judgment in favor of MARCO POLO.

II. STATEMENT OF FACTS
   a. Parties

Defendant MARCO POLO is an adequately capitalized limited liability company, has a board of directors, and maintains all corporate formalities. [SS-1, 2, 3] MARCO POLO is organized as a 501(c)(3) non-profit. [SS-9] Plaintiff included claims against unnamed "Doe" defendants, but Plaintiff did not amend his

7

Complaint to identify such Doe defendants[1] before the cutoff date as set forth in the Scheduling Order.

There is no evidence in the record that Plaintiff owned any computer at issue in this case, but Plaintiff left his computer in the custody of a computer repair shop in Delaware subject to a bailment contract. [SS-30]  Claiming that it is "not relevant to the subject matter of this action," Plaintiff objected to a discovery request to state the physical location and/or uniform resource locator ("URL") address of each and every computer which Plaintiff alleged the Defendants "hacked" in violation of the CFAA. [SS-36].  On the same basis, Plaintiff refused to disclose any items of fact or information in his possession which he claims shows or tends to show any violation of the CFAA occurred. [SS-37]

By failing to timely retrieve his computer, Plaintiff forfeited any ownership claim to his computer and any data residing on that computer pursuant to the terms of the bailment contract. [SS-31] The Federal Bureau of Investigation took possession of the abandoned computer in 2019 pursuant to a valid warrant. [SS-32] Multiple copies of the abandoned computer were distributed to various media outlets and /or individuals associated with media outlets. [SS-33]. The record is silent as to whether Plaintiff ever publicly acknowledged that he owned the computer.

There is no evidence in the record that Plaintiff owned the hard drive allegedly accessed in this case – a copy of the laptop purportedly belonging to Plaintiff and abandoned in Delaware. [SS-12] In 2014, Plaintiff joined the board of a Ukrainian energy company in a move Plaintiff describes as an unmistakable "f*ck you" to Vladimir Putin [SS-28], and U.S. intelligence officials initially dismissed Plaintiff's

---

[1] The Doe defendants should be dismissed pursuant to the Court's Standing Order and Federal Rule of Civil Procedure 4m

1  computer at issue in this case as Russian disinformation, raising legitimate reasons
2  why investigative journalists would seek to follow up on the story. [SS-29]

### b. Background

4  In an unverified complaint signed by an attorney who abandoned the litigation
5  without seeking leave of Court to withdraw after Plaintiff received a presidential
6  pardon, Plaintiff alleged that Defendant Marco Polo "intentionally accessed a
7  computer without authorization or exceeding authorized access, thereby obtaining
8  information contained in financial records of one or more financial institutions or
9  one or more card issuers as defined in section 1602(n) of title 15 or contained in one
10 or more files of a consumer reporting agency on a consumer, as such terms are
11 defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.)" [SS-53]
12 Plaintiff further alleged that Marco Polo intentionally accessed a computer
13 without authorization or exceeding authorized access, and thereby obtained
14 information from any protected computer which, pursuant to the CFAA, is a
15 computer used in or affecting interstate commerce or communication." [SS-52]

### c. Plaintiff Failed to Produce Evidentiary Support

17 Plaintiff has no evidence that MARCO POLO accessed a computer. [SS-4]
18 Plaintiff has no evidence that MARCO POLO engaged in any unfair or fraudulent
19 business practice. [SS-5] In fact, Plaintiff has not even alleged any specific facts that
20 MARCO POLO engaged in any unlawful, unfair, or fraudulent business practice.
21 [SS-6] Plaintiff has not alleged any specific facts that MARCO POLO engaged in
22 any conduct involving data. [SS-7] Plaintiff has not alleged any specific facts
23 regarding Plaintiff's ownership of any specific data. [SS-8] Plaintiff has no evidence
24 that MARCO POLO has profited off of the use of any data. [SS-10] Plaintiff has not
25 alleged any specific facts that he owned any of the computers at issue in this case.
26 [SS-11] Plaintiff has no evidence that any potential violation of the CFAA by
27 MARCO POLO resulted in damages of $5,000 or greater in a one-year period. [SS-
28

13] Plaintiff has no evidence that MARCO POLO intentionally directed, encouraged or induced anyone to access a computer or data without authorization or exceeding authorization. [SS-14] Plaintiff has no evidence that MARCO POLO recklessly caused Damage to a protected computer. [SS-15]

Plaintiff has no evidence that MARCO POLO caused both Damage to a protected computer and Loss by way of access to a hard drive containing any of Plaintiff's data. [SS-16] Plaintiff has no evidence that MARCO POLO knowingly and with an intent to defraud directed, encouraged, or induced a third party to access a Protected Computer without authorization and by means of such conduct furthered intended fraud and obtained something of value to MARCO POLO. [SS-17] Plaintiff has no evidence that the value of the use of a protected computer exceeded $5,000 in a one year period. [SS-18]

Plaintiff has no evidence that any of MARCO POLO's conduct resulted in "any impairment to the integrity or availability of data, a program, a system, or information." [SS-19] Plaintiff has no evidence that MARCO POLO's conduct resulted in any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. [SS-20]

