# EXHIBIT K

| | |
|---|---|
| **From:** | Zachary Hansen |
| **To:** | Jennifer Holliday |
| **Cc:** | JLHolliday; Bryan Sullivan; Abbe Lowell Public Outreach |
| **Subject:** | RE: Biden v. Ziegler, 7-3 request |
| **Date:** | Friday, March 14, 2025 1:14:37 PM |

Ms. Holliday,

First of all, the fact that Mr. Biden went on a trip that has been widely misrepresented in the media, upon which you seem to be relying, has no legal relevance whatsoever.  Moreover, your representation that Mr. Biden's deposition had been scheduled for a specific day is false, as you know. There was never an agreement on a date certain for his deposition; rather the parties were in talks about rescheduling the deposition for one of two weeks in March with a date yet to be decided when Mr. Biden filed his ex parte application. As such, your argument for Rule 37 sanctions on that basis is unsupportable.  Additionally, your insistence that my client is lying about the basis for his motion, and that his counsel is perpetrating that lie, is indeed despicable and constitutes a violation of the rules of civility in the Central District of California, not to mention is without any basis in reality.  Also, this unfounded allegation on your part regarding Mr. Biden's recent trip was already asserted by you in your supplemental declaration in support of your opposition to our ex parte application. As such, there is no "new fact" that "gives rise to grounds to move to reconsider" as you claim.

==Second, the law referenced in your email regarding your claim for attorney's fees does not support what you claim it does. For starters, under Cal Penal Code section 502, relevant case law is clear that even a prevailing party on such a claim is not entitled to attorney's fees just because they prevailed (which Mr. Ziegler has not), but instead there must be an affirmative showing that the claim was frivolous when asserted or was not abandoned when the frivolity of the claim became apparent. Mr. Biden's claim in this regard is, and at all times was, meritorious, thereby precluding any fees under that statute.==  The other statutes you briefly reference (without any supporting analysis or facts), and relevant case law regarding the same, likewise do not support your position.

In response to your question about a further meet and confer on a Rule 37 motion, I would like to see your supporting legal authorities on that issue as well because I do not think your position is supportable.

Best Regards,

Zach Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Jennifer Holliday <jh@jhesq.com>
**Sent:** Friday, March 14, 2025 10:42 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** JLHolliday <JLHOLLIDAY@proton.me>; Bryan Sullivan <bsullivan@earlysullivan.com>; Abbe Lowell Public Outreach <AbbeLowellPublicOutreach@winston.com>
**Subject:** Re: Biden v. Ziegler, 7-3 request

Mr. Hansen:

Thank you for your prompt reply.  It is confirmed that Mr. Biden left the country instead of appearing at deposition this week as previously promised. He is pictured today in Cape Town, South Africa.

We provided you with authority under 54(b), 502 PC, and the Court's inherent authority. Given Mr. Biden's lack of candor and obstruction, we would also seek fee sanctions under Rule 37 - as the Court noted in its order granting your ex parte application, the timing of Mr. Biden's request was just before deposition.