JENNIFER L. HOLLIDAY SBN 261343
JLHolliday@Proton.me
7190 W. Sunset Blvd. #1430
Los Angeles, CA 90046
(805)622-0225

**ATTORNEY FOR DEFENDANTS**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HUNTER BIDEN,<br>Plaintiff,<br>v.<br>GARRETT ZIEGLER, ICU, LLC (d/b/a Marco Polo),<br>Defendants. | **Case No. 2:23-CV-07593-HDV-KSx**<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS IN REPLY TO PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>**THE HON. HERNÁN D. VERA**<br><br>**HRG: MAY 1, 2025**<br>**TIME: 10:00 AM**<br>**DEPT: 5B** |

Defendants ICU, LLC and Garrett Ziegler respectfully object to the Declaration of Zachary Hansen as follows:

A litigant may not offer new evidence in support of a post-dismissal motion related to the foundation of the case unless the evidence was properly disclosed or litigated during discovery. See e.g. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) Plaintiff's declaration of Zachary C. Hansen and the accompanying Exhibits must be excluded under **Federal Rules of Civil Procedure 26 and 37, and the Court should make an express finding that Biden violated the disclosure requirements of Rules 26(a) and 26(e). See *Id.***

The evidence attached to Mr. Hansen's Declaration was not disclosed during discovery or prior to dismissal of the action. The new "expert" witness referenced in Mr. Biden's declaration was never identified in Rule 26 disclosures, and the social media exhibits are both irrelevant and untimely. Plaintiff cannot evade Rule 26 obligations during the litigation and then evade responsibilities to pay attorney's fees by introducing undisclosed witnesses or hearsay exhibits after voluntary dismissal. There has been no showing that the failure to disclose was justified or harmless. The Court should strike or disregard the Hansen Declaration and attached Exhibits as procedurally improper and inadmissible – except to the extent that they admit ongoing discovery misconduct.

**GENERAL OBJECTIONS TO DECLARATION OF ZACHARY C. HANSEN**

1. **Lack of Personal Knowledge (FRE 602):**

The declaration repeatedly refers to actions, beliefs, and intentions of third parties (e.g., what Defendants "admit" in social media posts, or the reasons for certain deposition scheduling). As Mr. Hansen was not the author of those social

media posts and provides no foundation for personal knowledge beyond what is publicly visible, these statements lack foundation.

2. **Hearsay (FRE 802):**

Statements contained in social media posts (e.g., Exhibits A–D, O–P) are out-of-court statements offered to prove the truth of the matter asserted—i.e., that Defendants allegedly accessed and used certain files. They are hearsay and not subject to an exception.

3. **Improper Legal Conclusion:**

Mr. Hansen characterizes certain statements as "admissions" of wrongdoing or misconduct are legal conclusions that invade the province of the trier of fact and are not proper for a declaration.

4. **Relevance (FRE 401, 402):**

Portions of the declaration discuss press coverage (e.g., Exhibit E, CNN article) and social media posts made after the litigation was dismissed. These are irrelevant to the issue of whether attorney's fees are warranted based on the merits or timing of the dismissal.

5. **Speculation (FRE 602, 701):**

Statements suggesting that Defendants altered screenshots of a court order (see Exhibit P) or that public posts reflect intent to harass or gloat are speculative and not based on personal knowledge. Moreover, it is entirely *false* to claim that

Mr. Ziegler "altered" a court order simply because a portion of the order appears on a social media post.

