JENNIFER L. HOLLIDAY SBN 261343
JLHolliday@Proton.me
7190 W. Sunset Blvd. #1430
Los Angeles, CA 90046
(805)622-0225

**ATTORNEY FOR DEFENDANTS**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT HUNTER BIDEN,

    Plaintiff,

v.

GARRETT ZIEGLER, ICU, LLC (d/b/a Marco Polo),

    Defendants.

Case No. 2:23-CV-07593-HDV-KSx

**DEFENDANTS' REPLY TO OBJECTIONS TO FEES**

**[FILED CONCURRENTLY WITH MEMORANDUM IN REPLY TO PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS]**

**THE HON. HERNÁN D. VERA**

**HRG: MAY 1, 2025**
**TIME: 10:00 AM**
**DEPT: 5B**

1

DEFENDANTS Garrett Ziegler and ICU, LLC ("Marco Polo") respectfully submit the following REPLY TO OBJECTIONS TO FEES filed concurrently with their Memorandum in Reply to Plaintiff Robert Hunter Biden's Opposition to Defendant's Motion for Attorney's Fees per Federal Rule of Civil Procedure 54 and Section 502 of the California Penal Code.

| Defendants' Block-Billed Entries: | Reasons Why the Entries are Unreasonable and Grossly Excessive: |
|---|---|
| 8.0 hours on February 20, 2025 for: "File notice of appearance; Review of pleadings and case history; outline motion for fees; review correspondence and discovery requests[.]" | Each of these tasks are administrative in nature and are a direct result of Defendants retaining new counsel on February 20 and her efforts to review the case file. Also, 8.0 hours is grossly excessive for such menial tasks in a case without much history. Indeed, there have been only four motions filed, two sets of written discovery propounded and responded to by Defendants, and 1,570 pages of documents produced by Defendants, the majority of which consist of portions of Defendants' "Biden Laptop Report" and publicly available transcripts. Biden was not served with any discovery until January 31, 2025, and Defendants' counsel refused to provide the common courtesy of a first requested extension of time to respond, so Biden only asserted objections thereto. (Hansen Decl., ¶ 11.) |
| **Defendants' counsel's response:** The tasks are not administrative in nature and are not menial. There are seventy-six entries on the docket in this case prior to new counsel's substitution and over 1500 pages of evidence in support of Defendants' defenses. Given the deadlines set forth in the Scheduling Order and the pending depositions set for the following week, eight hours reviewing | |

-1-

documents in a new case to ascertain all the relevant facts related to the motion and developing the various arguments is entirely reasonable.

"A defendant can carry its burden of establishing its entitlement to attorney's fees by submitting a declaration from counsel instead of billing records and invoices. *Lunada Biomedical v. Nunez*, 230 Cal.App.4th at 488 (2014)

The Ninth Circuit has adopted the "lodestar" method to for calculating attorney fees, multiplying a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Fisher v. SJB-P.D. Inc.*, 214 F3d 1115, 1119 (9th Cir 2000), citing *Hensley v. Eckerhart*, 461 US 424, 433 (1983).

| 8.0 hours on February 21, 2025 for: "Meet and confer with opposing counsel regarding deposition scheduling and outstanding discovery issues. Draft and send 7-3 letter for MSJ. Correspond with opposing counsel re: same; Prepare deposition outlines." | The meet and confer video conference of counsel lasted less than an hour (approximately 45 min.), Ms. Holliday was informed on that conference that Mr. Morris and Biden would not be appearing at their unilaterally noticed depositions thereby negating the need to prepare outlines, and Defendants' February 21 L.R. 7-3 letter was less than two pages in length. (Hansen Decl., ¶ 12). |
|---|---|

**Defendants' counsel's response:** Plaintiff's counsel confirms the video conference for which Defendant's counsel billed and admits to orally objecting to the properly noticed deposition and third party subpoena of Kevin Morris. Plaintiff's counsel omits the fact that the parties specifically discussed the fact that under FRCP 45, Mr. Morris would need to file a Motion to Quash and/or for a protective order if he did not intend to appear at deposition because he was a third-party witness.

