# EXHIBIT A

Docket Nos. 25-2406; 25-2407; 25-2408; 25-2412

In the

# UNITED STATES COURT OF APPEALS

For the

# NINTH CIRCUIT

---

GARRETT ZIEGLER; ICU, LLC (DBA MARCO POLO),
*Appellants and Defendants,*

*v.*

ROBERT HUNTER BIDEN,
*Respondent and Plaintiff.*

---

APPEAL FROM ORDER OF THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 2:23-CV-07593-HDV-KS
HON. HERNAN D. VERA, UNITED STATES DISTRICT JUDGE

---

## RESPONDENT'S MOTION TO DISMISS APPEALS; DECLARATION OF ZACHARY C. HANSEN

---

Bryan M. Sullivan, California State Bar No. 209743
*bsullivan@earlysullivan.com*
Zachary C. Hansen, California State Bar No. 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE: (323) 301-4676


*Attorneys for Respondent and Plaintiff*
ROBERT HUNTER BIDEN

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ...................................................................... 2

TABLE OF AUTHORITIES ................................................................ 3

INTRODUCTION ................................................................................ 5

STATEMENT OF FACTS AND PROCEDURAL HISTORY OF
THE CASE ........................................................................................... 7

ARGUMENT ...................................................................................... 10

I.     APPELLANTS' APPEALS OF THE SEPTEMBER 9, 2024
       ATTORNEY'S FEES AWARD ARE UNTIMELY .............. 10

II.    APPELLANTS' APPEALS OF THE JUNE 20, 2024 ORDER
       DENYING THE MOTION TO DISMISS ARE MOOT ........ 17

CONCLUSION ................................................................................... 20

DECLARATION OF ZACHARY C. HANSEN, ESQ. ..................... 22

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
126 F.3d 1118 (9th Cir. 1997) ....................................................... 17

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ....................................................... 16

*Bordallo v. Reyes*,
763 F.2d 1098 (9th Cir. 1985) ....................................................... 10

*Bowles v. Russell*,
551 U.S. 205, 127 S.Ct. 2360 (2007)............................................. 10

*Breazeale v. Victim Servs., Inc.*,
878 F.3d 759 (9th Cir. 2017) ......................................................... 16

*Cohen v. Beneficial Indust. Loan Corp.*,
337 U.S. 541, 69 S.Ct. 1221 (1949)............................................... 11

*Culinary & Serv. Emps. Union, AFL-CIO Local 555 v. Haw. Emp.
Ben. Admin., Inc.*, 688 F.2d 1228 (9th Cir. 1982) ......................... 12

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863, 114 S.Ct. 1992 (1994)............................................. 11

*Evans v. Synopsys, Inc.*,
34 F.4th 762 (9th Cir. 2022) .......................................................... 10

*Hunt v. City of Los Angeles*,
638 F.3d 703 (9th Cir. 2011) ......................................................... 12

*Kennedy v. Applause, Inc.*,
90 F.3d 1477 (9th Cir. 1996) ......................................................... 12

*Manufactured Home Communities, Inc. v. County of San Diego*,
655 F.3d 1171 (9th Cir. 2011) ....................................................... 12

*Melendres v. Maricopa County*,
815 F.3d 645 (9th Cir. 2016) ......................................................... 10

*Mireskandari v. Associated Newspapers, Ltd.*,
665 Fed. Appx. 570 (9th Cir. 2016)............................................... 12

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100, 130 S.Ct. 599, 605 (2009) ...................................... 12

