UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-07593-HDV-KSx | Date | May 19, 2025 |
| Title | *Robert Hunter Biden v. Garrett Ziegler, et al.* | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **IN CHAMBERS—ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES [92]**

Before the Court is Defendants Garrett Ziegler and ICU, LLC's motion for attorney's fees ("Motion") [Dkt. No. 92]. Defendants assert an entitlement to attorney's fees on the grounds that they are prevailing parties under the California Computer Data Access and Fraud Act. Motion at 12–13. For the reasons discussed below, the Motion is ***denied***.

Federal courts sitting in diversity apply the law of the forum state regarding attorney's fees.[1] *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 65 F.4th 1145, 1148–1149 (9th Cir. 2023). In California, attorney's fees are only recoverable as costs if granted by statute or agreement. *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d. 124, 127 (1979). The California Comprehensive Computer Access Data and Fraud Act Section ("CCADFA") provides that "[i]n

---

[1] Defendants cite Federal Rule 54 as an independent ground for attorney fees. Motion at 12. While Rule 54 provides a procedural avenue, it does not grant a substantive right; there must be an independent "judgement and…statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii); *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280–1281 (9th Cir. 1999) ("Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees…[t]he requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award.").

any action pursuant to this subdivision the court may award attorney's fees."  Cal. Penal Code § 502(e)(2).  As construed by California courts, CCADFA allows a trial court to grant attorney's fees only where "the court finds that the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so."  *Hay v. Marinkovich*, 108 Cal. App. 5th 707, 726–727 (2025).  A claim has sufficient foundation when it appears that the claim "had some basis in fact."  *Id.* at 729.

Defendants "focus the fee request on the basis that Plaintiff continued to litigate after it became clear that the case was objectively without foundation."  Defendants' Memorandum in Reply ("Reply") at 10 [Dkt. No. 105].  Defendants contend that "by February 21, 2025—at the latest…this case was entirely without foundation."  Reply at 5.  In support, Defendants point to Plaintiff's failure to admit that data allegedly stolen and posted on Marco Polo in fact belonged to Plaintiff, and Plaintiff's failure to "conduct a reasonable investigation," which according to Defendants would include a "subpoena [of] records of network access or IP logs or records from Apple, produc[tion] of affidavits of systems disruptions, produc[ing] evidence of data corruption, or even depos[ing] Mr. Ziegler—or anyone else, for that matter" evinces an awareness that the suit lacks merit.  Reply at 5.  Defendants also maintain, in the alternative, that the case lacked foundation from its inception.  Reply at 6.

The Court finds that there is no support for the assertion that Plaintiff continued to litigate claims that were "objectively without foundation."  As Defendants acknowledge in their Reply, the elements of a CCADFA claim include: "(1) unauthorized access (e.g., using someone else's credentials, or accessing a restricted system or data; (2) circumvention of security barriers (e.g., password protection, firewall bypass, IP spoofing); (3) intentional access with knowledge of the unauthorized nature; (4) Resulting damage or loss (as defined under § 1030(e)(11)) of $5,000 or more."  Reply at 8 (citing *Van Buren v. United States*, 593 U.S. 374 (2021)).[2]  Defendants' own admissions provide support for several of the elements.  *See* Plaintiff's Opposition to Defendants' Motion ("Opposition") at 12 [Dkt. No. 94] (citing an interview where Defendants claimed "And we actually got into [Plaintiff's] Iphone backup, we were the first group to do it in June of 2022, we cracked the encrypted code that was stored on his laptop. And more drug deals were in there, which set out, set our release date back."); Declaration of Zachary C. Hansen ("Hansen Decl."), Ex. A (social media post from "Marco Polo" stating "All of the messages & texts from Hunter Biden's iPhone backup located on his laptop…"), Ex. C (social media post from "Marco Polo" stating "Everything we have published has been authentic. Spin doctors like @emptywheel cannot dispute the videos/photos/emails/passports/etc., so they resort to personal attacks. Our dossier is the deepest digital colonoscopy ever performed on a U.S. first family….").[3]

---

[2] Defendants seem to conflate the state cause of action under CCADFA, Cal. Penal Code § 502, and the federal cause of action under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  *Compare* Reply at 8 (discussing CDAA) *with* Reply at 9–10 (confirming that the basis for attorney's fees is the CCADFA).  Whether the conflation is strategic or an oversight, the result is the same.

[3] Defendants do not dispute the proffered evidence on the merits, but instead complain that these statements are "hearsay on television and social media."  Reply at 8.  Not so.  On this limited

Defendants' other arguments are similarly unpersuasive.  Defendants simultaneously complain about a lack of litigation activity between February and the request for voluntary dismissal in early March, while on the other hand suggesting that Plaintiff should have continued to litigate harder.  Reply at 5.  Defendants also imply that Plaintiff's voluntary dismissal was sought in part because Plaintiff realized the claims lacked support.  Reply at 9.  But Plaintiff sought (and the Court granted) voluntary dismissal on extraneous factors unrelated to the merits.  *See generally* Order Dismissing Action with Prejudice [Dkt. No. 91].  More importantly, although the Court disavowed any opinion on the merits in granting the dismissal, *id*. at 4, the Court cannot find here that the Complaint was "objectively without foundation."  To the contrary, the Court considered these arguments at the motion to dismiss stage and rejected them.  Order Denying Defendants' Motion to Dismiss at 15–17 [Dkt. No. 50].

In summary, there is no basis to find that Plaintiff's claim lacked objective foundation.  The Motion is denied.[4]

**IT IS SO ORDERED.**

---

record, the statements appear to be party admissions.  Moreover, the "Marco Polo" account alleging access to the backup is the same account keeping the public apprised of developments in this case.  Hansen Decl., Ex. P.  Even if the only evidence to be considered on an inquiry of frivolousness is evidence admissible at trial, these social media statements arguably come in as statements against interest.  *See* Fed. R. Evid. 804(b).

[4] In their conclusion, Defendants allude to "the Court's inherent authority" as a basis for attorney's fees.  Motion at 13 ("For the foregoing reasons, Defendants respectfully request that the Court grant this Motion…pursuant to California Penal Code § 502(e)(2), FRCP 54(d), and ***the Court's inherent authority***.") (emphasis added).  That inherent power is narrow, and inapplicable here.  *Marx v. General Revenue Corp.*, 568 U.S. 371, 382 (2013) ("Notwithstanding the American Rule, however, we have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when…a [party's]…litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).