Plaintiff has no evidence that MARCO POLO intended to defraud Plaintiff. [SS-21] Plaintiff has no evidence that MARCO POLO "intentionally accessed a computer without authorization or exceeded authorized access, thereby obtaining information contained in financial records of one or more financial institutions or one or more card issuers as defined in section 1602(n) of title 15 or contained in one or more files of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.)" [SS-22]

Plaintiff has no evidence that MARCO POLO violated any law or engaged in unfair business practices. [SS-23] Plaintiff has no evidence of consumer harm or market impact related to any purported unauthorized or wrongful access of his computer or data. [SS-24] Plaintiff has no evidence that MARCO POLO ever accessed Plaintiff's data. [SS-25]. Plaintiff has no evidence that he owns, or ever owned, any of the data at issue in this case. [SS-26] Plaintiff has no evidence that he owns, or ever owned, any of the computers at issue in this case. [SS-27]

As required under the Court's Standing Order, Defendant has submitted a thorough Appendix of Uncontested Facts and Conclusions of Law further supplementing this brief.

### III. AUTHORITY

#### a. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56(c) mandates the entry of summary judgment, after sufficient time for discovery and upon motion, against a party who fails to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial. See *Celotex*, 477 U.S. at 322-323.

On an issue as to which the nonmoving party bears the burden of proof at trial, the party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the moving party carries its burden, the nonmovant must respond by presenting

specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Once the moving party with the burden of proof makes a showing that there is no genuine factual issue, that party is entitled to summary judgment "unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." citing *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A nonmovant's burden at summary judgment is to "identif[y] the evidence establishing a genuine issue of material fact in its opposition to summary judgment." *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1137 (9th Cir. 2009); *see also* Fed. R. Civ. P. 56; C.D. Cal. R. 56-3.

"[A] party's allegations…must describe more than merely `conjectural and hypothetical' injuries." *Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1028-29 (9th Cir. 2017)  Moreover, Plaintiff must produce evidence to demonstrate actual injury to maintain cognizable claims under California's unfair competition laws. *See Birdsong v. Apple, Inc.,* 590 F.3d 955, 958-60 (9th Cir. 2009) (requiring proof of injury and causation under California unfair competition laws).

The Court in *Brekka* granted summary judgment in favor of the defendants on the plaintiff's claims under the CFAA because, *inter alia,* LVRC failed to establish the existence of a genuine issue of material fact. See *Brekka*, 581 F.3d at 1129.

### b.  LEGAL STANDARDS FOR PLAINTIFF'S CLAIMS

#### i.  COMPUTER FRAUD AND ABUSE ACT

"The CFAA was enacted in 1984 to enhance the government's ability to prosecute computer crimes." *Brekka*, 581 F.3d at 1130-31 "The act was originally designed to target hackers who accessed computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possessed the capacity to 'access and control high technology processes vital to our everyday lives. . . .' *Id.*

quoting H.R. Rep. 98-894, 1984 U.S.C.C.A.N. 3689, 3694 (July 24, 1984). "The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified forbidden actions, ranging from obtaining information to damaging a computer or computer data." *Id.* citing 18 U.S.C. § 1030(a)(1)-(7).

The Computer Fraud and Abuse Act also includes a *limited* private right of action. *Id.* (emph. added) citing 18 U.S.C. § 1030(g):

> "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (I), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)." 18 U.S.C. § 1030(g).

As the Court in *Brekka* explained, "[A] private plaintiff must prove that the defendant violated one of the provisions of § 1030(a)(1)-(7), and that the violation involved one of the factors listed in § 1030(a)(5)(B)." *Id.*

In this case, Plaintiff, like LVRC, claims that the conduct at issue involved the factor described in subsection (a)(5)(B)(i), which proscribes conduct that causes "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." *Id.* quoting 18 U.S.C. § 1030(a)(5)(B)(i).  As in *Brekka*, plaintiff also brought a claim under Section 1030(a)(2). [See Compl. ¶ 34] The Court in *Brekka* explained, "to bring an action successfully under 18 U.S.C. § 1030(g) [the statute providing a private right of action] based on a violation of 18 U.S.C. § 1030(a)(2), [plaintiff] must show that [a defendant] (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information (4) from any protected computer (if the conduct involved an

13

interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value." *Id.*

Plaintiff also brought an action under Section 1030(a)(4). [See Compl. ¶ 36] To bring an action successfully under Section 1030(g) based on a violation of Section 1030(a)(4), [plaintiff] must show that [defendant]: "(1) accessed a 'protected computer,' (2) without authorization or exceeding such authorization that was granted, (3) 'knowingly' and with 'intent to defraud,' and thereby (4) 'further[ed] the intended fraud and obtain[ed] anything of value,' causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value." *Brekka*, 581 F.3d at 1132 citing 18 U.S.C. § 1030(a); citing *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d. Cir. 2005); *Theofel v. Farey-Jones,* 359 F.3d 1066, 1078 (9th Cir. 2004).