| **Evidence** | **Objections** | **Court's Ruling** |
|---|---|---|
| Hansen Decl. Ex. A | Untimely, Fed. R. Civ. P. 26, 37<br>**Hearsay** – Out-of-court statements without authentication or foundation.<br>**Lack of Authentication (FRE 901)** – No declaration or technical expert support confirming the accuracy or completeness of these screenshots. | SUSTAINED ____<br><br>OVERRULED _____ |
| Hansen Decl. Ex. B | Untimely, Fed. R. Civ. P. 26, 37<br>**Hearsay** – Out-of-court statements without authentication or foundation.<br>**Lack of Authentication (FRE 901)** – No declaration or technical expert support confirming the accuracy or completeness of these screenshots. | SUSTAINED ____<br><br>OVERRULED _____ |
| Hansen Decl. Ex. C | Untimely, Fed. R. Civ. P. 26, 37<br>**Hearsay** – Out-of-court statements without authentication or foundation. | SUSTAINED ____<br><br>OVERRULED _____ |

| | | |
|---|---|---|
| | **Lack of Authentication (FRE 901)** – No declaration or technical expert support confirming the accuracy or completeness of these screenshots. | |
| Hansen Decl. Ex. D | Untimely, Fed. R. Civ. P. 26, 37 **Hearsay** – Out-of-court statements without authentication or foundation. **Lack of Authentication (FRE 901)** – No declaration or technical expert support confirming the accuracy or completeness of these screenshots. | SUSTAINED ____ OVERRULED _____ |
| Hansen Decl. Ex. E | Untimely, Fed. R. Civ. P. 26, 37 • **Double Hearsay** – News articles contain statements by third parties as well as editorial narrative. Not admissible. | SUSTAINED ____ OVERRULED _____ |
| Hansen Decl. Ex. F | This e-mail is from an attorney in New York who was not counsel of record for Mr. Biden and was not admitted *pro hac vice* in this case. [See ECF] As per the e-mail Mr. Biden did not disclose | SUSTAINED ____ OVERRULED _____ |

| | | |
|---|---|---|
| | working with Riddleman or any experts. Counsel claims they intend to "promptly propound Requests for Admission" but no such Requests were ever served.<br><br>The parties discussed the scheduling order, and Plaintiff never sent a proposed stipulation. | |
| Hansen Decl. Ex. G | Written objections to the deposition of Kevin Morris, but no motion to quash was ever filed.<br><br>Note: Plaintiff failed to file a Notice of Related Case re: Morris. ["Morris has sued defendants in a State case."] ¶ 4 | No Objection |
| Hansen Decl. Ex. H | Written objection to deposition, still no motion to quash. | No Objection |
| Hansen Decl. Ex. I | E-mail from Holliday confirming MSJ and over 600 pages of documents served to Plaintiff on March 4, 2025 prior to ex parte application to dismiss. | No Objection |
| Hansen Decl. Ex. J | Incomplete – the Motion was filed concurrently with an Appendix exceeding 500 pages, demonstrating a substantial amount of work in a short period of time. | SUSTAINED ____<br><br>OVERRULED _____ |

| | | |
|---|---|---|
| Hansen Decl. Ex. O | **Hearsay** – Out-of-court statements without authentication or foundation. **Lack of Authentication (FRE 901)** – No declaration or technical expert support confirming the accuracy or completeness of these screenshots. Mr. Hansen has no personal knowledge of who posts on these accounts and attempts to arouse bias and inflame by stating that Mr. Ziegler "criticized" the Judge – but without offering the precise statements Mr. Ziegler allegedly made. This is entirely improper. | SUSTAINED ____<br><br>OVERRULED _____ |
| Hansen Decl. Ex. P | **Hearsay** – Out-of-court statements without authentication or foundation. **Lack of Authentication (FRE 901)** – No declaration or technical expert support confirming the accuracy or completeness of these screenshots.<br><br>Mr. Hansen improperly speculates – and accuses – Mr. Ziegler and ICU, LLC of "altering" the Court's order to remove the Court's statement that | SUSTAINED ____<br><br>OVERRULED _____ |

| | | |
|---|---|---|
| | it “does no <sic> express any opinion concerning the underlying merits of the case.”<br><br>This appears to be a post from X (formerly Twitter) that uses a cropping technology that displayed screenshots of the order cropped automatically by the software, not by any particular user. | |

DATE: APR. 17, 2025

_/S/___________________________

JENNIFER L. HOLLIDAY

ATTORNEY FOR DEFENDANTS
GARRETT ZIEGLER
ICU, LLC