In the absence of any motion to quash – and indeed, having failed to receive either a Rule 7-3 letter or an ex parte application seeking to quash the subpoena – Defendants' counsel proceeded to deposition as noticed, reviewing materials and preparing deposition outlines.

| 8.0 hours on February 22, 2025 for: "Review Judge Vera's Standing Order re: Summary Judgment | Biden had not produced any document to date, so this necessarily included a review of Ms. Holliday's own file, for |
|---|---|

| | |
|---|---|
| motions; Draft shell brief for motion for summary judgment; review document production to date." | which Biden should not be liable. Reviewing Judge Vera's Standing Order is an administrative task and should have taken no longer than 0.5 hours for a competent attorney. The summary judgment motion was only for one defendant and consisted only of the argument that Biden lacked evidence on each element of the claim and was not complicated. (Hansen Decl., ¶ 9, Ex. J.) |
| **Defendants' counsel's response:** Biden's counsel admits to having produced **no documents or evidence by February 22, 2025** (but there was a Rule 26 Report with disclosures for Defendant to review. [ECF 69]) ||
| 8.0 hours on February 23, 2025 for: "Review and revise Defendant ICU, LLC's portion of the MSJ; correspond with client and counsel." | Corresponding with clients and co-defense counsel are not tasks Biden should be liable for, let alone 8.0 hours of such correspondence, which is entirely unreasonable. Further, the MSJ was only for one defendant and consisted only of the argument that Biden lacked evidence on each element of the claim so it was not complicated. (Hansen Decl., ¶ 9, Ex. J.) |
| **Defendants' counsel's response:** Plaintiff's counsel fundamentally misapprehends the complexity of this case involving two *criminal* causes of action that included private rights of action – and a *corporate* defendant against whom no factually specific allegations of misconduct were alleged (which is likely why Biden did not prevail in this action). The Motion for Summary Judgment, only *part* of which is attached as Exhibit J to the Declaration of Zachary Hansen, included preparing an **Evidentiary Appendix consisting of 511 pages, a 19 page Separate Statement, and a Notice of Motion and Opening Brief. [See Decl. of Holliday Ex. A]** Defendant's counsel prepared **almost 600 pages of a motion for summary judgment including the evidentiary appendix.** ||
| 8.0 hours on February 25, 2025 for: "Review deposition prep materials; finalize questions and outline for | By February 25 Ms. Holliday had been informed at least three different times, |

| | |
|---|---|
| Morris deposition; confirm deposition details with vendor; review order to strike notice re: Salvaty[.]" | including by timely written objections, that Mr. Morris was not appearing for his unilaterally noticed deposition on February 26 and no time should have been billed for tasks related to preparation therefore. (Hansen Decl., ¶¶ 4-6, Ex. F-G.) The order to strike notice re: Salvaty is a one page, non-substantive order that should have taken less than five minutes to review. (Dkt# 80). This fee claim is entirely unjustifiable and grossly unreasonable. |
| **Defendant's Counsel's Response:** Rule 45(d)(3) requires a person served with a deposition subpoena to file a motion to quash. See e.g. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). Counsel *acknowledged* that he intended to file a motion to quash or for a protective order but never did. [See Dkt.] | |
| 8.0 hours on February 26, 2025 for: "Travel to Century City for deposition. Appeared for deposition of P. Kevin Morris; opposing party failed to appear; record statement; assess next steps; correspond with opposing counsel re: deposition of Morris. Review Order to Show Cause re: bounce back e-mail of Paul Salvaty." | Ms. Holliday was informed orally and in writing at least four times prior to February 26 that Mr. Morris was not appearing at his deposition pursuant to timely objections (see, supra, Section II). (Hansen Decl., ¶¶ 4-7, Ex. F-H.) It is entirely unreasonable and inexplicable to still appear for the deposition and incur fees related thereto in light of those notices and can only be interpreted as solely meant to unnecessarily prejudice Biden and increase fees. Further, "assess next steps" is the type of superficial, vague billing that should be rejected for a fees award. |
| **Defendant's Counsel's Response:** Plaintiff's counsel acknowledges that the deposition was set for that date, and Rule 45(d)(3) requires a person served with a deposition subpoena to file a motion to quash. See e.g. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005). Counsel *acknowledged* that he | |