*North Carolina v. Rice*,
    404 U.S. 244, 92 S.Ct. 402, 404 (1971)........................................ 17
*Orr v. Plumb*,
    844 F.3d 923 (9th Cir. 2018) ......................................................... 10
*Outdoor Media Group, Inc. v. City of Beaumont*,
    506 F.3d 895 (9th Cir. 2007) ......................................................... 17
*S.L. ex rel. Loof v. Upland Unified School Dist.*,
    747 F.3d 1155 (9th Cir. 2014) ....................................................... 12
*SEC v. Capital Consultants LLC*,
    453 F.3d 1166, fn. 6 (9th Cir. 2006) ...................................... 11, 13
*Sprout v. Farmers Inc. Exch.*,
    681 F.2d 587 (9th Cir. 1982) ......................................................... 10
*Tate v. University Med. Ctr. Of Southern Nevada*,
    606 F.3d 631, (9th Cir. 2010) ....................................................... 17
*United States ex rel Hoggett v. University of Phoenix*,
    863 F.3d 1105 (9th Cir. 2017) ....................................................... 11
*Vill. Of Gambell v. Babbitt*,
    999 F.2d 403 (9th Cir. 1993) ......................................................... 17
*Will v. Hallock*,
    546 U.S. 345, 126 S.Ct. 952, 956 (2006)...................................... 11

**Statutes**
18 U.S.C. § 1030.................................................................................. 7
28 U.S.C. § 1292................................................................................ 15
28 U.S.C. § 1331................................................................................ 18
28 U.S.C. § 1332................................................................................ 18
28 U.S.C. § 2107(a)........................................................................... 10
California Code of Civil Procedure § 425.16................................. 6, 8
California Code of Civil Procedure § 425.16(c)(1)............................ 8
Cal. Penal Code § 502 ........................................................................ 7

**Federal Statutes**
Fed. R. App. P. 4(a)(1)(A)................................................................ 10

**Other Authorities**
Business & Professions Code § 17200............................................... 7

Respondent Robert Hunter Biden ("Biden") hereby respectfully submits this Motion to Dismiss ("Motion") the Appeals filed by Appellants Garrett Ziegler ("Ziegler") and ICU, LLC (dba Marco Polo) ("Marco Polo") (collectively "Appellants"), at Docket Numbers 25-2406, 25-2407, 25-2408, and 25-2412 (collectively the "Appeals")[1] on the grounds that this Court lacks jurisdiction over these appeals because they are either untimely or moot, pursuant to Federal Rule of Appellate Procedure 27. This Motion is made and based upon the following points and authorities, the declaration of Zachary C. Hansen, the appendix filed in connection herewith, the papers, pleadings, and other documents on this Court's docket, and any argument that this Court may entertain.

## INTRODUCTION

In this action, Respondent Robert Hunter Biden ("Biden") sued Appellants Garrett Ziegler ("Ziegler") and ICU, LLC (dba Marco Polo) ("Marco Polo") (collectively "Appellants") for illegally and improperly accessing, manipulating, tampering with, altering, copying and damaging computer data that they do not own and claim to have obtained from hacking into Biden's iPhone backup and from sourcing a copy of the alleged hard drive of what they claim to be Biden's "laptop" computer. On request from Biden

---

[1] Please note, Biden is filing this same Motion in each of the Appeals.

for voluntarily dismissal of the underlying action, on March 13, 2025, the District Court dismissed the underlying action with prejudice.

After the underlying District Court action was dismissed with prejudice, Appellants filed their Appeals, which seek identical relief on behalf of Ziegler and Marco Polo respectively under two different orders. In the Appeals bearing Docket Numbers 24-2407 and 24-2412, Appellants are appealing the September 9, 2024 Order from the District Court granting Biden attorney's fees following the District Court's finding that Appellants anti-SLAPP motion was frivolous (collectively "Attorney's Fees Appeals"). In the Appeals bearing Docket Numbers 25-2406 and 25-2408, Appellants are appealing the District Court's June 20, 2024 Order denying in full their Motion to Dismiss Biden's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3), (6) and California's anti-SLAPP statute, California Code of Civil Procedure § 425.16 (collectively "Motion to Dismiss Appeals"). (APP 0001 – APP 0004.)

However, the Attorney's Fees Appeals should be dismissed because they are untimely and the Court therefore lacks jurisdiction over those appeals. The September 9, 2024 Order awarding mandatory attorney's fees pursuant to California Code of Civil Procedure § 425.16 after finding Appellants' anti-SLAPP motion was frivolous, was a collateral order which was required to be appealed within 30 days of that Order. Appellants failed

to file a timely appeal that Order and therefore this Court lacks jurisdiction over those untimely appeals, which requires dismissal.