## IV. ARGUMENT

The Ninth Circuit's analysis of *Brekka* is instructive as the case is procedurally indistinguishable from the case at bar. See *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127 (9th Cir. 2009)  In that case, after dismissing the claims under the CFAA citing the lack of evidentiary support, the Court declined to exercise subject matter jurisdiction over the state law claims. *Id.* at 1137. Given the potential complexities under state law if this case were to go forward, the Court should dismiss the remaining claims for lack of subject matter jurisdiction after entering judgment for Defendant on the CFAA claim.

As set forth in detail in the concurrently filed Joint Appendix of Uncontested Facts, Plaintiff cannot meet his evidentiary burden on essential elements of his claims.

### a. No Evidence Supporting a CFAA Claim.

Plaintiff has not – and more critically *cannot*, consistent with his obligations under Rule 11 and the duty of candor, meet his burden of proof in this case to

14

establish a violation of the CFAA. Plaintiff has no apparent evidence that MARCO POLO (or anyone named in this case) intentionally accessed Plaintiff's computer without authorization (or exceeded authorized access) and that it obtained information from a protected computer resulting in a loss aggregating at least $5,000 in the past year. Plaintiff simply has produced no evidence supporting any of his conclusory, speculative allegations in the unverified Complaint, and more importantly, Plaintiff will not be able to produce any such evidence because none exists. Having had ample opportunity over the past two years – and an obligation under the Discovery Rules – to produce evidence to support his claims, Plaintiff has failed to produce any evidence to support the claims in his unverified complaint.

Summary Judgment should be entered in favor of Defendant MARCO POLO.

### b. No Evidence Supporting a Claim under the CDAFA

Plaintiff alleges violations of California Computer Data Access and Fraud Act (Cal. Pen. Code § 502) but fails to produce any evidence that MARCO POLO acquired, used, or disclosed Plaintiff's data without authorization or that MARCO POLO misused any protected consumer data.

### c. No Evidence Supporting a UCL Claim

To prevail under California Business & Professions Code § 17200, Plaintiff must prove MARCO POLO engaged in unlawful business conduct, unfair business conduct harming competitors or consumers, or fraudulent business conduct – misleading or deceiving the public. Bus. & Prof. Code § 17200 Here, there is no evidence that MARCO POLO engaged in any unlawful business conduct, unfair business conduct, or fraudulent business conduct.

Here, Plaintiff has not produced any evidence that MARCO POLO violated any law or engaged in unfair business practices, and nor could he because **he has not produced evidence explaining the basis for his claim of ownership of his data or of any particular device accessed by any defendant.** There is simply no

15

1  evidence that MARCO POLO ever accessed Plaintiff's data, and there is no
2  evidence of any consumer harm or market impact associated with any of MARCO
3  POLO's conduct.  There is no evidence of any fraudulent misrepresentations, and
4  none have even been identified by Plaintiff.  Judgment should be entered in favor of
5  Defendant.

### d.  No Evidence Supporting Vicarious Liability Theories

Marco Polo is a Limited Liability Company with 501(c)(3) status. [SS___] Plaintiff failed to allege any facts that would suggest Marco Polo is directly liable for the conduct at issue and has failed to allege any facts that would support a finding that piercing the corporate veil would be appropriate in this case.  Plaintiff has failed to produce any evidence supporting a finding of vicarious liability.

Plaintiff's theories of vicarious liability are not pleaded with any factual specificity, but nevertheless these theories fail because Plaintiff lacks evidence that MARCO POLO is an alter ego or agent of any individual defendant or that MARCO POLO ratified the conduct.

Further, there is no evidence that MARCO POLO disregarded corporate formalities such that piercing the corporate veil would be appropriate even if Plaintiff could demonstrate a violation by any person.  There is simply no evidence of personal and business finances being intermingled and no evidence of fraud or injustice that would justify piercing the corporate veil.

### e.  Alternatively, the Court Should Decline to Exercise Jurisdiction over State Law Claims

Defendant is entitled to summary judgment on all claims as Plaintiff has failed to produce evidence to support any of his claims alleged in the unverified complaint.  Nevertheless, if the Court enters judgment on the CFAA claim in favor of Defendant, the Court should reconsider its exercise of subject matter jurisdiction over the state law claims, particularly given the complexity of the allegations, and

dismiss the remaining claims for lack of subject matter jurisdiction. See e.g. *Brekka*, 581 F.3d at 1137 (affirming the district court's entry of summary judgment on the CFAA claim and dismissal of state law claims declining to exercise supplemental jurisdiction).

## V.     CONCLUSION

Because Plaintiff has produced no evidence that Marco Polo violated the CFAA, UCL, or any data privacy law, and no evidence supporting a theory of vicarious liability, Defendant respectfully requests this Court grant summary judgment in its favor and dismiss all claims with prejudice. Alternatively, Defendant requests that this Court enter summary judgment on the CFAA claim and decline to exercise subject matter jurisdiction over the state law claims.

Dated: March 4, 2025.                    Respectfully submitted,

                                         _/s/_____
                                         JENNIFER L. HOLLIDAY

                                         Attorney for Defendants
                                         Garrett Ziegler and ICU, LLC