| | |
|---|---|
| intended to file a motion to quash or for a protective order but never did. [See Dkt.] | |
| 8.0 hours on February 27, 2025 for: "Meet and confer with opposing counsel re: non-appearance and availability of Biden for deposition on February 28, 2025; prepare motion for sanctions. Reset deposition of H. Biden to week of March 10-17, 2025; Met and conferred with client re: litigation plan. Confirmed dates for IDC." | The meet and confer conference call lasted less than 30 minutes, no motion for sanctions was ever filed by Defendants, Biden should not be liable for Ms. Holliday's communications with her client "re: litigation plan", and confirming dates for the IDC involved sending two emails by Ms. Holliday. (Hansen Decl., ¶ 13.) |
| **Defendant's Counsel's Response:** Plaintiff's counsel acknowledges that the IDC was contemplated and that tasks relevant to the litigation were performed. The "litigation plan" was based on Mr. Biden's failure to appear at deposition as noticed and was caused entirely by Biden's team's obstruction. | |
| 8.0 hours on March 3, 2025 for: "Appear before Chief Magistrate Judge Stevenson on contempt motion re: deposition avoidance; Review minute order [ECF 83] Continue reviewing and revising MSJ documents." | The IDC on March 3 lasted less than 20 minutes (Hansen Decl., ¶ 14) and the Court's Minute Order (Dkt# 83) is less than one page of substantive text. Moreover, Ms. Holliday was informed in writing at 7:36 A.M. on March 3 of Biden's intent to voluntarily dismiss this action and therefore any additional work performed on their Motion for Summary Judgment after that time should have ceased. (Hansen Decl., ¶ 15, Ex. L.) Further, the motion for summary judgment was only for one defendant and consisted only of the argument that Biden lacked evidence on each element of the claim so it was not complicated. (Hansen Decl., ¶ 9, Ex. J.) |

| | |
|---|---|
| **Defendant's Counsel's Response:** Both Plaintiff's counsel and the docket reflect that this IDC occurred, and Defendant has reasonably billed for fees associated with the hearing. Just prior to the hearing, Mr. Hansen suddenly informed Defendants of his intent to voluntarily dismiss the case but did not file any notice of such dismissal until March 6. ||
| 8.0 hours on March 4, 2025 for: "Review transcript from hearing; revise and finalize sanctions Defendant ICU, LLC's portion of Motion for Summary Judgment; Review H. Biden response [ECF 84]; Serve Defendant ICU, LLC's Portion of Joint MSJ." | It is unclear what transcript was reviewed due to the vague description, no sanctions motion was ever filed by Defendants, Docket #84 contains less than one page of substantive text, and, as stated previously, any work on Defendants' Motion for Summary Judgment after being notified of Biden's intent to dismiss this case on March 3 is unreasonable and unnecessary. Service of documents is a secretarial task for which no reimbursement of fees is warranted. Further, the motion for summary judgment was only for one defendant and consisted only of the argument that Biden lacked evidence on each element of the claim so it was not complicated. (Hansen Decl., ¶ 9, Ex. J.) |
| **Defendant's Counsel's Response:** Plaintiff's counsel acknowledges that the Motion for Summary Judgment was served. The transcript reviewed is sealed in another case and relates to Biden's attorney Abbe Lowell and Mr. Ziegler and reflects a potentially improper purpose for bringing this litigation – to attempt to intimidate Mr. Ziegler, an expert witness in another case brought against Mr. Biden. The transcript is sealed and will have to be unsealed if the Court wishes to review it.<br><br>The service of the MSJ was more complicated than typical secretarial work because it must comply with the Court's Standing Order to serve the moving party's portion on the responding party to create a joint filing. Counsel explained to Defendant how to incorporate their portion of the joint filing. ||
| 15.0 hours on March 5, 2025 for: "Review Ex Parte Application to | Over the course of two days, Ms. Holliday billed a total of 22 hours on |