And, the Motion to Dismiss Appeals are moot because the underlying District Court action was dismissed with prejudice prior to Appellants' filing of the Notices of Appeal here.  (APP 0005 – APP 0008.)  Accordingly, Appellants are appealing an order denying their Motion to Dismiss in an action that has since been dismissed with prejudice, thereby effectuating the relief they would receive if they succeed on the Motion to Dismiss Appeals renders this appeal moot, which deprives this Court of jurisdiction over those appeals, requiring dismissal of the Motion to Dismiss Appeals.

For these reasons, there is no justiciable issue before this Court on any of the Appeals and dismissal of each of the Appeals is mandatory.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY OF THE CASE

On September 13, 2023, Biden filed a Complaint in the District Court for the Central District of California against Appellants ("Complaint"), alleging three causes of action: (1) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (2) violation of the California Computer Data Access and Fraud Act (Cal. Penal Code § 502); and (3) violation of Business & Professions Code §§ 17200, et seq.  (APP 0178 – APP 0191.)  On or about December 21, 2023, Appellants filed a Motion to Dismiss the Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3), (6), and California's anti-SLAPP statute pursuant to California Code of Civil Procedure § 426.16. (APP 0148 – APP 0177.) Biden opposed Appellants' Motion to Dismiss on the basis that the Motion was entirely without merit. (APP 0116 – APP 0147.) Following oral argument on May 16, 2024, on June 20, 2024 the District Court denied Appellants' Motion to Dismiss the Complaint in full. (APP 0098 – APP 0115.) On July 19, 2024, Appellants filed a Notice of Appeal of the District Court's June 20, 2024 Order denying their Motion to Dismiss. (APP 0065 – APP 0085.) On October 1, 2024, Appellants moved to voluntarily dismiss their July 19, 2024 appeal of the Motion to Dismiss order, and on October 17, 2024, this Court granted Appellants' unopposed Motion to Voluntarily Dismiss the appeal. (APP 0045.)

On July 5, 2024, Biden filed a Motion for Attorney's Fees Incurred in Opposition to Appellants' Anti-SLAPP Motion to Dismiss following the District Court's June 20, 2024, denial of that Motion, on the basis that Appellants' Anti-SLAPP argument was frivolous. (APP 0086 – APP 0097.) On August 1, 2024, Appellants filed their opposition to Biden's Motion for Attorney's Fees. (APP 0055 – APP 0064.) On September 9, 2024, the District Court granted Biden's Motion for Attorney's Fees and awarded Biden his full requested fee amount. (APP 0048 – APP 0054.) In doing so, the District

Court found Appellants' anti-SLAPP arguments in their Motion to Dismiss to be frivolous and, with respect to the federal claims, stated that "[t]he fact remains that [Appellants] patently sought to use the anti-SLAPP procedures to dismiss a federal claim, and there was absolutely no legal basis to do so" and, with respect to the state law claims, stated that "[n]one of these arguments have any merit." (*Id.*)  Appellants did not file any appeal of the District Court's September 9, 2024 Order granting Biden's Motion for Attorney's fees until April 14, 2025.  (APP 0001 – APP 0004.)  On October 25, 2024, Biden sent a letter to Appellants informing them that their statutory deadline to file an appeal of the District Court's September 9, 2024 Order granting Biden's motion for attorney's fees had passed and demanded payment of the fee award.  (*See* Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶2, Ex. A.)  Appellants paid the attorney's fee award in full by check dated November 21, 2024.  (Hansen Decl., at ¶3.)

On March 13, 2025, the District Court granted Biden's *ex parte* application to voluntarily dismiss the action, but ordered the dismissal to be with prejudice.  (APP 0005 – APP 0008.)

On April 14, 2025, Appellants filed four Notices of Appeal, two on behalf of Ziegler and two on behalf of Marco Polo to the District Court's June 20, 2024 Order denying Appellants' Motion to Dismiss and the District

Court's September 9, 2024 Order granting Biden's Motion for Attorney's Fees, respectively. (APP 0001 – APP 0004.)