| | |
|---|---|
| Voluntarily Dismiss Action and Exhibits 1-8 [ECF 85]. Immediately begin preparing and drafting opposition papers and declarations; consult with R. Tyler and request declaration; arrange printing and delivery to chambers in compliance with Standing Order and Local Rules." | drafting an opposition consisting of only 11.5 pages of substantive text (Dkt# 88) to Biden's ex parte application, including admitted correspondence with co-counsel and various secretarial tasks such as "arrange printing and delivery to chambers" |
| **Defendant's Counsel's Response:** Defendants' success on this motion – obtaining a dismissal *with prejudice* – despite Defendant's opposition speaks volumes to whether the billing was reasonable for the almost 12 page opposition which required substantial factual research to determine whether Mr. Biden's representations were accurate. This was a "gotcha" motion that should have been filed as a noticed motion to afford Defendants' sufficient time to fully brief the issues, and there was no exigency. In reality, Mr. Biden was avoiding his deposition and traveling to South Africa to go on a luxury vacation – which he initially omitted from his filings but now admits. ||
| 7.0 hours on March 6, 2025 for: "Finalize and file Opposition Papers and arrange for delivery of Chambers Copy." | Under Judge Vera's Standing Order, parties are allowed 24 hours to oppose an ex parte application. This means Ms. Holliday apparently utilized all but two hours of that 24 hour period to draft such a short opposition. This fee claim is entirely unjustifiable and grossly unreasonable. |
| **Defendant's Counsel's Response:** Yes, it was extremely stressful and unreasonably burdensome to have to respond to an ex parte application within twenty-four hours that sought a dismissal without prejudice after service of an MSJ demonstrating that the entire action lacked any objective foundation. ||
| 6.0 hours on March 7, 2025 for: "Review Reply Brief, prepare and file response; Research[.]" | Biden's reply brief (Dkt# 89) consists of only 2.5 pages of substantive text and Defendants' response (Dkt# 90) is a 3.5 page declaration. Moreover, Biden's reply brief was filed at 8:06 A.M. on March 7 and Defendants' response was filed just over two |

| | |
|---|---|
| | hours later at 10:20 A.M. (Hansen Decl., ¶¶ 16-17, Ex. M-N.) As such, it is unclear how 6.0 hours could have been billed for these tasks given that very short timeline. The amount billed for these simple tasks is grossly excessive. Further, "Research" without any further explanation whatsoever is the type of superficial, vague billing that should be rejected for a fees award. |

**Defendant's Counsel's Response:** Plaintiff acknowledges that the work was performed and the brief was filed. Plaintiff's counsel described Ms. Holliday as "despicable" for reporting to the Court that she had heard reports that Mr. Biden had left the United States while the motion was pending (and Mr. Biden was supposed to sit for deposition). Research included work following the reply brief.

Based upon the disparagement and in an effort to independently confirm the news report, Defendant's counsel retained a licensed private investigator in South Africa who tracked Mr. Biden to a seaside resort, to a restaurant, and then to a coastal condominium in Cape Town, South Africa. Defendants' counsel obtained license plates connected with the United States Embassy, further contradicting Mr. Biden's testimony that his "friends and family" paid for this luxury vacation as a birthday gift to Mr. Biden's wife. Defendants' counsel's investigator obtained photographs of Mr. Biden in Cape Town, further undercutting Plaintiff's counsel's statements in the Opposition Papers. [See OPP, ECF 94, FN 3]:

*In an effort to tarnish Biden, Defendants rely on inaccurate, politically-biased reporting that Biden is on an "ultra luxury vacation" in South Africa. (Dkt. #92). In*
*reality, Biden is visiting his wife's family who live in South Africa (Biden's wife is South African, which any objective internet search would disclose), staying with his*
*wife's family, with the trip being paid for by his wife's friends and family as a birthday present for his wife. (Biden Decl., ¶ 5). Biden traveled to South Africa on March 8, after Defendants' counsel was notified of Biden's intent to voluntarily dismiss this action. Id. If denied, Biden assumed that his deposition could be done via videoconference as was done in other cases in which Biden has been involved. Id.*
*at ¶ 6.*

Mr. Biden's counsel should not presume that Defendants' counsel is ever relying on reports from reporters or news outlet but is, instead, expended significant resources to independently determine the extent of Biden's lack of candor in absconding to South Africa without disclosing it to this Court while the motion was pending. Truthfully conveying this information to the tribunal is not an effort to "tarnish" Mr. Biden – who could have, and should have – simply disclosed to this Court that he would be leaving the country before the Motion was resolved.

Defendant's counsel also notes that Mr. Biden has presumed that he would be able to appear "remotely" if required to go forward with his deposition, but no such discussions were ever held, and no terms were agreed.

Mr. Biden's counsel should be admonished for using insulting language and describing Ms. Holliday as "despicable" for *accurately reporting the facts*, and the research Ms. Holliday billed for involved attempting to investigate Mr. Biden's and his counsel's candor to the Court.

DATE: APR. 17, 2025         _/S/_____

                            JENNIFER L. HOLLIDAY

                            ATTORNEY FOR DEFENDANTS
                            GARRETT ZIEGLER
                            ICU, LLC