## ARGUMENT

## I.   APPELLANTS' APPEALS OF THE SEPTEMBER 9, 2024 ATTORNEY'S FEES AWARD ARE UNTIMELY

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and is an absolute prerequisite to the initiation of an appeal. *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360 (2007); *see also Bordallo v. Reyes*, 763 F.2d 1098, 1101 (9th Cir. 1985) ("A timely notice of appeal is mandatory and jurisdictional."); *Melendres v. Maricopa County*, 815 F.3d 645, 649 (9th Cir. 2016) (timely notice of appeal is mandatory and jurisdictional and Court of Appeals is not at liberty to overlook a defect with the notice of appeal); *Sprout v. Farmers Inc. Exch.*, 681 F.2d 587, 588 (9th Cir. 1982) (appeal filed one day late dismissed by Court of Appeals). "Timeliness is evaluated for each appeal when the notice of appeal is filed." *Orr v. Plumb*, 844 F.3d 923, 931 (9th Cir. 2018). "By statute, for an appeal to be considered timely it must be filed 'within thirty days of the entry of … judgment, order or decree.'" *Melendres*, 815 F.3d at 649 (quoting 28 U.S.C. § 2107(a)); Fed. R. App. P. 4(a)(1)(A). Because the timeliness requirement is jurisdictional, an untimely civil appeal must be dismissed, either by motion of a party or on the court's own motion. *See Evans v. Synopsys, Inc.*, 34 F.4th

762, 777 (9th Cir. 2022) (holding untimely appeal deprived Court of Appeals
of jurisdiction); *see also United States ex rel Hoggett v. University of Phoenix*,
863 F.3d 1105, 1107 (9th Cir. 2017).

The "final judgment rule" provides that a party typically can only file
an appeal after a final judgment has been entered in the case.  *See Digital
Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S.Ct. 1992, 1996
(1994).  However, the "collateral order doctrine" provides an exception to the
final judgment rule that permits an interlocutory appeal of a "narrow class of
decisions that do not terminate the litigation, but are sufficiently important
and collateral to the merits that they should nonetheless be treated as final."
*Will v. Hallock*, 546 U.S. 345, 347, 126 S.Ct. 952, 956 (2006).  In such cases,
an appeal must be filed within 30 days of entry of such order.  *See SEC v. Cap.
Consultants LLC*, 453 F.3d 1166, 1173 (9th Cir. 2006) (per curiam) ("[T]he
time for appeal of an appealable collateral order begins to run on the date the
court enters the order.") The collateral order doctrine stems from the landmark
U.S. Supreme Court case *Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S.
541, 69 S.Ct. 1221 (1949).

Under *Cohen* and its progeny, whether an interim order falls within the
class of appealable collateral orders under this doctrine is determined by a
three-part test: (1) The order must conclusively determine a disputed question;
(2) the order must resolve an "important question" completely separate from

the merits of the action; and (3) the order must be effectively unreviewable from a final judgment in the case. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 130 S.Ct. 599, 605 (2009).

In applying *Cohen* and its progeny, the Ninth Circuit has found that "an order on attorney's fees is collateral to, and separately appealable from, the judgment." *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011); *see also Culinary & Serv. Emps. Union, AFL-CIO Local 555 v. Haw. Emp. Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996) (holding an attorney's fees award is not appealable until the amount of the award is set.) By way of example, in *S.L. ex rel. Loof v. Upland Unified School Dist.*, 747 F.3d 1155 (9th Cir. 2014), the Ninth Circuit dismissed an appeal from an order of attorney's fees, finding it to be untimely because it was filed thirty-six (36) days after the Court entered the Order on the attorney's fees motion. More specifically, the Ninth Circuit treats orders on anti-SLAPP attorney fee motions as separately appealable orders. *See, e.g., Mireskandari v. Associated Newspapers, Ltd.*, 665 Fed. Appx. 570, 571 (9th Cir. 2016); *Manufactured Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011).

Here, the order Appellants' are appealing from was entered by the Court on September 9, 2024 and granted Biden's motion for attorney's fees, awarding a set amount of $17,929.40. (APP 0048 – APP 0054.) Accordingly,

as to the first factor of the *Cohen* test, it is undeniable that the disputed question – whether Biden was entitled to an attorney's fees award stemming from Appellants' frivolous anti-SLAPP motion to dismiss – was conclusively determined by the District Court in its September 9, 2024 Order. (*Id*.) In fact, as further evidence of the conclusive nature of this Order and Appellants' recognition thereof, Appellants paid the attorney's fee award in full on November 21, 2024 upon demand and after being informed by Biden's counsel that the time to appeal the District Court's September 9, 2024 Order had lapsed without objection. (Hansen Decl., at ¶¶2-3, Ex. A.)

The second factor of the *Cohen* test, requiring the order to resolve an important question completely separate from the merits of the action, has two distinct requirements: it must be "important" and it must be "completely separate" from the merits of the case. *See SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1171, fn. 6 (9th Cir. 2006). In the present matter, under this prong, determining whether mandatory attorney's fees were permitted for Appellants' filing of a frivolous anti-SLAPP motion is undoubtedly an important issue, especially because such an award essentially acts as a sanction for frivolous litigation tactics, and also because, other than a final judgment, an award of fees is the only manner by which a party may get a monetary award during a pending litigation. *See* Cal. Civ. Proc. § 425.16(c)(1) (imposition of attorney's fees are mandatory "[i]f the court finds

that a special motion to strike is frivolous or solely intended to cause
unnecessary delay.").

Moreover, it is clear from the District Court's analysis of the anti-
SLAPP statute that this issue is also completely separate from the merits of
the case. Here, the District Court found that Appellants' anti-SLAPP
challenge to Biden's federal claims was "'totally and completely without
merit'[Citation omitted].'"" (APP 0050, lines 26-27.) The District Court
explained that "[b]lack letter law is crystal clear that an anti-SLAPP motion
cannot be used against a federal cause of action" and that Appellants "patently
sought to use the anti-SLAPP procedures to dismiss a federal claim, and there
was absolutely no legal basis to do so." (APP 0050, line 27 – APP 0051, line
8, fn. 1.) With respect to the state law claims, the Court noted that the alleged
activity Appellants' anti-SLAPP motion was targeted at (e.g. computer
hacking) was not a protected activity subject to an anti-SLAPP motion and
that "[n]one of [Appellants'] arguments have any merit." (APP 0051, line 16
– APP 0053, line 3.) Therefore, as the District Court noted, Appellants' anti-
SLAPP arguments have absolutely zero applicability to the substantive merit
of Biden's claims.

The third and final prong of the *Cohen* test looks at whether, absent an
immediate appeal, the order essentially would be unreviewable by appeal
from the final judgment. *See Mohawk Indus., Inc.*, supra, 558 U.S. at 107.

"The crucial question … is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing an appeal of the entire class of relevant orders." *Id*. at 109.   On this point, the court in *Cohen* explained that 28 U.S.C. § 1292 does not "permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when the final judgment results." *Cohen*, *supra*, 337 U.S. at 546.   In applying this standard in *Cohen*, the court found the order to be immediately appealable because "the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits in this case." *Id*.

Here, an award of attorney's fees following the filing of a frivolous anti-SLAPP motion are entirely separate from the merits of the underlying case and will not be affected in any way by a decision on the merits of the case. Such an order is not a "step[] towards final judgment" and instead entirely ancillary thereto, such that they would be unreviewable on appeal from a final judgment in a case that does not involve any anti-SLAPP issues.   Moreover, Biden was permitted to, and did, collect from Appellants the full award, thereby also evidencing the unreviewable nature of this issue on appeal following final judgment.   If this were not the case, the Appellants would have

simply waited to make the payment until final judgment on the merits of the case – Appellants did not do that.

Importantly, the Ninth Circuit has found that denials of anti-SLAPP motions themselves satisfy all three of the *Cohen* prongs to qualify as collateral orders subject to immediate appealability. *See Batzel v. Smith*, 333 F.3d 1018, 1024-25 (9th Cir. 2003) ("We conclude that we have jurisdiction to review the denial of an anti-SLAPP motion pursuant to the collateral order doctrine") (superseded in part by statute on other grounds as recognized in *Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766-67 (9th Cir. 2017).)  For these reasons, it would be illogical to find that an attorney's fee award stemming from an order that was collateral to the merits of the underlying motion, would not itself be an order that was collateral to the merits of the underlying action.  Additionally, to the extent Appellants are also appealing the denial of their Anti-SLAPP argument itself, that issue is also untimely for these reasons.  It is well-settled under the above *Cohen* analysis that in the Ninth Circuit anti-SLAPP orders themselves are immediately appealable as collateral orders.  *See Batzel*, 333 F.3d at 1024-25.  This would mean Appellants had 30 days from June 20, 2024 (i.e., July 21, 2024), to file a timely appeal of that issue.  While Appellants did file an appeal on July 19, 2024 (APP 0065 – APP 0085), they then moved to voluntarily dismiss that appeal, and on October 17, 2024, this Court granted Appellants' unopposed

Motion to Voluntarily Dismiss the appeal.  (APP 0045.)  Consequently, Appellants' notice of appeal filed on April 14, 2025 regarding the portion of the order on Appellants' anti-SLAPP argument is untimely as well.

Accordingly, the District Court's September 9, 2024 Order granting Biden attorney's fees following Appellants' filing of a frivolous anti-SLAPP motion was a collateral order for which the time to appeal expired on October 9, 2024 (i.e., 30 days after the Order) and Appellants' notices of appeal filed on April 14, 2025, were untimely, thereby depriving this Court of jurisdiction to hear those appeals.

## II.    APPELLANTS' APPEALS OF THE JUNE 20, 2024 ORDER DENYING THE MOTION TO DISMISS ARE MOOT

Federal appellate courts lack jurisdiction to give opinions on moot questions.  *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971); *see also Tate v. University Med. Ctr. Of Southern Nevada*, 606 F.3d 631, 634 (9th Cir. 2010); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).   "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted."  *Vill. Of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993); *see also Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

Here, Appellants are appealing the District Court's June 20, 2024 Order denying their Motion to Dismiss the underlying action. As such, Appellants are seeking for this Court to rule on a motion for which, by its nature, the requested form of relief is a dismissal of the District Court action. However, just over a month before Appellants filed their Notices of Appeal in this regard, the District Court granted Biden's voluntary request to dismiss the underlying action and dismissed the underlying action with prejudice. So, the relief Appellants initially sought by their Motion to Dismiss has been effectively granted by the District Court's dismissal of the underlying action with prejudice. (APP 0005 – APP 0008; APP 0148 – APP 0177.)

A closer look at the issues Appellants' Motion to Dismiss raised, and the issues therein that Appellants have designated on appeal, only reinforces the mootness of the Appeals. In a April 22, 2025 Letter, Appellants' informed Biden that they planned were designating the following matters in their respective Appeals:

"1. **Subject Matter Jurisdiction** – Whether the district court had subject matter jurisdiction over the claims asserted in the Complaint under 28 U.S.C. § 1331 or § 1332, given the apparent lack of standing under the Computer Fraud and Abuse Act (CFAA) and the insufficient pleading of diversity jurisdiction.

2. **Personal Jurisdiction** – Whether the exercise of personal

jurisdiction over the Defendants was proper.

3.      **Anti-SLAPP and Fee Award**[2] – Whether the district
court erred in granting Plaintiff-Appellee's motion for attorney's
fees under California's anti-SLAPP statute, in light of
jurisdictional defects and the lack of merit in the underlying
claims."

(Hansen Decl., at ¶4, Ex. B.)  Whether the District Court had Subject Matter
Jurisdiction or Personal Jurisdiction are threshold inquiries that contemplate
a pending action and whether the specific District Court has jurisdiction over
that pending action.  It is nonsensical to appeal the District Court's Order on
jurisdictional issues, the goal of which is to dismiss the case, in a matter that
has already been dismissed.  The result Appellants are seeking has already
come to fruition and these issues are without any doubt moot.

Accordingly, by way of their current appeal, Appellants are seeking to
appeal an order, the result of which, if granted, would be the dismissal of the
District Court case, which has already been dismissed with prejudice.  That is
the definition of an issue that is "no longer live" and thus mooted for purposes
of appeal.  There is simply no way around this inescapable fact for Appellants,
who should be overjoyed that the District Court case was dismissed with

---

[2] The anti-SLAPP motion and corresponding fee award are discussed
previously herein at, supra, Section I.

prejudice but who inexplicably insist on continuing to pursue this mooted appeal.

## CONCLUSION

For the reasons stated above, this Court should dismiss each of Appellants Notices of Appeal for lack of jurisdiction upon finding that (1) the appeals of the September 9, 2024 Order granting attorney's fee are untimely, and (2) the appeals of the June 20, 2024 Order denying Appellants' Motion to Dismiss is moot.


DATED:  April 28, 2025          EARLY SULLIVAN WRIGHT
                                GIZER & McRAE LLP



                        By:  _____
                                Bryan M. Sullivan
                                Zachary C. Hansen
                                Attorneys for Plaintiff and  Resondent
                                ROBERT HUNTER BIDEN

Docket Nos. 25-2406; 25-2407; 25-2408; 25-2412

In the

# UNITED STATES COURT OF APPEALS

For the

# NINTH CIRCUIT

---

GARRETT ZIEGLER; ICU, LLC (DBA MARCO POLO),
*Appellants and Defendants,*

*v.*

ROBERT HUNTER BIDEN,
*Respondent and Plaintiff.*

---

APPEAL FROM ORDER OF THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 2:23-CV-07593-HDV-KS
HON. HERNAN D. VERA, UNITED STATES DISTRICT JUDGE

---

**DECLARATION OF ZACHARY C. HANSEN IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS APPEALS**

---

Bryan M. Sullivan, California State Bar No. 209743
*bsullivan@earlysullivan.com*
Zachary C. Hansen, California State Bar No. 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
6420 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: (323) 301-4660
FACSIMILE:  (323) 301-4676

*Attorneys for Respondent and Plaintiff*
ROBERT HUNTER BIDEN

## DECLARATION OF ZACHARY C. HANSEN, ESQ.

I, Zachary C. Hansen, declare and state as follows:

1.      I am an Attorney within the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Respondent and Plaintiff Robert Hunter Biden ("Biden") herein.   I submit this declaration in support of Biden's Motion to Dismiss the Appeals filed by Appellants Garrett Ziegler ("Ziegler") and ICU, LLC (dba Marco Polo) ("Marco Polo") (collectively "Appellants"), at Docket Numbers 25-2406, 25-2407, 25-2408, and 25-2412 (collectively the "Appeals"). If called as a witness, I would and could testify to the matters contained herein.

2.      Attached hereto as **Exhibit "A"** is a true and correct copy of a October 25, 2024, letter that my co-counsel, Gregory Ellis, Esq., sent to Appellants' counsel.

3.      Appellants paid the attorney's fee award set forth in the September 9, 2024 District Court Order in full by check dated November 21, 2024.

4.      Attached hereto as **Exhibit "B"** is a true and correct copy of an April 22, 2025, letter that Appellants' counsel sent to me designating the matters at issue in the Appeals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 28th day of April 2025, at Summit, New Jersey.


_____
ZACHARY C. HANSEN

# EXHIBIT A



NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

333 S. Grand Ave.
Los Angeles, CA 90071-1543
+1 213-615-1700
+1 213-615-1750

**GREGORY ELLIS**
Of Counsel
+1 213-615-1990
GAEllis@winston.com

October 25, 2024

**VIA EMAIL**

Robert H. Tyler
Nathan R. Klein
Bradley Greenman
**TYLER LAW, LLP**
25026 Las Brisas Road
Murrieta, California 92562
Emails:  rtyler@tylerlawllp.com
             nklein@tylerlawllp.com
             bgreenman@tylerlawllp.com

      **Re:**   *Robert Hunter Biden v. Garrett Ziegler, et al.*
           USDC/California Central Case No. 2:23-cv-07593-HVD-KS

Dear Counsel:

    Following up on our discussion with Messrs. Klein and Greenman during Tuesday's Rule 26(f) conference, I write to demand that Defendants immediately pay the $17,929.40 in attorney's fees and costs awarded in Judge Vera's September 9, 2024 Order in the above-referenced case.

    Both federal courts and the state courts of Illinois (where Defendant Ziegler resides) have long held that attorney fee orders are treated as enforceable judgments.  *See, e.g., Manufactured Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011) (consolidating separate appeals from anti-SLAPP merits ruling and anti-SLAPP attorney fee award); *RMA Ventures California v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) ("a decision on the merits and a decision on attorneys' fees are considered separate, final decisions of the district court, subject to appeal under 28 U.S.C. § 1291."); *Moore & Howell v. Steinbock*, 67 Ill. App. 3d 336, 338-339  (Ill. App. 1978).

    The deadline for Defendants to appeal the September 9, 2024 Order was October 9, 2024, pursuant to Fed. R. App. Proc. 4(a)(1)(A).  Defendants did not appeal the September 9, 2024 Order, which is now fully enforceable.



October 25, 2024
Page 2

We expect Defendants to make full payment of the $17,929.40 within seven days.  If we do not receive timely payment, we will proceed with enforcement efforts against all assets of all Defendants.

Our wire instructions are as follows:



We look forward to prompt payment and reserve all rights and remedies.

Sincerely,

Gregory Ellis

cc (via email): Abbe Lowell
Paul Salvaty
David Kolansky
Bryan Sullivan

# EXHIBIT B

## JENNIFER L. HOLLIDAY, ESQ.
7190 West Sunset Boulevard #1430
Los Angeles, CA 90046
(805) 622-0225  JLHolliday@proton.me

April 22, 2025

Zachary Hansen
    ZHansen@earlysullivan.com
Bryan Sullivan
    Bsullivan@earlysullivan.com
Abbe Lowell
    Abbelowellpublicoutreach@winstonstrawn.com

Via electronic mail only

    RE: Biden v. Ziegler, et al., Case No. 2:23-cv-07593-HDV (KSx); Case Nos. 25-2406,
25-2407, 25-2408, 25-2412, Transcript Designation

Counsel:

Pursuant to Federal Rule of Appellate Procedure 10(b) and Ninth Circuit Rule 10-3.1, please be
advised that Defendants-Appellants Garrett Ziegler and ICU, LLC will be designating transcripts
only for (1) the proceedings recorded in ECF No. 63 and (2) recorded on August 22, 2024, ECF
107 (related to ECF 65). If you intend to designate additional transcripts, please notify us
promptly so we may coordinate as required by the rules. Please let me know if you have any
questions.  In the meantime, in compliance with the Local Rule, we are designating the following
issues on appeal, subject to further review of the record:

1. **Subject Matter Jurisdiction** – Whether the district court had subject matter jurisdiction
   over the claims asserted in the Complaint under 28 U.S.C. § 1331 or § 1332, given the
   apparent lack of standing under the Computer Fraud and Abuse Act (CFAA) and the
   insufficient pleading of diversity jurisdiction.
2. **Personal Jurisdiction** – Whether the exercise of personal jurisdiction over the
   Defendants was proper.
3. **Anti-SLAPP and Fee Award** – Whether the district court erred in granting Plaintiff-
   Appellee's motion for attorney's fees under California's anti-SLAPP statute, in light of
   jurisdictional defects and the lack of merit in the underlying claims.

    Sincerely,

    /s/

    Jennifer L. Holliday
    Attorney for Defendants
    Garrett Ziegler and ICU, LLC